okif

James Arnold: Mattatall
1880 West Carson Street, #F-349
Torrance, California
(310) 530-6306

FILED

2009 AUG 11  PM 3:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff <br><br> v. <br><br> JAMES A. MATTATALL <br><br> Defendant | **© 2009** <br><br> C.A. No. CV03-07016 DDP (PJWx) <br><br> **Done by Affidavit** <br><br> **Verified** <br><br> Hearing Date: <br> MON, Aug 31, 2009, 10:00 a.m. <br> Courtroom: 3, Second Floor <br> Judge D. Pregerson |

**MOTION TO DISMISS BASED ON FRAUD BY THE GOVERNMENT**

MONDAY, Aug 3, 2009 @ 10:00 AM

AFFIDAVIT OF James Arnold: Mattatall

To the Honorable Court,

Petitioner/Defendant, James A. Mattatall, acting pro per, moves this Honorable Court to dismiss these proceedings based on **fraud by the government**. The proceedings are classified as civil, yet the government is trying to convert them into **criminal** proceedings, which is a violation of the 1st, 5th, and 6th Amendments to the Constitution of the United States. The government is very clever, basically taking the law and using it when it wants, then ignoring it when it wants. The court has no mandate from Congress to be part of this fraud by the

1  government and, therefore, Petitioner/ Defendant moves the court to **dismiss these reopened**

2  **proceedings with prejudice.**

3  Based on this motion, Petitioner moves the court to make the following findings:

4      **A.** Declare that the actions of the government constitute fraud by definition;

5      **B.** Declare that the actions of the government, in attempting to engage the court into its

6          fraudulent actions, is illegal;

7      **C.** Declare that this case is listed as a civil case on the record, not a criminal case;

8

9      **D.** Declare that these proceedings, which have been reopened by the government, are void ab

10          initio;

11      **E.** Issue a ruling within 10 days or, in the alternative, provide a hearing on the motion

12          presented;

13      **F.** Where appropriate, issue sanctions against the government attorneys in this case.

14

15  **HISTORY**

16      Defendant was charged in a civil suit on or about 9-30-2003 with violations of 26:7402

17  IRS: Petition to Enforce IRS Summons.

18      Plaintiff reopened this civil case, on or about 3-26-2009 by filing NOTICE OF MOTION

19  AND MOTION for Order for Arrest and Setting Trial Date for Mattatall's Criminal Contempt of

20  Court filed by Plaintiff United States of America.

21      Defendant moved for discovery under Civil Rules, by request for admissions (RFA) on

22  April 10, 2009.  See **Appendix A,** an original copy of the RFA to the government.

23      The government responded that they did not have to produce discovery because this was

24  actually a criminal action. See **Appendix B**, a notarized and certified copy of the original letter

25  signed by the government attorney.

26  **JUDICIAL NOTICE**

27      Petitioner/Defendant hereby moves the court to judicially notice the letter onto the record,

28  as required by F.R.E. 201.

Further, Petitioner/Defendant moves the court to judicially notice that:

1. The government waived to argue the RFA according to Civil Rules and

2. These facts are now admitted facts according to the government's waiver.

## PETITIONER'S ARGUMENT

Based on the government's assertions in its letter, as well as the government's presentations to the court, Petitioner/Defendant has been preparing for the September 15th, 2009 **criminal contempt trial**, as identified by government's attorney. **Appendix B.** In fact, the government has instructed the court, on the record, that this is a **criminal contempt case**. However, it is now evident from the subpoena forms obtained, and the letter from the stand-by counsel (**Appendix C, D and E**), that the proceedings are completely fraudulent, and that the government is now attempting to mislead the court and Defendant in order to do what it wants.

Defendant has requested subpoena forms through his stand-by counsel, and has received **civil forms, not criminal** forms. **Appendix C.** Defendant then communicated the discrepancy to the stand-by counsel who later provided a **criminal** subpoena form on 08/03/2009 **Appendix D.** However, on 08/05/2009 the stand-by counsel wrote to Defendant stating that he spoke with the court's clerk who verified that these proceedings **are in fact civil**. **Appendix E.**

Thus the court **has knowledge** that this is nothing more than a **disguised criminal proceeding under civil law** and a violation of Defendant's rights, as protected by the 1st, 5th, and 6th amendments to the Constitution.

## AUTHORITIES IN SUPPORT OF ARGUMENT

All emphasis was added to the authorities presented below.

A party is entitled to relief from the judgment if the (1) adverse party engaged in **fraud, misrepresentation**, or other misconduct and (3) the judgment was unfairly obtained. In this case, any judgment would be unfairly obtained. See, e.g., F.R.Civ.P. 60(b)(3); *Schreiber Foods Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205-06 (Fed.Cir. 2005); see *Gov't Fin. Services One L.P. v. Peyton Place, Inc.*, 62 F. 3d 767, 772 (5th Cir. 1995). The adverse Party's fraud, misrepresentation, or other misconduct must be established by a preponderance of the evidence,

1   *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 537 (7th Cir. 2003).[1]  In this case, the court's fraud,

2   misrepresentations, and misconduct, has prevented Petitioner from fully and fairly presenting his

3   case on the merits. *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 536 (7th Cir. 2003).  Specifically,

4   Petitioner was unable to develop his case because of the <u>government's fraud</u>.  <u>Prima facie</u>

5   <u>evidence</u> now exists based on the <u>actions to date</u> <u>that the government is misleading the court and</u>

6   <u>attempting to falsify evidence on the record, in violation of the 1st, 5th, and 6th amendments to the</u>

7   <u>Constitution.</u>

8        A judgment may not be rendered in violation of Constitutional limits and guarantees.  See

9   *Hanson v. Deckla*, 357 U.S. 235, 256, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).  A fundamental

10   requirement of **Due Process** is the opportunity to be heard at a meaningful **time** and in a

11   meaningful **manner**.  *Const. Amend. V; Mathews v. Eldridge*, 424 US 319, 333, 96 S.Ct. 893, 47

12   L.Ed.2d 18 (1976); *Armstrong v. Manzo*, 380 US 545, 552, 85 S.Ct. 1187, 14 L.Ed. 2d 62

13   (1965); *Hammond Packing Co. v. State of Arkansas*, 212 US 322, 29 S.Ct. 370, 3 L.Ed. 530

14   (1909).  Due Process forbids even the **appearance of vindictivenes**s.  *Bordenkircher v. Hayes*,

15   434 US 357, 362, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).  **Due Process also includes** the right to

16   introduce evidence **and have judicial findings made on that evidence**.  *Jenning v. Maloney,*

17   404 US 25, 92 S.Ct. 180, 30 L.Ed.2d 146 (1971); *Jenkins v. McKeithen*, 395 U.S 411, 89 S.Ct.

18   1843, 23 L.Ed. 2d 404 (1969), rehearing denied, 396 US 869 (1969).  **Without jurisdiction**, any

19   judgment is without **DUE PROCESS** and ineffectual and all proceedings are ***VOID*** and of no

20   value.  *16b Am Jur 2d, Constitutional Law, §966.*

21        The right of access to the courts is a corollary to the right to petition for habeas corpus

22   and may not be abridged. See *Johnson v. Avery,* 393 US 483, 485-487, 89 S.Ct. 747, 21 L.Ed.2d

23   718 (1968); *Mathews v. Eldridge*, 424 US 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).  *Bounds*

24   *v. Smith*, 430 US  817, 821-822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)("the state and its officers

25   may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas

26   corpus").  **A departure from established modes of procedure can render the judgment void**

27   **where the procedural defects are of sufficient magnitude to constitute a violation of Due**

28   ────────────

[1]The requirement for establishing fraud by clear and convincing evidence is established in Gov't *Fin. Servs. One L.P. v. Peyton Place, Inc.* 62 F.3d 767, 772 (5th Cir. 1995).  Petitioner meets either criterion.

1  **Process or so unfair to deprive the proceedings of vitality or the irregularities are serious**

2  **enough to be deemed jurisdictional.** *Windsor v. McVeigh*, 93 U.S. 274, 282, 23 L.Ed. 914

3  (1876); *Eagles v. United States*, 329 U.S. 304, 314, 91 L.Ed. 308 (1946).

4      The Constitution's central mechanism of separation of powers depends largely upon a

5  common understanding of what activities are appropriate to legislatures, to executives, and to

6  courts,[2] and this **separation of powers doctrine** requires the courts to leave intact the respective

7  roles and regions of independence of the coordinate branches of government.  It is, for example,

8  up to the legislatures, not the courts, to decide on the wisdom and utility of legislation;[3] and

9  federal courts, rather than administrative agencies, have the responsibility to resolve issues of

10  statutory construction.[4]

11      The **separation of powers doctrine** forbids one branch of government from exercising

12  powers properly belonging to another branch.  And since the constitutional distribution of the

13  powers of government was made on the ***assumption by the people that the several departments***

14  ***would be equally careful*** to use the powers granted for the public good alone, the doctrine is

15  generally accepted that none of the several departments is subordinate, but that all are coordinate,

16  independent,[5] and coequal;[6] and that ***if the government is to function constitutionally***, it is

17  necessary for each of the repositories of constitutional power to keep within its power,[7] and

18  wherever possible to defer to each branch's own interpretation of its constitutional duties and

19  responsibilities.[8] What this means is that the court is to act as a separate and independent branch

20  of the government under the separation of powers doctrine, and if the government misleads the

21  court, as in this case, the court can declare the action dismissed with prejudice, and if it desires,

22  sanction the government for their actions.

23

24  [2] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).
    [3] *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 101 S. Ct. 715, 66 L. Ed. 2d 659,  (1981).
    [4] *Downey v. Crabtree*, 100 F.3d 662 (9th Cir. 1996)

25  [5] *U.S. v. Robertson*, 45 F.3d 1423 (10th Cir. 1995) (separation of powers mandates that the judiciary remain independent of executive affairs and vice versa).

26  [6] *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 55 S. Ct. 869, 79 L. Ed. 1611 (1935)
    [7] *Rescue Army v. Municipal Court of City of Los Angeles*, 331 U.S. 549, 67 S. Ct. 1409, 91 L. Ed. 1666 (1947).

27  [8] *U. S. v. Nixon*, 418 U.S. 683, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974) (in the performance of their assigned constitutional duties, each branch of government must initially interpret the Constitution, and the interpretation

28  of its powers by any branch is due great respect from the others).

1    The Law is a fact and the court is presumed to know the law or where to find it. *United*

2  *States v. Rivero*, 532 F.2d 450 (5th Cir. 1976).  In this case, the court repeatedly violated Due

3  Process by trying to turn a civil proceeding into a criminal contempt proceeding, as requested by

4  and influenced by the IRS.  Every time Petitioner attempted to exercise his rights, such as his

5  rights according to the disguised criminal proceedings, he was blocked by the court.  Many

6  motions/requests were never granted, and no findings of fact and law were provided to the

7  Petitioner.  Therefore, it is now presumed that the court knew at the time it was prosecuting this

8  case that the court was acting as nothing more than a second prosecutor, not an independent

9  arbitrator of the truth.  The court knew it was required to address its jurisdiction on its own

10  motion.  Therefore, the court, with presumed knowledge, is now prosecuting Petitioner even

11  though it knows the process is a fraud.  Thus the court acted in violation of the Separation of

12  Powers Doctrine, even though they knew that the proceedings were a fraud.  The conflict of

13  interest and violations of the Separation of Powers Doctrine constitutes judicial fraud.[9]  Any

14  analysis as to the court's violation of Petitioner's rights can not stand scrutiny.  The violation of

15  the Separation of Powers Doctrine is also a violation of Due Process, rendering charges in this

16  case void due to the government's fraud.  The evidence of fraud requires a hearing on this matter

17  and an order dismissing the charges.

18    As Supreme Court Justice John Roberts stated in his acceptance speech, the Court is to be

19  independent and *can not have a client*.  This court does have a client, the IRS, and the judge in

20  this case practiced law from the bench in order to support its client.  See 28 USC sections 454,

21  455.  The court first failed to take the averred pleadings as true, pending the required hearings on

22  the matter.  The court failed to issue findings of fact and law on all pleadings.  The court violated

---

[9] "Errors of omission or misstatement in the record conceivably may be of three kinds: (1) those which are accidental merely; (2) those due to honest difference of opinion or memory between the appellant and the trial justice; and (3) those due to deliberate and intentional fraud by the trial justice. …For judicial fraud, that is, deliberate and intentional falsification by the trial justice of the record on appeal, the remedy is by hearing, separately from the merits, on the charge of falsification. *Moder v. United States*, supra.  Intentional and deliberate falsification includes deliberate refusal to certify a true record as well as actual certification of a false one. Ibid. Such separate hearing will be granted on application of the appellant or by the court on its own motion when a charge so serious is made in the briefs. Ibid." *Clawans v. White*, 112 F.2d 189, D.C.Cir. 1940)(citing *Moder v. United States*, 62 F.2d 462, cert. denied. 1933, 288 US 599 (DC Cir. 1037).

its oath of office, its code of Judicial Conduct and Petitioner's Due process rights, thereby

rendering the proceedings a nullity based on the Fifth Amendment, supra.

The court also committed malfeasance of office.[10]

The fraud in this case is found in the docket sheet and orders of the court.

The fraud consists of the following:

The court failed to read all the pleadings and to make findings of fact and law as required

by F.R. Civ.P. 52(a) and 54(b) and in fact, a prima facie case exists that the court *did not even*

*read some of the pleadings.*

The court is supposed to be an arbitrator of the truth, not a place in which

falsification is allowed, even by the government. The failure to read the pleadings is equivalent

to the fraud that occurred in the Fifth Circuit recently in the Gretna, Louisiana state appeals court,

a denial of Due Process and Access to the Court, violations of 18 USC sections 241 and 242 and

the First and Fifth Amendments to the Constitution.

Due to the court's participation into the government's fraud, Petitioner should be granted

relief.

When jurisdiction is challenged, all proceedings must stop and the other party must prove

it on the record. *Rhode Island v. Massachusetts*, 37 U.S. 657 (1838). The Supreme Court has

repeatedly said that jurisdiction is a threshold issue. The actions of the court, assisting the

government in illegally converting civil proceedings to criminal, violated Due Process and

constituted a court fraud.

Any retaliation against Petitioner is defined by the Supreme Court in *Bordenkircher v.*

*Hayes.* 434 US 357 (1978).

The court in this case practiced law from the bench. 28 USC sections 454, 455. Instead

of letting the parties to the proceedings resolve the issues according to civil law, the court acted

as a subsidiary of the DOJ, acting on their behalf.

The actions of the government in this case are a direct violation of the 1st, 5th, and 6th

---

[10] Malfeasance is intentionally doing something either legally or morally wrong which one had no right to do. It always involves dishonesty, illegality, or knowingly exceeding authority for improper reasons.

1  amendments to the Constitution as well as the oaths of office taken by the government attorneys.

2  The actions of the judge in this case were a direct violation of the requirements for the oath of

3  office and/or a direct violation of his oath of office and 28 USC sections 454, 455.

4

5                                        **PRAYER**

6  **WHEREFORE, PREMISES CONSIDERED,** Petitioner/Defendant submits this Motion by

7  Affidavit and respectfully prays this Honorable Court to:

8   **G.** Declare that the actions of the government constitute fraud by definition;

9   **H.** Declare that the actions of the government, in attempting to engage the court into its

10      fraudulent actions, are illegal;

11
12  **I.** Declare that this is listed as a civil case on the record, not a criminal case;

13  **J.** Declare that these proceedings, which have been reopened by the government, are void ab

14      initio;

15  **K.** Issue a ruling within 10 days or, in the alternative, provide a hearing on the motion

16      presented;

17  **L.** Where appropriate, issue sanctions against the government attorneys in this case;

18
19  **M.** Grant such further relief as this Court deems just and proper.

20  Done this 11th day of August, 2009.

21
22  Respectfully submitted this 11th day of August, 2009.

23
24  _____

25  James Arnold: Mattatall,

26

27

28

**VERIFICATION**

I certify the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746, that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.


James Arnold: Mattatall


**VERIFICATION OF Attachments/Exhibits**

I certify that the **Appendix/Exhibit A, B, C, D, E** are true and correct copies of the original documents and so state under the penalty of perjury pursuant to 28 USC § 1746, that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.


James Arnold: Mattatall

1

**CERTIFICATE OF SERVICE**

2     On this 11th day of August, 2009, a true and correct copy of this Response, **MOTION TO DISMISS BASED ON FRAUD BY THE GOVERNMENT,** was sent to the opposing

3     attorneys of record by first class mail, postage prepaid or better.

4

5                                   James Arnold: Mattatall

6     THOMAS P. O'BRIEN                    Priority Mail Number: <u>0103 8555 7497 5803 5641</u>
      United States Attorney
7     SANDRA BROWN
      Assistant United States Attorney
8     ROBERT CONTE
      Assistant United States Attorney
9     Federal Building, Room 7211
      300 North Los Angeles Street
10    Los Angeles California 90012

11    MICHAEL R. PAHL                     Priority Mail Number: <u>0103 8555 7497 4754 9883</u>
      Mn. Bar. No. 0234539
12    Trial Attorney, Tax Division
      U.S. Department of Justice
13    Post Office Box 7238
      Ben Franklin Station
14    Washington, D.C. 20044

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  James Arnold: Mattatall
   1880 West Carson Street, #F-349
2  Torrance, California
   (310) 530-6306
3

4

5

6              UNITED STATES DISTRICT COURT

7         FOR THE CENTRAL DISTRICT OF CALIFORNIA

8                    WESTERN DIVISION

9

10  UNITED STATES OF AMERICA

11        Plaintiff                    C.A. No. CV03-07016 DDP (PJWx)

12  v.

13  JAMES A. MATTATALL

14        Defendant

15              **FIRST REQUEST FOR ADMISSIONS**

16  To:  UNITED STATES OF AMERICA;
    UNITED STATES DEPARTMENT OF JUSTICE;
17  U S Attorney, Central District of California
    Western Division
18

19      **NOW COMES, James A. of the family Mattatall, Petitioner, unrepresented,**

20  **and respectfully serves these Requests for Admissions upon the above named**

21  **entities which are an agency within the control of, or acting on behalf of**

22  **Respondent, pursuant to Federal Rules of Civil Procedure 36 and 26(b)(1).  The**

23  **Respondent must serve an answer to each request truthfully and specifically point**

24  **for point and separately and fully, in writing and by responding, respondent**

25  **certifies he/she has taken the following oath of office pursuant to the**

26  **Constitutional requirement prior to his/her governmental employment!  The**

27  **respondent, by responding declares he/she has taken the following oath in writing**

28  **as a requirement of their public servant Contract with the United States, their**

            **Appendix A -  Page 1 of  26**

1   employer; ["I __*enter respondents name here*_____do solemnly swear (or affirm)

2   that I will support and defend the Constitution of the  United States of America

3   against all enemies, foreign or domestic; that I will bear true faith and allegiance

4   to the same: that I take this obligation freely, without mental reservation or

5   purpose of evasion: and that I will well and faithfully discharge the duties of the

6   office I hold   So Help Me God"].,    Failure to respond with the certification of the

7   above oath will deem the admissions as admitted facts of this matter any future

8   case involving this defendant.

9                                    DEFINITIONS

10          The following terms have the following meanings, unless the context requires

11   otherwise:

12

13   1.     Parties.        The term "Petitioner" or "Respondent" as well as a party's full or

14   abbreviated name or pronoun referring to a party, means the party and, where applicable,

15   his/her/its agents, representatives, officers, directors, employees, partners, corporate

16   parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery

17   obligation on any person who is not a party to the litigation.

18

19   2.     Person.        The term "person" is defined as any natural person, any business, a

20   legal or governmental entity, or an association.

21

22   3.     Document.     The term "document" is defined to be synonymous in meaning and

23   equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and

24   includes computer records in any format.  A draft or non-identical copy is a separate

25   document within the meaning of this term.  The term "document" includes "any tangible

26   things" as that term is used in Rule 34(a).

27

28

**Appendix A -** Page 2 of  26

1  4.   <u>Communication</u>.   The term "communication" means the transmittal of

2  information in the form of facts, ideas, inquiries, or otherwise.

3

4  5.   Relating.   The term "relating" means concerning, referring, describing,

5  evidencing, or constituting, directly or indirectly.

6

7  6.   All/Each.   The terms "all" and "each" should be construed as "and", "each",

8  and "and/or".

9  7.   Any.   The term "any" should be understood in either its most or it's least

10  inclusive sense as necessary to bring within the scope of the discovery request all

11  responses that might otherwise be construed to be outside of its scope.

12

13  8.   And/Or.   The connections "and" and "or" should be construed either

14  disjunctively or conjunctively as necessary to bring within the scope of the discovery

15  request all responses that might otherwise  be construed to be outside of its scope.

16

17  9.   Number.   The use of the singular form of any word includes the plural and

18  vice versa.

19

20  10.   Oath.   Is declared to be as follows, "I  _*enter respondent's name*

21  *here*__do solemnly swear (or affirm) that I will support and defend the Constitution of

22  the United States of America against all enemies, foreign or domestic; that I will bear

23  true faith and allegiance to the same: that I take this obligation freely, without

24  mental reservation or purpose of evasion: and that I will well and faithfully discharge the

25  duties of the office I hold   So Help Me God"

26

27  The following **REQUESTS FOR ADMISSIONS** are a reasonably concise list of causes

28  for challenging and requiring you to verify your lawful authority and for you to correct

1   your mistakes and bond your action. The list includes authority references sufficient to

2   provide notice and enable you to make inquiry reasonable under the circumstance.

3   Where truth is, fiction of law does not exist.

4

5   Petitioner requests that the representatives of the UNITED STATES OF AMERICA, and

6   the Department of Justice and the Internal Revenue Service agency employees named as

7   Plaintiffs in this case, admit or deny the following requests for admissions, as authorized

8   by Federal Rules of Civil Procedure 36 and 26(b)(1). The respondent/s must serve an

9   answer to each request truthfully, specifically, separately and fully, in writing and under

10  proper oath within 10 days after service. Failure to respond to each and every REQUEST

11  will constitute an admission on the record for any future action upon the defendant

12  named above. .

13

14  **REQUEST 1:** ADMIT OR DENY that <u>Public Law 80-772,</u> which purported to *enact*
    Title 18, United States Code, otherwise known as the Act of June 25, 1948, and which
15  included Section 3231, specifically, 62 Stat. 826, the jurisdictional statute which purports
    to confer upon 'the district courts of the United States original jurisdiction…of all
16  offenses against the laws of the United States', was never enacted into law as required by
    the Constitution of the United States because different bills passed each House of
17  Congress, the houses never voted on the bill as passed by the other house, the engrossed
    bill passed by the House of Representatives was endorsed as truly enrolled, the House
18  had no quorum when it voted on the bill on May 12, 1947, no quorum existed and
    Congress was fully adjourned when the President pro tempore of the Senate and the
19  Speaker of the House signed the bill on June 23, 1948, the House did not vote on the
    Senate version of the bill in 1948, and the President of the United States signed into law
20  the Senate bill which was not endorsed as truly enrolled and was never passed in either
    1947 or 1948 by the House as acknowledged by the House of Representatives, on June
21  25, 1948, after Congress was fully adjourned and not in session, and is therefore *void ab
    initio*.
22
    **RESPONSE:**        Do you admit or deny with specificity?
23
    **REQUEST 2:** ADMIT OR DENY that the government can not produce a valid statute
24  to be used in this case.

25  **RESPONSE:**        Do you admit or deny with specificity

26  **REQUEST 3:** ADMIT OR DENY that Title 5, Section 551, 552, which controls who
    falls under the jurisdiction of the administrative courts, only applies to government
27  employees, not individual men and women who live in the United States.

28  **RESPONSE:**        Do you admit or deny with specificity?

**Appendix A -  Page 4 of 26**

**REQUEST 4:** ADMIT OR DENY that the federal courts are registered with Dun & Bradstreet as business corporations making money for a profit and sell and trade bonds on Defendants in federal criminal cases.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 5:** ADMIT OR DENY that the federal district courts are administrative courts, not Constitutional courts, and the federal district court judge in this case took a form 61 Commissioners Oath as an administrative employee of the Department of Justice and is not an Article III judge.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 6:** ADMIT OR DENY that judges in federal IRS cases often receive compensation in the form of bonuses or other compensation

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 7:** ADMIT OR DENY that the judge in this case has received compensation in the past for handling or overseeing IRS cases.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 8:** ADMIT OR DENY that the Department of Justice uses Title 26, but the Internal Revenue Service uses the Internal Revenue Code, which creates two separate and distinct legal bases.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 9:** ADMIT OR DENY that The Government Organization Chart shows no listing for the Internal Revenue Service.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 10:** ADMIT OR DENY that IRS employees are not paid by the U.S. government.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 11:** ADMIT OR DENY that taxes are to be collected by the Financial Management Services.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 12:** ADMIT OR DENY that although the Internal Revenue Code has been enacted (in 1939 and 1954) and is laid out exactly like Title 26, Title 26 has not been enacted into Positive Law Title with Enacting Cites and Location to Revision Notes,. See act of Feb. 10, 1939, ch. 2, 53 Stat. 1; and act of Aug. 16, 1954, ch. 736, 68A Stat. 3. The Tax Reform Act of 1986, Pub. L. 99-514, § 2, renamed the Code as the Internal Revenue Code of 1986, bud did not make wholesale changes to it. There are no historical and revision notes and amendment notes only go back to 1954, as if it were a positive law title. The Appendix to Title 26 consists of the rules and procedures of the U.S. Tax Court.

1    **RESPONSE:**          Do you admit or deny with specificity?

2    **REQUEST 13:**  ADMIT OR DENY that neither the U.S. government nor the Internal
Revenue Service has authority to imprison someone for failure to pay a debt except for
3    child support as provided by the Constitution, Article III Legislative Department, Section
38, Imprisonment for Debt. 13th Amendment of Constitution of the United States.

4
     **RESPONSE:**          Do you admit or deny with specificity?

5
     **REQUEST 14:**  ADMIT OR DENY that The Lien Registration Act of 1966 requires the
6    IRS to meet 3 criteria in order to file a valid lien for tax liability:  a) Produce a Written
Agreement; b) Produce a court order authorizing the filing of the lien; and c) File a UCC
7    1 on its claim.  Without production of all 3 items, an IRS lien is not valid.

8    **RESPONSE:**          Do you admit or deny with specificity?

9    **REQUEST 15:** ADMIT OR DENY that the Internal Revenue Service has no authority to
receive 1040 or 1041 forms from U.S. citizens.

10
     **RESPONSE:**          Do you admit or deny with specificity?

11
     **REQUEST 16:**  ADMIT OR DENY that the Internal Revenue Service is not required to
12   comply with the Administrative Procedures Act (APA), the Paperwork Reduction Act,
use Office of Management and Budget forms.

13
     **RESPONSE:**          Do you admit or deny with specificity?

14
     **REQUEST 17:**  ADMIT OR DENY that the Internal Revenue Service has no statutory
15   authority to seize property from U.S. citizens.

16   **RESPONSE:**          Do you admit or deny with specificity?

17   **REQUEST 18:** ADMIT OR DENY that when a person registers with the Social Security
Administration pursuant to the Social Security Act it does not make that person a
18   taxpayer or a government employee.

19   **RESPONSE:**          Do you admit or deny with specificity?

20   **REQUEST 19:**   ADMIT OR DENY that the Internal Revenue Service, which has
implementing regulations that must be followed, has no authority to summons anyone
21   prior to establishing they are in fact liable for income tax.

22   **RESPONSE:**          Do you admit or deny with specificity?

23   **REQUEST 20:**  ADMIT OR DENY that Title 26 falls under Admiralty and Maritime
Law and that all revenue cases are governed by Admiralty and Maritime Law.

24
     **RESPONSE:**          Do you admit or deny with specificity?

25
     **REQUEST 21:** ADMIT OR DENY that all Admiralty and Maritime cases are based on
26   contracts or obligations, and that no contract or obligation has been created between the
Defendant in this case and the court, the Department of Justice, or the Internal Revenue
27   Service.

28   **RESPONSE:**          Do you admit or deny with specificity?

1

2

3

**REQUEST 22:** ADMIT OR DENY that the United States of America is a foreign corporation and the Prosecutor in this case and the Judge in this case both work for the United States of America, a foreign corporation.

**RESPONSE:**         Do you admit or deny with specificity?

4

5

**REQUEST 23:** ADMIT OR DENY that the Prosecutor as Plaintiff in this case has not produced an injured real party as is required by common law and admiralty law.

6

**RESPONSE:**         Do you admit or deny with specificity?

7

**REQUEST 24:** ADMIT OR DENY that IRS agents typically use fictitious names.

8

**RESPONSE:**         Do you admit or deny with specificity?

9

**REQUEST 25:** ADMIT OR DENY that IRS agents are ATF officers.

10

**RESPONSE:**         Do you admit or deny with specificity?

11

12

**REQUEST 26:** ADMIT OR DENY that IRS agents work for a foreign corporation and are unregistered foreign agents.

**RESPONSE:**         Do you admit or deny with specificity?

13

14

15

**REQUEST 27:** ADMIT OR DENY that IRS agents routinely file affidavits in the court that are fraudulent because they are not notarized and because they use two different names as an agent of the Internal Revenue Service.

**RESPONSE:**         Do you admit or deny with specificity?

16

**REQUEST 28:** ADMIT OR DENY that Internal Revenue Service agents do not have the statutory right to levy an assessment.

17

18

**RESPONSE:**         Do you admit or deny with specificity?

19

**REQUEST 29:** ADMIT OR DENY that the Internal Revenue Service Agents in this case are   unregistered foreign agents.

20

**RESPONSE:**         Do you admit or deny with specificity?

21

22

**REQUEST 30:** ADMIT OR DENY that all Internal Revenue Service Agents are unregistered foreign agents.

**RESPONSE:**         Do you admit or deny with specificity?

23

24

**REQUEST 31:** ADMIT OR DENY that revenues derived from the collection of taxes by the Internal Revenue Service go to the International Monetary Fund.

**RESPONSE:**         Do you admit or deny with specificity?

25

26

27

28

**REQUEST 32:** ADMIT OR DENY: After exhaustive study of internal revenue laws of the United States, James A., of the family Mattatall, has concluded that very few private sector men and women and private sector domestic corporations, partnerships, etc., are liable for federal income taxes imposed by Subtitle A of the Internal Revenue Code that require keeping books and records and filing returns.

1  **RESPONSE:**        Do you admit or deny with specificity?

2  **REQUEST 33:**  ADMIT OR DENY: Taxing and liability statutes do not apply to income
sources and activities of private sector Americans and private sector domestic juristic
3  entities other than those who receive income from foreign sources, insular possessions of
the United States, and maritime activity regulated by treaty or trade agreement.
4
   **RESPONSE:**        Do you admit or deny with specificity?
5
   **REQUEST 34:**  ADMIT OR DENY: Employment (social welfare) taxes imposed by
6  Chapter 21 of the Internal Revenue Code are mandatory and elective only in possessions
of the United States. See definitions of "State", "United States" and "citizen" at 26 CFR §
7  31.3121(e)-1.

8  **RESPONSE:**        Do you admit or deny with specificity?

9  **REQUEST 35:**  ADMIT OR DENY:  However, Congress has enacted legislation that
permits federal employees to participate in these social welfare programs; legislatures of
10  States of the Union have enacted legislation that authorizes state governments and their
respective political subdivisions to participate in federal social welfare programs.
11
    **RESPONSE:**        Do you admit or deny with specificity?
12
    **REQUEST 36:**  ADMIT OR DENY:  There is no corresponding provision in Title 26
13  that extends to the private sector population in States of the Union.

14  **RESPONSE:**        Do you admit or deny with specificity?

15  **REQUEST 37:**  ADMIT OR DENY: The Constitution of the United States does not
authorize Congress to tax one for the benefit of another; therefore social welfare taxes are
16  beyond the scope of constitutionally enumerated powers.

17  **RESPONSE:**        Do you admit or deny with specificity?

18  **REQUEST 38:**  ADMIT OR DENY:  Further, social welfare taxes are direct taxes that
fall within the scope of the apportionment clause; they do not fall within the scope of the
19  uniformity clause. The Sixteenth Amendment did not alter or otherwise affect distinction
between the two.
20
    **RESPONSE:**        Do you admit or deny with specificity?
21
    **REQUEST 39:**  ADMIT OR DENY:  Chapter 24 of the Internal Revenue Code does not
22  impose a tax, but merely authorizes withholding of Subtitle A & C income and
employment taxes from wages of employees, as defined at 26 U.S.C. § 3401(c), by
23  employers, as defined at 26 U.S.C § 3401(d), thereby Chapter 24 withholding at the
source provisions are exclusively applicable to governmental entities and government
24  personnel.

25  **RESPONSE:**        Do you admit or deny with specificity?

26  **REQUEST 40:**  ADMIT OR DENY:  In order to withhold from wages, the employer must
first receive the Form 8655 reporting agent certificate from the Treasury Financial
27  Management Service then file the completed form with the Andover office of the Internal
Revenue Service. See § 3.0.258.4 (11/21/97) of the Internal Revenue Manual, January
28  1999 edition on CD.

1   **RESPONSE:**        Do you admit or deny with specificity?

2   **REQUEST 41:** ADMIT OR DENY: Court documents and published district and circuit court decisions verify that the Internal Revenue Service is agent of the [federal] United
3   States of America, not Government of the United States. (See 26 U.S.C. § 7402: "The district courts of the United States at the instance of the United States shall have
4   jurisdiction.").

5   **RESPONSE:**        Do you admit or deny with specificity?

6   **REQUEST 42:** ADMIT OR DENY: Court records therefore verify that Internal Revenue Service personnel are agents of a foreign government and all Internal Revenue Service
7   claims are made on behalf of a government foreign to the United States and States of the Union.

8
    **RESPONSE:**        Do you admit or deny with specificity?
9
    **REQUEST 43:** ADMIT OR DENY: For distinction between the "United States" and
10  the "United States of America" as unique and separate governmental entities, see historical and revision notes   following 18 U.S.C. § 1001 and Attorney General
11  delegation orders to the Director of the Bureau of Prisons, 28 CFR §§ 0.96 (custody of prisoners of the United States) & 0.96b (transfer of United States of America prisoners to
12  United States custody).

13  **RESPONSE:**        Do you admit or deny with specificity?

14  **REQUEST 44:** ADMIT OR DENY: The Internal Revenue Service, successor of the Bureau of Internal Revenue, was not created by Congress, as required by  Article I § 8,
15  clause 18 of the Constitution of the United  States, so cannot legitimately enforce internal revenue  laws of the United States in States of the Union. (See Statement of IRS
16  organization at 39 Fed. Reg. 11572, 1974-1 Cum. Bul. 440, 37 Fed. Reg. 20960, and the Internal Revenue Manual 1100 through the 1997 edition; see also,  United States v.
17  Germaine, 99 U.S. 508 (1879); Norton v. Shelby County, 118 U.S. 425, 441, 6 S.Ct. 1121 (1886), and numerous other cases that reinforce the determination  "there can be no
18  officer, either de jure or de facto, if there be no office to fill.")

19  **RESPONSE:**        Do you admit or deny with specificity?

20  **REQUEST 45:** ADMIT OR DENY: The Internal Revenue Service is not the "delegate" of the Secretary of the Treasury, as the term is defined at 26 U.S.C. § 7701(a) (12) (A).
21
    **RESPONSE:**        Do you admit or deny with specificity?
22
    **REQUEST 46:** ADMIT OR DENY: The Internal Revenue Service operates in an
23  ancillary or other secondary capacity under contract, memorandum of agreement or some comparable device to provide services under original authority delegated to the Treasury
24  Financial Management Service or some other bureau of the Department of the Treasury; the contracted or otherwise authorized   services extend only to government employees
25  and employers, as defined at 26 U.S.C. §§ 3401(c) & (d). The authorization is essentially intra-governmental in nature; it does not   extend to private sector population and
26  enterprise in States of the Union.

27  **RESPONSE:**        Do you admit or deny with specificity?

28  **REQUEST 47:** ADMIT OR DENY: Internal Revenue Service personnel do not have

1   delegated authority to execute Form 1040 (individual), 1041 (trust) and 1120
    (business/corporation) income tax returns as substitute returns under authority of 26
2   U.S.C. § 6020(b). See [5.1] 11.9 of the Internal Revenue Manual currently posted on the
    Internal Revenue Service web page. When there is no authority to execute these returns
3   as substitute returns, they are not mandatory.

4   **RESPONSE:**        Do you admit or deny with specificity?

5   **REQUEST 48:** ADMIT OR DENY: Whenever someone subjected to examination
    challenges or otherwise contests fact and/or law issues, examination officers are required
6   to resolve contested issues or refer them to the appeals office for resolution. As an
    alternative, the examination officer may request a National Office Technical Advice
7   Memorandum that provides findings of fact and conclusions of law. See 26 CFR §
    601.105 generally.
8
    **RESPONSE:**        Do you admit or deny with specificity?
9
    **REQUEST 49:** ADMIT OR DENY: In the event of an examination in which an
10  examination officer concludes that there is an income tax liability, he must issue a 30-day
    letter that lists particulars of the proposed deficiency. The 30-day letter must also inform
11  the alleged taxpayer of his right to appeal to the examination officer's manager and to the
    appeals office. See 26 CFR §§ 601.105(c)(2)(i) & (d)(1)(iv).
12
    **RESPONSE:**        Do you admit or deny with specificity?
13
    **REQUEST 50:** ADMIT OR DENY: Internal Revenue Service appeals procedure
14  prescribed in 26 CFR § 601.106 do not comply with appeals process required by the
    Administrative Procedures Act at 5 U.S.C. §§ 553 through 557
15
    **RESPONSE:**        Do you admit or deny with specificity?
16
    **REQUEST 51:** ADMIT OR DENY: The IRS administrative appeals hearing is
17  informal; there is no provision for the appeals officer to administer oaths; formal
    testimony is not taken at IRS appeals hearings; the appeals officer is not vested with
18  subpoena authority; the alleged taxpayer is not afforded the opportunity to cross-examine
    adverse witnesses placed under oath; and whether or not the Internal Revenue Service is
19  independently represented is elective rather than mandatory. See Federal Maritime
    Commission v. South Carolina State Ports Authority, et al, No. 01-46, 535 U.S. ___
20  (2002), decided May 28, 2002, and cases cited therein, for administrative due process
    requirements. Failure to comply with Administrative Procedures Act provisions
21  concerning administrative appeals requirements deprives people who have a case or
    controversy arising under internal revenue laws of the United States involving the
22  Internal Revenue Service of procedural due process rights.

23  **RESPONSE:**        Do you admit or deny with specificity?

24  **REQUEST 52:** ADMIT OR DENY: Income tax liabilities must be assessed in
    compliance with requirements of 26 U.S.C. § 6203 and 26 CFR §301.6203-1 before there
25  is a tax liability. On request, the taxpayer against whom income tax liabilities are
    assessed is entitled to receive the assessment certificate or certificates. The law does not
26  authorize computer-generated or other alternatives. See Hughes v. United States of
    America, 953 F.2d 531 (9th Cir.1991).
27
    **RESPONSE:**        Do you admit or deny with specificity?
28

**Appendix A - Page 10 of 26**

1  **REQUEST 53:** ADMIT OR DENY: The Secretary is required to issue 10-day notice
2  and demand for payment after lawful, procedurally proper assessments are made (26
   U.S.C. 6303); there is no statutory or regulatory authorization for notice and demand for
3  payment being issued prior to tax liabilities being assessed in compliance with 26 CFR §
   301.6203-1.

4  **RESPONSE:**          Do you admit or deny with specificity?

5  **REQUEST 54:** ADMIT OR DENY: Prior to any adverse action to collect contested
   delinquent tax debts (properly assessed liabilities), the current general agent of the
6  Treasury and the Attorney General must authorize litigation. See particularly, Executive
   Order #6166 of June 10, 1933, as amended, 5 U.S.C. § 5512, and 26 U.S.C. § 7401. (The
7  General Accounting Office is listed as general agent of the Treasury in notes following 5
   U.S.C. § 5512, but appears to have delegated certification of debts to Government of the
8  United States, including tax debts, most probably to the Treasury Financial Management
   Service or a subdivision thereof).
9
   **RESPONSE:**          Do you admit or deny with specificity?
10
   **REQUEST 55:** ADMIT OR DENY: Any statutory lien "arising" under § 6321 of the
11 Internal Revenue Code is inchoate (unperfected) until there is a judgment lien from a
   court of competent jurisdiction secured in compliance with the Federal Debt Collection
12 Procedures Act (See Chapter 176 of Title 28, particularly 28 U.S.C. § 3201).

13 **RESPONSE:**          Do you admit or deny with specificity?

14 **REQUEST 56:** ADMIT OR DENY: Notices of federal tax lien, notices of levy and
   other such instruments utilized to encumber and convert private property are uttered
15 instruments unless perfected by a judgment from a court of competent jurisdiction. See
   also, Fifth Amendment due process clause, clarified by relation-back doctrine (See
16 United States v. A Parcel of Land, Buildings, Appurtenances and Improvements, known
   as 92 Buena Vista Avenue, Rumson, New Jersey (1993), 507 U.S. 111; 113 S.Ct. 1126;
17 122 L.Ed. 2d 469).

18 **RESPONSE:**          Do you admit or deny with specificity?

19 **REQUEST 57:** ADMIT OR DENY: Garnishment of wages and bank accounts may be
   executed only as prejudgment and post judgment remedies in compliance with the Fair
20 Debt Collection Practices Act, published as Chapter 176 of Title 28. See particularly,
   Fuentes v. Shevin, Attorney General of Florida, et al, (1972) 407 U.S. 67, 92 S.Ct. 1983,
21 32 L.Ed. 2d 556, detailed by the Supreme Court of the State of Florida decision in Ray
   Lien Construction, Inc. v. Jack M. Wainwrite, (1977) 346 S.2d 1029, for particulars
22 concerning required notice and opportunity for hearing.

23 **RESPONSE:**          Do you admit or deny with specificity?

24 **REQUEST 58:** ADMIT OR DENY: All Internal Revenue Service seizures where there is
   not a judgment lien from a court of competent jurisdiction in place are predicated on the
25 underlying presumption that a drug-related commercial crime specified in 26 CFR?
   403.38(d)(1) has been committed and that the seized property was being used in
26 connection with or was the fruit of the crime. See particularly, Delegation Order 157,
   Rule 41 of the Federal Rules of Criminal Procedure, and 26 U.S.C. § 7302 (property used
27 in violation of internal revenue laws).

28 **RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 59:** ADMIT OR DENY: The "in rem" action (26 U.S.C. 7323) is admiralty in nature and presumes that there is a maritime nexus. Also see 26 U.S.C. § 7327 concerning customs laws.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 60:** ADMIT OR DENY: Collateral issues and procedural essentials (nature & cause of action, standing of the Internal Revenue Service, venue, and subject matter jurisdiction generally, and substantive and procedural due process rights) are matters that must be documented in record when challenged.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 61:** ADMIT OR DENY: The mandate for disclosure falls within substantive and procedural rights that cannot be avoided or otherwise passed over through technicalities or silence. Numerous U.S. Supreme Court decisions support this.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 62:** ADMIT OR DENY: The Administrative Procedures Act and the Federal Register Act require publication of organizational particulars and procedure in the Federal Register. See particularly, 5 U.S.C. § 552. The Internal Revenue Service has failed to comply with these mandates. Therefore, IRS personnel engaged in federal tax administration have a duty to affirmatively resolve organizational and other collateral and procedural issues when they are raised in the administrative forum.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 63:** ADMIT OR DENY: Internal Revenue Service personnel acts not authorized by law and omission of duties imposed by law are criminal in nature [26 U.S.C. §§ 7214(a)(1), (2) & (3)].

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 64:** ADMIT OR DENY: Whether knowingly or unknowingly, IRS personnel operating in States of the Union, except with the possible exception of authority for enforcing drug-related customs laws, are involved in a seditious conspiracy and racketeering enterprise.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 65:** ADMIT OR DENY: Where IRS personnel operate under color of authority of the United States when in reality they are agents of a government foreign to the United States, offenses may be construed as treason and conspiracy to commit treason. See also, 18 U.S.C. § 912 concerning false impersonation of an officer of the United States.

**RESPONSE:**        Do you admit or deny with specificity?

**ISSUES RELATED TO TITLE 18 OF THE CRIMINAL CODE:**

1  **REQUEST 66:** ADMIT OR DENY that <u>Public Law 80-772</u> purported to *enact* Title 18,
   United States Code, otherwise known as the Act of June 25, 1948 was never passed
2  constitutionally by the House of Representatives.

3  **RESPONSE:**        Do you admit or deny with specificity?

4  **REQUEST 67:** ADMIT OR DENY that <u>Public Law 80-772</u>, a.k.a. Title 18 U.S.C.,
   Section 3231 specifically, 62 Stat. 826, purports to confer upon "the district courts of the
5  United States ... original jurisdiction ... of all offenses against the laws of the United
   States."
6
   **RESPONSE:**        Do you admit or deny with specificity?
7
   **REQUEST 68:** ADMIT OR DENY that <u>H.R. 3190</u> was introduced and committed to the
8  Committee of the entire House of Representatives on the State of the Union in the First
   Session of the 80th Congress and was entitled "Crimes and Criminal Procedure" See
9  House Report No 304 ( April 24, 1947), p 1 (App 67).  See also 94 Cong. Rec. D556 557
   (Daily Digest) (charting H R 3190) (App 65 66)  H R 3190 differed from "five bills
10 which preceded it [because] it constitute[d] a revision, as well as a codification, of the
   Federal laws relating to crimes and criminal procedure." 93Cong. Rec. 5048 5049, (May
11 12, 1947) (App.45-46).   The bill was intended (1) to revise and compile all of the
   criminal law, (2) to restate []" and "consolidate [] existing statutes". (3) to "repeal"
12 "obsolete, superseded, redundant and repetitious statutes," (4) to coordinate the Criminal
   Code with the "Federal Rules of Criminal Procedure" formerly enacted, and (5) to
13 "clarify and harmonize" penalties of the "many acts" passed by Congress which were
   found to be "almost identical."  (Id). "the bill was ordered to be engrossed and read a
14 third time, was read a third time, and passes" the House on May 12, 1947, id Journal of
   the House of Representatives ("House Journal"), May 12, 1947, pp 343-343-344 (App 4-
15 5) 94 Cong. Rec D556-557 (showing H R 3190's only passage by the House of Rep. on
   May 12 1947), sent to the Senate and there "referred to the Committee on the Judiciary"
16 93 Cong. Rec.5121, May 13, 1947 (App 47), Journal of the Senate: ("Senate Journal"),
   May 13, 1947, p 252 (App10)[1]   However, no quorum existed when the House of
17 Representatives voted on the Bill on May 12, 1947.

18 **RESPONSE:**        Do you admit or deny with specificity?

19 **REQUEST 69:** ADMIT OR DENY that, as passed and enrolled by the House of
   Representatives, <u>H.R. 3190</u> included at section 3231, a subtitle of "District Courts,"
20 which contained the following text:

21              "Offenses against the United States shall be cognizable in
                the district courts of the United States, but nothing in this
22              title shall be held to take away or impair the jurisdiction of
                the courts of the several states under the laws thereof."
23 -
   H.R. 3190 as passed by the H of Rep, p 367, § 3231 (App.110) See United States v
24 Sasscer, 558 F Supp 33, 34 (d.MD 1982)

25 [1]

         The Senate Journal for May 13, 1947, was approved by the Senate on May 14, 1947, <u>Senate Journal,</u>
26 p. 259 (App. 11), and the House Journal for May 12, 1947, was approved by the House on May 13, 1947.
   <u>House Journal,</u> p. 346 (App. 6).  The Journals of the two Houses are admissible as evidence when properly
27 certified. 28 U.S.C. § 1736.  <u>See also</u> House Doc. No. 355, 59th Cong., 2nd Sess., <u>Hinds' Precedents of the</u>
   <u>House of Representatives</u>, § 2810, p. 34 (G.P.O. 1907) ("Certified extracts of the Journal are admitted as
28 evidence in the courts of the United States.")  (App. 85).  *Cf.* Fed. R. Evid. Rule 902(5); <u>see</u> 28 U.S.C. §
   2072(a) and (b).

1    **RESPONSE:**        Do you admit or deny with specificity?

2    **REQUEST 70:** ADMIT OR DENY that the Senate Committee on the Judiciary reported
     amendments to H.R. 3190 on June 14, 1948, under Sen. Rep. No. 1620. 94 Cong Rec
3    8075 (June 14, 1948) (App.50); Senate Journal, June 14, 1948. p. 452 (App.34)² Sen. No
     1620 contained "a large volume of amendments" and "the new Federal Rules of Criminal
4    Procedure [were] keyed to the bill and [were] reflected in Part II of [the new proposed]
     title 18 "Heralding that, upon passage of the amended bill, "[u]ncertainty will be ended,"
5    the Senate wanted "the amendments adopted en bloc," including a new jurisdictional
     section for Title 18 94 Cong. Rec. 8721 (App. 51)  The report contained only the
6    proposed amendments. See Sen. Rep. No. 1620 pp. 1 & 4 (App. 103-104.

7    **RESPONSE:**        Do you admit or deny with specificity?

8    **REQUEST 71:** ADMIT OR DENY THAT on July 27, 1947, Congress adjourned
     without the Senate passing H.R. 3190.  See 93 Cong. Rec. 10439, 10522 (July 26, 1947)
9    (App. 48-49).  On November 17, 1947, Congress reconvened pursuant to a Presidential
     proclamation. Yet, Congress again "**adjourned *sine die*** on December 19, 1947," without
10   the Senate passing H.R. 3190.  Kennedy v. Sampson, 511 F.2d 430, 444 Appendix n. 4
     (D.C. Cir. 1974).

11
     **RESPONSE:**        Do you admit or deny with specificity?
12
     **REQUEST 72:** ADMIT OR DENY that "[T]he amendments were considered and agreed
13   to en bloc" and then "ordered to be engrossed."  94 Cong. Rec. 8721-8722 (June 18,
     1948) (App. 51-52), Senate Journal, June 18, 1948, p. 506 (H.R. 3190, "as amended,"
14   passed the Senate) (App. 37).  It was moved that "the Senate insist upon its amendments"
     by the House (94 Cong. Rec. at 8722); and "[o]rdered that the Secretary request the
15   concurrence of the House of Representatives in the amendments." Senate Journal, supra,
     p. 506; House Journal, June 18, 1948, p. 688 (App. 16).
16
     **RESPONSE:**        Do you admit or deny with specificity?
17
     **REQUEST 73:**  ADMIT OR DENY that the House received the proposed amendments
18   and the Clerk "read the Senate amendments" collectively into the record with which the
     House concurred.94 Cong. Rec. 8864.8865 (June 19, 1948) (App.53-54); House Journal,
19   June 18, 1948, p.704 (the"said Senate amendments were concurred in ") (App.17).
     Although" [t]he House agreed to the amendments to... H.R. 3190," Senate Journal, June
20   18, 1948, p.510 (app.38), no action was taken on H.R. 3190," as amended⁴. The Journal
     of the House of Representatives is devoid of any vote on H.R. 3190. itself on June 18,
21   1948, and thereafter through adjournment on June 20, 1948.  Moreover, the official
     historical chart of H.R.3190 clearly shows the only passage by the House of
22   Representatives occurring on May 12, 1947, and specifically references Volume 93 page
     5048 of the Congressional Record as the recorded date the House passed the bill  94
23   Cong. Rec. D556 D557 (Daily Digest).

24   **RESPONSE:**        Do you admit or deny with specificity?

25   _____
     ²

26        The Senate approved its Journal for June 14, 1948. Senate Journal, June 15, 1948, pp. 461-

27   462 (App. 35-36).

28

**REQUEST 74:** ADMIT OR DENY that said Senate amendments were concurred in, and although the House agreed to the amendments of H.R. 3190, no action was taken on it as amended.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 75:** ADMIT OR DENY that the Journal of the House of Representatives is devoid of any vote on H.R. 3190 itself on June 18, 1948, and thereafter through adjournment on June 20, 1948.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 76:** ADMIT OR DENY that the official historical chart of H.R. 3190 clearly shows the *only* passage by the House of Representatives occurring on May 12, 1947, and specifically references volume 93, page 5048 of the Congressional Record as the recorded date the House passed the bill.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 77:** ADMIT OR DENY that on June 19, 1948, the House submitted and agreed to concurrent resolutions H.Con.Res. 218 and 219 and requested concurrence by the Senate. House Journal, June 19, 1948, pp.771, 772 (App. 19-20), Senate Journal, June 18 1948, p 577 (App 39

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 78:** ADMIT OR DENY that"[T]he Senate [then] passed without amendment these concurrent resolutions of the House."[3]  94 which effectively provided for an adjournment of the two Houses of Congress until December 31, 1948," id.; see Concurrent Resolutions, Second Session, Eightieth Cong., H.Con.Res. 218, June 20, 1948, 62 Stat. 1435-1436 (App. 105-106). H.Con.Res. 219 "authorize[ed] the signing of enrolled bills following adjournment," 94 Cong. Rec. 9349, specifically resolving:

> That notwithstanding the adjournment of the two Houses until December 31, 1948, the Speaker of the House of Representatives and the President pro tempore of the Senate be, and they are hereby, authorized to sign enrolled bills and joint resolutions duly passed by the two Houses and found truly enrolled.

See Concurrent Resolutions, supra, H.Con.Res. 219, June 20, 1948, 62 Stat. 1436.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 79:** ADMIT OR DENY that Congress adjourned on June 20, 1948, pursuant to H.Con.Res. 218.  94 Cong. Rec. 9348, 9169 (App. 56, 55); House Journal, June 20, 1948, p. 775; Senate Journal, June 20, 1948, p. 578 (App. 40).  Both Houses reconvened on July 26, 1948, pursuant to a proclamation of President Truman.  Senate Journal, July

---

[3]    The House sat from June 19 through June 20, 1948, adjourning at 6:56 A.M., House Journal, June 19, 1948, p. 775 (App. 21), and approved the Journal of the 19th. House Journal, July 26, 1948, pp. 792-793 (reconvention by Presidential Proclamation) (App. 28-29).

26, 1948, p. 593 (showing reconvention); House Journal, July 26, 1948, pp. 792-793 (same).[4]

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 80:** ADMIT OR DENY that with both Houses adjourned, with no quorum, disassembled and dispersed, Mr. LeCompte, the Chairman of the Committee on House Administration reported that that committee had found H.R. 3190 "truly enrolled." House Journal, legislative day of June 19, 1948, p. 776 (recorded under heading "BILLS AND JOINT RESOLUTIONS ENROLLED SUBSEQUENT TO ADJOURNMENT") (App. 22).[5] **He attached his certificate of enrollment to the original H.R. 3190 passed by the House on May 12, 1947.** See H.R. 3190, certified after adjournment as "truly enrolled" (as certified by Richard H. Hunt, Director, Center for Legislative Archives, The National Archives, Washington, D.C.) (App. 107-113). **Although never certified as truly enrolled, the Speaker and President pro tempore respectively signed the Senate's amended H.R. 3190 on June 22 and 23, 1948.** 94 Cong. Rec. 9353-9354 (App. 58-59); House Journal, legislative day June 19, 1948, p. 777 (App. 23); Senate Journal, legislative day June 18, 1948, pp. 578-579 (App. 40-41). National Archives & Records Adm. Cert., H.R. 3190 signed by House and Senate officers and President Truman (App. 114-117). **The Senate's amended H.R. 3190 was then presented by the Committee on House Administration to President Truman, on June 23, 1948, who signed it on June 25, 1948[6]**, at 12:23 P.M. E.D.T., 94 Cong. Rec. 9364-9367 (App. 61-64); House Journal, legislative day of June 19, 1948, pp. 778, 780-782 (App. 24, 25-27); Senate Journal, legislative day of June 18, 1948, pp. 579, 583 (App. 41, 43). National Archives & Records Adm. Cert., H.R. 3190, supra; 94 Cong. Rec. D557 (Daily Digest).

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 81:** ADMIT OR DENY that Public Law 80-772 stated that the enactment proceeded "by the Senate and House of Representatives of the United States of America in Congress assembled." National Archives & Records Adm. Cert., H.R. 3190 as signed into P.L. 80-772, supra. **Each signatory knew** that neither "House" legislatively existed at that time, and that the legislative process had ceased within the terms of Article I, §§ 5 and 7 on June 20, 1948.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 82:** ADMIT OR DENY that although "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and a House of Representatives," (Art. I, § 1, U.S. Constitution), "when [Congress] exercises its legislative power, it must follow the 'single, finely wrought and exhaustively considered procedures' specified in Article I." Metropolitan Washington Airports

---

[4]        The House Journal for July 26, 1948, was approved, House Journal, July 27, 1948, p. 797 (App. 30), and the Senate Journal for July 26, 1948, was approved. Senate Journal, July 27, 1948, p. 593 (App. 44).

[5]        Mr. LeCompte's announcement was reported upon reconvention by the President's Proclamation on July 26, 1948. 94 Cong. Rec. 9363 (App. 60).

[6]        That same day President Truman signed into law Public Law 80-773 enacting into positive law Title 28, United States Code. Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 869. That Act positively repealed the former criminal jurisdiction granted to the district courts. id., § 39 et seq., 62 Stat. 991 et seq. (positive repeal listing former 28 U.S.C. § 41, ¶ 2 in schedule of repealed statutes).

1  Authority v. Citizens for Abatement of Aircraft Noise, Inc., 501 U.S. 252, 274 (1991)
(quoting INS v. Chadha, 462 U.S. at 951). Article I establishes "just how those powers
2  are to be exercised." INS v. Chadha, 462 U.S. at 945.

3  **RESPONSE:**          Do you admit or deny with specificity?

4  **REQUEST 83:** ADMIT OR DENY that an act of Congress "does *not* become a law
unless it follows each and every procedural step chartered in Article I, § 7, cl. 2, of the
5  Constitution." Landgraf v. USI Film Products, 511 U.S. 244, 263 (1994) (citing INS v.
Chadha, 462 U.S. at 946-951 (emphasis added)); Clinton, 524 U.S. at 448 (noting
6  requisite "steps" taken before bill may "'become a law'" and holding that a procedurally
defective enactment cannot "'become a law' pursuant to the procedures designed by the
7  Framers of Article I, § 7, of the Constitution").

8  **RESPONSE:**          Do you admit or deny with specificity?

9  **REQUEST 84:**  ADMIT OR DENY that the Constitution requires "three procedural
steps": (1) a bill containing its *exact text* was approved by a majority of the Members of
10  the House of Representatives; (2) the Senate approved *precisely the same text*; and (3)
*that text* was signed into law by the President. "If one paragraph of *that text* had been
11  omitted at *any one of those three stages*, [the] law [in question] would *not* have been
validly enacted." [7] Clinton, 524 U.S. at 448 (emphasis added). Between the second and
12  third "procedural steps," the bill "... shall ... be presented to the President..." Article I,
§ 7, Cl. 2.
13
   **RESPONSE:**          Do you admit or deny with specificity?
14
15  **REQUEST 85:** ADMIT OR DENY that the text of H.R. 3190 passed by the House of
Representatives was the text as it existed on the date of passage – *i.e.*, May 12, 1947.
16  Whereas, the text of the bill passed by the Senate on June 18, 1948, was H.R. 3190 "as
amended." Senate Journal, June 18, 1948, p. 506. Thus, the text of the bills passed by
17  the respective Houses was grossly different and neither bill ever "became a law."
Clinton, 524 U.S. at 448.

18  **RESPONSE:**          Do you admit or deny with specificity?

19  **REQUEST 86:** ADMIT OR DENY that after Congress adjourned on June 20, 1948,
pursuant to H.Con.Res. 219, a single officer of each House of Congress signed *a bill*
20  purporting to be H.R. 3190 on June 22-23, 1948, 94 Cong. Rec. 9354; House Journal,
legislative day of June 19, 1948, p. 777; Senate Journal, legislative day of June 18, 1948,
21  pp. 578-579, and presented *that bill* to the President, who signed it on June 25, 1948. 94
Cong. Rec. 9365-9367. Thus, the post-adjournment signature "provision [of H.Con.Res.
22  219] was an important part of the legislative scheme," leading to the enactment of Public
Law 80-772, without which it would never have "become a Law." Bowsher v. Synar,
23  ⎯⎯⎯⎯⎯⎯
    [7]
24      "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall
consist of a Senate and House of Representatives." Art. I, § 1 of the Constitution.
25      "... [A] Majority of each [House] shall constitute a Quorum to do Business ..." Art. I, § 5, Cl. 1.
        "Every Bill which shall have passed [both Houses], shall, before it becomes a Law, be presented to
26  the President of the United States; If he approves he shall sign it ..." Art. I, § 7, Cl. 2.
        "Every ... Resolution ... to which the Concurrence of [both Houses] may be necessary (except on a
27  question of Adjournment) shall be presented to the President of the United States; and before the Same shall
take Effect, shall be approved by him ..." Art. I, § 7, Cl. 3.
28

**Appendix A - Page 17 of 26**

478 U.S. 714, 728 (1986).  Public Law 80-772 *falsely* stated it was "enacted" while both Houses were "in Congress assembled," when in fact Congress was not in session.  See National Archives & Records Adm. Cert., H.R. 3190 as signed into P.L. 80-772.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 87:**  ADMIT OR DENY that Article I, § 5, Clause 1 mandates a quorum of both Houses of Congress "to do Business."  This constitutional requirement has been enforced by practice, Rules of the Houses, custom, Supreme Court holdings and duly enacted statutes.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 88:**  ADMIT OR DENY that 1 U.S.C. § 101 requires every "enacting clause of all Acts of Congress" to state: "'Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.'"  Although the bill after passage by "both Houses" must be "enrolled" following which it "shall be signed by the presiding officers of both Houses and sent to the President of the United States,"[8] 1 U.S.C. § 106, the actual procedure is regulated by House rules and established practice.  Following passage the "chairman of the Committee on House Administration ... affixes to the bills examined a certificate that the bill has been found truly enrolled,"[9] House Doc. No. 769, supra, Stages of a Bill, § 983, No. 16, p. [483] (App. 79), after which the "enrolled bill is first laid before the House of Representatives and signed by the Speaker ... after which it is transmitted to the Senate and signed by the President of that body." Id., No.17, p. [484][10] (App. 80).

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 89:**  ADMIT OR DENY that the bill signed was the Senate's amended H.R. 3190 – a bill never certified as "truly enrolled," *compare* Pub.L. 80-772, Enactment Clause & signature pages *with* H.R. 3190, certified as "truly enrolled," supra, and H.Con.Res. 219 never authorized the signing of *unenrolled* bills after adjournment.  See H.Con.Res. 219, supra, 62 Stat. 1436.

**RESPONSE:**        Do you admit or deny with specificity?

---
[8]

1 U.S.C. § 106 contains an exception for enrollment "[d]uring the last six days of a session," but no exception for enrolling, signing or presenting a bill to the President otherwise than during the sitting of both Houses.

Formerly, the "chairman of the Committee on Enrolled Bills" performed this critical task in the legislative business of enacting a bill, which has always required the enrolled bill to be "placed before the House and signed by the Speaker."  See House Doc. No. 355, 59th Cong., 2nd Sess., Hinds' Precedents of the House of Representatives, Ch. XCI, § 3429, notes 3 & 5, p. 311 (G.P.O. 1907) (App. 92).  See House Doc. No. 769, supra, Preface, p. [VI] ("The rulings of the Speakers of the House and of the Chairman of the Committee of the Whole are to the rules of the House what the decisions of the courts are to the statutes ... [which are] embodied in the monumental work[s] of Hinds and Canon.") (App. 71).

The Supreme Court not only takes judicial notice of the legislative history of a bill, Alaska v. American Can Co., 358 U.S. 224, 226-227 (1959), but will both judicially notice and "h[o]ld" Congress and its legislative committees "to observance of its rules."  Yellin v. United States, 374 U.S. 109, 114 (1963).

**Appendix A - Page 18 of 26**

**REQUEST 90:**   ADMIT OR DENY that an "adjournment terminates the legislative existence of Congress." Pocket Veto Case, 279 U.S. at 681.  "'Th[e] expression, a "house," or "each house," [when] employed ... with reference to the faculties and powers of the two chambers ... always means ... the constitutional quorum, assembled for the transaction of business, and capable of transacting business.'" 279 U.S. at 683, quoting Me Curtis' Constitutional History of the United States, 486 n. 1.  Moreover, the term "'House'" means "the House in session," 279 U.S. at 682, and "'as organized and entitled to exert legislative power,' that is, the legislative bodies 'organized conformably to law for the purpose of enacting legislation.'" Id. (quoting Missouri Pacific Railway Co. v. Kansas, 248 U.S. 276, 281 (1919)).  See also House Doc. No. 355, supra, Hinds' Precedents, § 2939, p. 87 ("'The House is not a House without a quorum'") (App. 87).

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 91:**   ADMIT OR DENY that no "attestation" or "declaration **by the two houses** ... to the President," Field & Co., 143 U.S. at 672, that H.R. 3190 had "passed" Congress during the adjournment was possible because no such "houses" constitutionally existed.  See also United States National Bank of Oregon v. Independent Insurance Agents of America, 508 U.S. 439, 455 n. 7 (1993) (noting that the rule established in Field & Co., 143 U.S. at 672, made statutory by 1 U.S.C. § 106 turned upon "the 'enrolled bill,' signed in open session by the Speaker of the House of Representatives and the President of the Senate").  Longstanding precedence of the House affirms this.  House Doc. No. 355, supra, Hinds' Precedents, Vol. IV, § 2951, pp. 90-91 (upon "disclos [ure] ... that there is not a quorum ..., [t]he House thereby becomes **constitutionally disqualified** to do further business") (excepting from disqualification the exceptions stated in Art. I, § 5, Cl. 1) (emphasis added) (App. 88-89); id., § 3458, p. 322 ("The Speaker may not sign an enrolled bill in the absence of a quorum.") (App. 93); id. At § 3486, pp. 332-333 (recognizing enrollment and presentment to the President to be legislative business required to be completed before adjournment) (App. 95-96); id. at § 3487, p. 333 n. 3 (presentment to the President is legislative "business" which must be completed before adjournment) (App. 96); id. at § 4788, p. 1026 ("The presentation of enrolled bills" to the President of the United States is a "transact[ion]" of "business" of the "House.") (App. 100).

Once a bill has passed the House of Representatives it must be printed as an "engrossed bill" which then "shall be signed by the Clerk of the House ... sent to the other House, and in that form shall be dealt with by that House and its officers, and, if passed, returned signed by said Clerk." 1 U.S.C. § 106.  In the immediate case H.R. 3190 was passed by the House of Representatives on May 12, 1947, engrossed and sent to the Senate and there referred to the Senate's Committee on the Judiciary.  See 93 Cong. Rec. 5048-5049, 5121; Senate Journal, May 13, 1947, p. 252.  However, it was not dealt with nor passed "in that form."

Instead, amendments were proposed which were "agreed to en bloc," read into the record and "ordered to be engrossed," 94 Cong. Rec. 8721-8722.  Then, "the [amended] bill was read the third time and passed." 94 Cong. Rec. 8722; Senate Journal, June 18, 1948, p. 506.  The House then concurred in the amendments en bloc.  94 Cong. Rec. 8864-8865; House Journal, June 18, 1948, p. 704.[11]

**RESPONSE:**        Do you admit or deny with specificity?

---

[11]

This contravenes the procedures of the House of Representatives for the 80th Congress. "When a bill with Senate amendments comes before the House, the House takes up each amendment by itself ...." House Doc. No. 769, Stages of a Bill in the House, § 983, No. 13, p. [483].

**REQUEST 92:**  ADMIT OR DENY that Public Law 80-772 (Title 18, the U.S. criminal code, and 18 USC § 3231 violates the Quorum, Bicameral and/or Presentment Clauses mandated respectively by Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2 and 3, of the Constitution of the United States. Therefore, the federal district court which rendered judgment and ordered commitment of this Petitioner, under Section 3231, lacked jurisdiction and, therefore, the judgment and commitment order is *void ab initio.*

**RESPONSE:**    Do you admit or deny with specificity?

**REQUEST 93:**  ADMIT OR DENY that "The House in which a bill originates enrolls it," House Doc. No. 769, supra, Stages of a Bill, No. 15, p. [483] (App. 79), and, in the case of House bills, the "chairman of the Committee on House Administration … affixes to the bills examined a certificate that the bill has been found truly enrolled," Id., No. 16, p. [483], after which it is "laid before the House … signed by the Speaker [then] transmitted to the Senate and signed by the President of that body." Id., No. 17, p. [484]. Unequivocally, "[t]he Speaker may not sign an enrolled bill in the absence of a quorum." House Doc. No. 355, supra, Hinds' Precedents, § 3458, p. 322. Cf., id., § 2939, p. 87 ("The House is not a House without a quorum.").

   The constitutional "quorum" issue is precluded from the Field & Co.'s "enrolled bill rule" by its terms – *i.e.*, "[t]he signing … **in open session,** of an enrolled bill," 143 U.S. at 672 (emphasis added), which in any case only applies in "the absence of [a] constitutional requirement binding Congress." United States v. Munoz-Flores, supra, 495 U.S. at 391 n. 4. Moreover, just as "§ 7 gives effect to **all** of its Clauses in determining what procedures the Legislative and Executive branches must follow to enact a law," id., 495 U.S. 386 (emphasis by Court), so too does Article I, § 5, Cl. 1 "provid[e] that no law could take effect without the concurrence of the prescribed majority of the Members of both Houses," INS v. Chadha, 462 U.S. at 949-950, as to **all** legislative "Business." *Cf.* United States v. Ballin, 144 U.S. 1, 3-5 (1892) (to determine whether constitutionally mandated quorum was present for legislative action the Court "assume[s]" the Journals of the Houses are to be considered to decide the issue).

   The bill signed by the Officers of the Houses presented to and signed by the President of the United States was the Senate's amended bill, which never passed the House. H.Con.Res. 219 only "authorized [the] sign[ing] [of] enrolled bills … duly passed by the two Houses and found truly enrolled," H.Con.Res. 219, supra, 62 Stat. 1436, voiding the signatures on the amended bill.[12]

   Having not been enrolled, certified as truly enrolled, or signed by the Speaker of the House with a quorum present, the bill was rendered constitutionally void. House Doc. No. 769, supra, Constitution of the United States, § 55, p. [19] ("[w]hen action requiring a quorum was taken in the ascertained absence of a quorum … the action was null and void") (App. 74); House Doc. No. 355, supra, Hinds' Precedents, §§ 3497 & 3498, pp. 344-345 (such a bill is "not in force" and is "not a valid statute") (App. 97-98). Cf., id., Hinds' Precedents, § 2962, p. 94 (to vacate legislative act "the absence of a quorum should appear from the Journal") (App. 90).

   Art. I, § 7, mandates that a bill that has passed both Houses "'shall before it becomes a Law, be presented to the President of the United States …,'" Art. I, § 7, Cl. 2;

---

[12]

   On July 26, 1948, "Mr. LeCompte, from the Committee on House Administration, reported that that committee had examined and found" that H.R. 3190 had been "truly enrolled." 94 Cong. Rec. 9363. The version of H.R. 3190 certified as "truly enrolled" by Mr. LeCompte, is the House version passed on May 12, 1947, with the text of the original § 3231 – the text of which was never passed by the Senate – to which his certificate of enrollment is attached. (App. 107-113). The statutory mandate after final passage and printing to "call[]" the bill in such final form "the enrolled bill," 1 U.S.C. § 106, Act of July 30, 1947, Ch. 388, Ch. 2, 61 Stat. 634, is determined by the certificate "affixe[d] to the bill," House Doc. No. 769, Stages of a Bill, supra, No. 16, all of which is required *before* the "sign[ing] by the presiding officers of both Houses and sen[ding] to the President of the United States." 1 U.S.C. § 106.

**Appendix A - Page 20 of 26**

1   INS v. Chadha, 462 U.S. at 945, which "can **only** contemplate a presentment by the
Congress in some manner, [because] ... [a]t that point the bill is necessarily in the hands
2   of the Congress." United States v. Kapsalis, 214 F.2d 677, 680 (7th Cir. 1954), cert.
denied, 349 U.S. 906 (1955) (emphasis added). Thus, presentment is clearly part of the
3   legislative procedure required as essential to enactment of a bill as law. INS v. Chadha,
462 U.S. at 945, 947, 951; La Abra Silver Mining Co. v. United States, 175 U.S. 423, 454
4   (1899) ("**After a bill has been presented** to the President, **no further action is required
by Congress** in respect of that bill, unless it be disapproved by him. ...") (emphasis
5   added). See House Doc. No. 355, supra, Hinds' Precedents, Vol. IV, § 4788, p. 1026
(recognizing that "the presentation of enrolled bills" to the President is a "transact[ion]"
6   of "business" of "the House"); id., § 3486, p. 332 (recognizing presentment required
prior to adjournment); id., § 3487, p. 333 note 3 (when bill is enrolled or signed by
7   presiding officers "too late to be presented to the President before adjournment" signing
and presentment must continue at next session as a "resumption of [legislative]
8   business"). Clearly presentment is part of the constitutionally mandated "Business," Art.
I, § 5, Cl. 1, to be "exercised in accord with [the] single, finely wrought and exhaustively
9   considered, procedure" "prescri[bed] ... in Art. I, §§ 1, 7." INS v. Chadha, 462 U.S. at
951.
10          The "draftsmen" of the Constitution "took special pains to assure these
[legislative] requirements could not be circumvented. During the final debates on Art. I,
11   § 7, Cl. 2, James Madison expressed concern that it might easily be evaded by the simple
expedient of calling a proposal a 'resolution' or 'vote' rather than a 'bill.' As a
12   consequence, Art. I, § 7, Cl. 3, ... was added." INS v. Chadha, 462 U.S. at 947 (citing 2
Farrand, supra, 301-302, 304-305).
13
    **RESPONSE:**          Do you admit or deny with specificity?
14
    **REQUEST 94:** ADMIT OR DENY that whether actions authorized under a resolution
15   are "an exercise of legislative powers depends not on their form but upon 'whether they
contain matter which is properly to be regarded as legislative in its character and effect.'"
16   INS v. Chadha, 462 U.S. at 952 (quoting S. Rep. No. 1335, 54th Cong., 2d Sess., 8
(1897)). "If the power is legislative, Congress must exercise it in conformity with the
17   bicameralism and presentment requirements of Art. I, § 7." Metropolitan, 501 U.S. at
276. See also Bowsher v. Synar, 478 U.S. at 756 (Stevens, J., concurring) ("It is settled,
18   however, that if a resolution is intended to make policy that will bind the Nation, and
thus is 'legislative in its character and effect,' S. Rep. No. 1335, 54th Cong., 2d Sess., 8
19   (1897) – then the full Article I requirements must be observed. For 'the nature or
substance of the resolution, and not its form, controls the question of its disposition.'
20   Ibid.").
            "'Congress,'" of course, "'cannot grant to an officer under its control what it does
21   not possess.'" Metropolitan, 501 U.S. at 275 (quoting Bowsher v. Synar, 478 U.S. at
726). Congress does not possess the "'capab[ility] of transacting business'" and is not
22   "'entitled to exert legislative power,'" when its "legislative existence" has been
"terminate[d]" by an "adjournment." Pocket Veto Case, 279 U.S. at 681-683 (citations
23   omitted). "The limitation of the power of less than a quorum is absolute," House Doc.
No. 355, supra, Hinds' Precedents, Vol. V, Ch. CXL, § 6686, p. 851 (App. 102), and
24   includes the signing of an enrolled bill by the Speaker of the House, id., Vol. IV, Ch.
XCI, § 3458, p. 322, and presentment to the President of the United States. id., Ch. XCII,
25   §§ 3486, 3487 & 3497, pp. 332, 333 note 3, 344 & 345 (App. 95-98). Wright v. United
States, 302 U.S. 583, 600 (1938) (Stone, J., concurring) ("The houses of Congress, being
26   collective bodies, transacting their routine business by majority action are capable of
acting only when in session and by formal action recorded in their respective journals, or
27   by recognition, through such action, of an established practice.") Thus, "Congress," as
defined by the Constitution and Supreme Court, never "presented" *any* version of H.R.
28   3190 to the President of the United States.

1   Whether the action taken under H.Con.Res. 219 was an "exercise of legislative
power" depends upon whether it was essentially "legislative in purpose and effect." INS
2   v. Chadha, 462 U.S. at 952. "In short, when Congress '[takes] action that ha[s] the
purpose and effect of altering the legal rights, duties, and relations of persons … outside
3   the Legislative Branch,' it must take that action by the procedures authorized in the
Constitution." Metropolitan, 501 U.S. at 276, quoting INS v. Chadha, 462 U.S. at 952-
4   955. "If Congress chooses to use a [] resolution … as a means of expediting action, it
may do so, if it acts by both houses and presents the resolution to the President,"
5   Consumer Energy Council of America v. F.E.R.C., 673 F.2d 425, 476 (D.C. Cir. 1982),
aff'd mem. sub nom., Process Gas Consumers Group v. Consumer Energy Council of
6   America, 463 U.S. 1216 (1983).

7   The inescapable conclusion as to the "purpose and effect" of H.Con.Res. 219 was
to enact *a bill* the text of which at the time of adjournment on June 20, 1948, had not
8   been passed by both Houses, enrolled, certified as "truly enrolled," or signed by the
officers of the Houses or presented to the President of the United States with quorums
sitting.   In other words, H.Con.Res. 219 unconstitutionally permitted post-adjournment
9   legislative business to proceed without Congress and upon an unpassed bill.  Congress
did not follow the procedures mandated by Art. I, § 7, Cl. 2 and attempted to supersede
10  the quorum requirements of Art. I, § 5, Cl. 1 *via* a concurrent resolution to carry forth
legislative business with no legislature.  The 80th Congress surreptitiously provided a
11  bill, the text of which had never passed either House "'mask[ed] under … [the] indirect
measure,'" Metropolitan, supra, 501 U.S. at 277 (quoting Madison, The Federalist No.
12  48, p. 334 (J. Cooke 1961 ed.)), of a resolution purporting to authorize continuing
legislative action during adjournment with no quorum and no Congress of an extra-
13  congressional bill.   Public Law 80-772 did not "become a Law" as required by the
constitutional procedures mandated under Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2
14  and 3, and is unconstitutional and *void ab initio*.

15  "[W]hen action requiring a quorum was taken in the ascertained absence of a
quorum … the action [is] null and void," House Doc. No. 769, supra, Constitution of the
16  United States, § 55, p. [19] (citing Hinds' Precedents, Vol. IV, § 2964), and "a bill … not
actually passed [although] signed by the President [is to be] disregarded [requiring] a
new bill [to be] passed." House Doc. No. 769, § 103, p. [34] (citing Hinds' Precedents,
17  Vol. IV, § 3498) (App. 75).

18  **RESPONSE:**       Do you admit or deny with specificity?

19  **REQUEST 95:** ADMIT OR DENY that petitioner has established that the text of H.R.
3190 signed by respective House officers and the President of the United States: (1)
20  failed to pass the House of Representatives, and (2) that the legislative process continued
after Congress adjourned by single officers of each House acting pursuant to H.Con.Res.
21  219 without quorums in either House, all of which violated Article I, Section 5, Clause 1;
Article I, Section 7, Clause 2, and/or Article I, Section 7, Clause 3 – and any of which
22  rendered Public Law 80-772 unconstitutional and *void ab initio*.  Marbury v. Madison, 5
U.S. 137, 180 (1803) ("a law repugnant to the constitution is void; and … courts, as well
23  as other departments, are bound by that instrument").  Therefore, because "the offense[s]
charged … [were] placed by the law under [the] jurisdiction," of the district court below
24  pursuant to 18 U.S.C. § 3231 of Public Law 80-772, which is unconstitutional, and "void,
the court was without jurisdiction and the prisoner must be discharged." Yarbrough, 110
25  U.S. at 654.  Since Public Law 80-772 has never been enacted as required by Article I,
Section 5, Clause 1, and Article I, Section 7, Clauses 2 and 3 thereof, rendering *void ab
26  initio* the jurisdiction by which the respective district courts acted to convict, enter
judgment, and order Petitioners imprisoned in Executive custody, the district courts'
27  actions were "'*ultra vires*,'" Ruhrgas AG, 526 U.S. at 583 (quoting Steel Co., 523 U.S. at
101-102), and *coram non judice*." Rhode Island v. Massachusetts, 37 U.S. (12 Pet.) at
28  720.

**Appendix A - Page 22 of 26**

The conviction and judgment thereupon "being without jurisdiction, is void, and the order punishing … is equally void." Ex parte Fisk, 113 U.S. at 718; United States Cath. Conf., 487 U.S. at 77; Willy v. Coastal Corp., 503 U.S. at 139.  This is precisely the office and function of *habeas corpus – i.e.*, to "examin[e] … the jurisdiction of the court whose judgment of conviction is challenged," Bowen v. Johnston, 306 U.S. at 23, and where, as here, the court was clearly "without jurisdiction … the prisoner … must be discharged." Ex parte Yarbrough, 110 U.S. at 654.  See also Ex parte Lange, 85 U.S. (18 Wall.) 163, 166 (1874).

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 96:**  ADMIT OR DENY that R.A. Mitchell, who signs Levies, Liens, and Notice of Federal Tax Liens for the IRS either does not exist, or allows the signature of his person to be signed without knowledge of what is being signed.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 97:**  ADMIT OR DENY that the IRS must first properly assess a tax before collection, then must issue a Notice and Demand during the time frame required according to law before collection.

**RESPONSE:**        Do you admit or deny with specificity?

Date:   April 10, 2009

_____
James A. Mattatall,

### The following MAXIMS OF LAW and notices apply in this instant matter!

1.   To him consenting no injury is done.
2.   He who does not forbid, when he might forbid, commands.

**Notice,** James A. Mattatall does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of America, Internal Revenue Service, UNITED STATES DISTRICT COURT, United States District Court, or any non revealed entity involved in this instant matter! James A. Mattatall specifically forbids/denies permission for anyone to assume and act as if a contract exists between James A. Mattatall, and anyone or any entity associated with the instant matter that is the subject of this Notice. Any past contract that existed or exists with any party to this instant matter made prior to this notice is declared void ab inito due to Fraud and/or misrepresentation. Fraud vitiates even the most solemn contract. James A. Mattatall does not consent!

3.    He who consents cannot receive an injury.

**Notice,** James A. Mattatall does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED

1    STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of
     America, Internal Revenue Service, UNITED STATES DISTRICT COURT,
2    United States District Court, or any non revealed entity involved in this instant
     matter. James A. Mattatall specifically denies permission for anyone to assume
3    and/or as if a contract exists between James A. Mattatall, and anyone or any entity
     associated with the instant matter that is the subject of this Notice. Any past
4    contract that existed or exists with any party to this instant matter made prior to this
     notice is declared void ab inito due to Fraud and/or misrepresentation. Fraud
5    vitiates even the most solemn contract. James A. Mattatall does not consent!

6    4.    Where truth is, fiction of law does not exist.

7    5.    It is immaterial whether a man gives his assent by words or by acts and deeds.

8          **Notice,** James A., Mattatall specifically denies permission for anyone to assume
           and act as if a contract exists between James A. Mattatall, and anyone or any entity
9          associated with the instant matter that is the subject of this Notice. Any past
           contract that existed or exists with any party to this instant matter made prior to this
10         notice is declared void ab inito due to Fraud and/or misrepresentation. Fraud
           vitiates even the most solemn contract.
11

12   6.    He who does not forbid what he can forbid, seems to assent.

13         **Notice,** James A. Mattatall does not consent to any contract with any party
           associated with or directly connected to the subject matter herein or UNITED
14         STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of
           America, Internal Revenue Service, UNITED STATES DISTRICT COURT,
15         United States District Court, or any non revealed entity involved in this instant
           matter. James A. Mattatall specifically denies permission for anyone to assume
16         and/or as if a contract exists between James A. Mattatall, and anyone or any entity
           associated with the instant matter that is the subject of this Notice Any past contract
17         that existed or exists with any party to this instant matter made prior to this notice is
           declared void ab inito due to Fraud and/or misrepresentation.  Fraud vitiates even
18         the most solemn contract. James A. Mattatall does not consent!

19   7.    He who does not repel a wrong when he can, induces it.

20         **Notice,** James A. Mattatall does not consent to any contract with any party
           associated with or directly connected to the subject matter herein or UNITED
21         STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of
           America, Internal Revenue Service, UNITED STATES DISTRICT COURT,
22         United States District Court, or any non revealed entity involved in this instant
           matter. James A. Mattatall specifically denies permission for anyone to assume
23         and/or as if a contract exists between James A. Mattatall, and anyone or any entity
           associated with the instant matter that is the subject of this Notice. Any past
24         contract that existed or exists with any party to this instant matter made prior to this
           notice is declared void ab inito due to Fraud and/or misrepresentation.  Fraud
25         vitiates even the most solemn contract. James A. Mattatall, does not consent!

26   8.    The power which is derived cannot be greater than that from which it is derived.

27   9.    One cannot transfer to another a right which he has not.

28   10.   The multitude of those who err is no excuse for error.


**Appendix A - Page 24 of 26**

11. An error not resisted is approved.

**Notice,** James A. Mattatall, does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of America, Internal Revenue Service, UNITED STATES DISTRICT COURT, United States District Court, or any non revealed entity involved in this instant matter. James A. Mattatall, specifically denies permission for anyone to assume and/or as if a contract exists between James A. Mattatall, and anyone or any entity associated with the instant matter that is the subject of this Notice. Any past contract that existed or exists with any party to this instant matter made prior to this notice is declared void ab inito due to Fraud and/or misrepresentation.   Fraud vitiates even the most solemn contract. James A. Mattatall, does not consent!

12. He who is silent appears to consent.

**Notice,** James A. Mattatall does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of America, Internal Revenue Service, UNITED STATES DISTRICT COURT, United States District Court, or any non revealed entity involved in this instant matter. James A., Mattatall specifically denies permission for anyone to assume and/or as if a contract exists between James A., of the family Mattatall, and anyone or any entity associated with the instant matter that is the subject of this Notice Any past contract that existed or exists with any party to this instant matter made prior to this notice is declared void ab inito due to Fraud and/or misrepresentation.   Fraud vitiates even the most solemn contract. James A. Mattatall does not consent!

13. All things are presumed to be lawfully done and duly performed until the contrary is proven.

Such as when we fail to dispute the presumption that the alleged "officer" was lawfully appointed, has taken & filed the oaths and/or bonds as required by law and was proceeding in a lawful manner.
The simple fact is that those acts of those actors are unlawful and are under color of office and color of law.

Respectfully submitted this 10th day of April 2009.

_____
James Arnold: Mattatall

1

## CERTIFICATE OF SERVICE

2

On this 10th day of April, 2009, a true and correct copy of this Response, **FIRST**

3

**REQUEST FOR ADMISSIONS,** was sent to the opposing attorneys of record by

4

first class mail, postage prepaid or better.

5

6

7

_____

James Arnold: Mattatall

8

9

THOMAS P. O'BRIEN                    Certified Mail Number: <u>7008 0500 0001 9088 1522</u>
United States Attorney

10

SANDRA BROWN
Assistant United States Attorney

11

ROBERT CONTE
Assistant United States Attorney

12

Federal Building, Room 7211
300 North Los Angeles Street

13

Los Angeles California  90012

14

MICHAEL R. PAHL                    Certified Mail Number: <u>7008 0500 0001 9088 6190</u>
Mn. Bar. No. 0234539

15

Trial Attorney, Tax Division
U.S. Department of Justice

16

Post Office Box 7238
Ben Franklin Station

17

Washington, D.C.  20044

18

19

20

21

22

23

24

25

26

27

28

**Appendix A -** Page 26 of  26



U.S. Department of Justice

Tax Division

*Facsimile No. (202) 514-6770*
*Trial Attorney:  Michael R. Pahl*
*Attorney's Direct Line:  (202) 514-6488*

*Please reply to:  Civil Trial Section, Central Region*
*P.O. Box 7238*
*Ben Franklin Station*
*Washington, D.C.  20044*

JAD:SGH:MRPahl
5-12C-27406
CMN2003106134

April 20, 2009

James A. Mattatall
1880 West Carson Street, *F-349
Torrance, CA
(310) 530-6306

Re:   *United States v. Mattatal*

Dear Mr. Mattatall:

I have received your First Request for Admissions dated April 10, 2009.  A final judgment has been entered in the civil case and the United States has moved to hold you in contempt under Rule 42(a) of the Federal Rules of Criminal Procedure.  Thus, this case is governed by the Federal Rules of Criminal Procedure, and you are not entitled to conduct discovery under the Federal Rules of Civil Procedure.  For this reason, the United States will not respond to your First Request for Admissions or any discovery propounded under the Federal Rules of Civil Procedure.

Sincerely yours,



s/Michael R. Pahl
MICHAEL R. PAHL
Trial Attorney
Civil Trial Section, Central Region

cc:    Robert Conte, Esq.     (by e-mail only)
       Richard Callahan, Esq. (b e-mail only)

Exhibit B - 1 of 1

# CALIFORNIA COPY CERTIFICATION BY DOCUMENT CUSTODIAN

I, _James Arnold: Mattatall_, hereby swear (or affirm) that the attached reproduction

of _Re: United States v. Mattatoll, dated April 20, 2009_ is a true, correct and complete
<small>Description of Original Document</small>

photocopy of a document in my possession.

_____
<small>Signature of Custodian of Original Document</small>

_1880 W. Carson St #E-349 Torrance, Cal._
<small>Address</small>

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on
this _11th_ day of _August_, 20_09_, by
<small>Date        Month        Year</small>

_James Arnold Mattatall_,
<small>Name of Custodian of Original Document</small>

proved to me on the basis of satisfactory evidence to
be the person(s) who appeared before me.

**R. COWAN**
**COMM. #1697830**
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Nov. 3, 2010

Signature _R. Cowan_
<small>Signature of Notary Public</small>

<small>Place Notary Seal Above</small>

———————————— **OPTIONAL** ————————————

*Though the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document Copy**

Title or Type of Document: _U.S. DEPT. of JUSTICE - LETTER TO JAMES A. MATTATALL_

Document Date: _APRIL 20, 2009_ Identifying No.: _EXHIBIT B_ No. of Pages: _ONE_

Signer(s) or Issuing Agency: _Michael R. PAHL._

**Capacity Claimed by Custodian**

[✓] Individual    ☐ Attorney    ☐ Trustee    ☐ Business Proprietor or Manager

☐ Corporate Officer — Title: _____

☐ University or School Officer — Title: _____

☐ Governmental Officer or Agent — Title: _____

☐ Other: _____

Custodian Is Representing: _HIMSELF_

**RIGHT THUMBPRINT OF CUSTODIAN**
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5911    Reorder: Call Toll-Free 1-800-876-6827

## Main Identity from Jim's Computer

**From:** "Richard M. Callahan, Jr." <rmcallahanjr@earthlink.net>
**To:** <mattatal@flash.net>
**Sent:** Sunday, June 28, 2009 10:43 AM
**Attach:** Mattatall form trial subpoena.pdf
**Subject:** Trial subpoena

James:

As promised, here is a form trial subpoena for your use.  I filled out all of the basic information for you (this form, and many others, is available at the Central District of California website, http://www.cacd.uscourts.gov/).

All you will need to do is to insert the name of the witness, identify any documents they need to bring to court, and then sign the "attorney" line at the bottom of page one, "James A. Mattatall, in pro per."  You can type in the name and document section right in the pdf file, or you can simply print it out and type in the final details.

Whoever serves these subpoenas will fill out the "proof of service" page.  It appears that the witness must be provided a check to cover $40 for one day's witness fees, plus $1.10/mile in travel costs.

Let me know how else I can assist.

Rick Callahan

Richard M. Callahan, Jr.
225 South Lake Avenue, Suite 300
Pasadena, California 91101
Telephone:  626.202.4060
Facsimile:  626.794.4676
Email:  rmcallahanjr@earthlink.net

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4194 (20090628) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

APPENDIX C - 1 OF 4

AO 88 (Rev. 01/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 03-7016 DDP (PJWx) |
| James A. Mattatall | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court<br>312 North Spring Street<br>Los Angeles, CA 90012 | Courtroom No.: 3 |
|---|---|
| | Date and Time: 09/15/2009 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

      *CLERK OF COURT*

                                  OR

              _____                _____
            *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*       defendant
_____ James A. Mattatall, in pro per _____ , who issues or requests this subpoena, are:

James A. Mattatall             E-mail: mattatal@flash.net
1880 West Carson Street, #F-349     Phone: (310) 530-6306
Torrance, CA 90710

APPENDIX 2 OF 4

AO 88 (Rev.01/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  03-7016 DDP (PJWx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

APPENDIX C - 3 OF 4

AO 88  (Rev. 01/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

APPENDIX C-4 OF 4

## Main Identity from Jim's Computer

| | |
|---|---|
| **From:** | "Richard M. Callahan, Jr." <rmcallahanjr@earthlink.net> |
| **To:** | "'James Arnold: Mattatall'" <mattatal@flash.net> |
| **Sent:** | Monday, August 03, 2009 7:11 AM |
| **Attach:** | Mattatall form criminal subpoena.pdf |
| **Subject:** | RE: Trial subpoena |

James:

I understand the process to be that this is a criminal contempt hearing as a result of violations occurring during your civil case. I checked the docket this morning, and the civil case is the only case against you in this district. There is no separate criminal case. Regardless, I have prepared a form criminal subpoena for you as well. I will check with the court clerk this morning to confirm.

Rick Callahan

---

**From:** James Arnold: Mattatall [mailto:mattatal@flash.net]
**Sent:** Sunday, August 02, 2009 10:03 PM
**To:** Richard M. Callahan, Jr.
**Subject:** Re: Trial subpoena

Hi Mr. Callahan,

The Subpoena you sent me is a civil Subpoena. Palh stated that he would not answer the admissions I submitted to him because this is a criminal trial.

I need to have Criminal Subpoenas for a criminal trial, isn't that correct? Would you please send me the criminal subpoenas or am I mistaken and this is a civil trial?

My time is running short and I need to know this information ASAP along with the proper subpoenas as well. Please email the answer to me and i'll call you Monday also.

Thanks,
Jim.

----- Original Message -----
**From:** Richard M. Callahan, Jr.
**To:** mattatal@flash.net
**Sent:** Sunday, June 28, 2009 10:43 AM
**Subject:** Trial subpoena

James:

As promised, here is a form trial subpoena for your use. I filled out all of the basic information for you (this form, and many others, is available at the Central District of California website, http://www.cacd.uscourts.gov/).

All you will need to do is to insert the name of the witness, identify any documents they need to bring to court, and then sign the "attorney" line at the bottom of page one, "James A. Mattatall, in pro per." You can type in the name and document section right in the pdf file, or you can simply print it out and type in the final details.

Whoever serves these subpoenas will fill out the "proof of service" page. It appears

APPENDIX D - 1 OF 4                                    8/11/2009

that the witness must be provided a check to cover $40 for one day's witness fees, plus $1.10/mile in travel costs.

Let me know how else I can assist.

Rick Callahan

Richard M. Callahan, Jr.
225 South Lake Avenue, Suite 300
Pasadena, California 91101
Telephone: 626.202.4060
Facsimile: 626.794.4676
Email: *rmcallahanjr@earthlink.net*

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4194 (20090628)
_____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4300 (20090803) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

APPENDIX D - 2 of 4                    8/11/2009

1880 West Carson Street, #F-349
Torrance, CA 90710
(310) 530-6306

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
| --- | --- | --- |
| | PLAINTIFF | 03-7016-DDP |
| v. | | |
| JAMES A. MATTATALL | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO:

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: United States District Court, 312 N. Spring Street, Los Angeles, CA 90012 , Courtroom: 3 (Pregerson)

Date: September 15, 2009 , Time: 9:00 a.m. .

☐ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):



_Terry Nafisi_
Terry Nafisi, Clerk of Court

Date

APPENDIX D-3 of 4

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **Received by Server** | | |
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ Yes ☐ No Amount $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.


Executed on _____     _____
                    *Date*                          *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

APPENDIX  D - 4 OF 4

**Main Identity from Jim's Computer**

| | |
|---|---|
| **From:** | "Richard M. Callahan, Jr." <rmcallahanjr@earthlink.net> |
| **To:** | "'James Arnold: Mattatall'" <mattatal@flash.net> |
| **Sent:** | Wednesday, August 05, 2009 6:43 PM |
| **Attach:** | Mattatall form criminal subpoena.pdf |
| **Subject:** | FW: Trial subpoena |

James:

I spoke with Judge Pregerson's clerk about your subpoena issue, and he confirmed that this is a civil case, with a possible criminal penalty due to the contempt issue.  In other words, it appears that your original civil subpoena was correct.

Please let me know how I can help.

RMC

---

**From:** Richard M. Callahan, Jr. [mailto:rmcallahanjr@earthlink.net]
**Sent:** Monday, August 03, 2009 7:12 AM
**To:** 'James Arnold: Mattatall'
**Subject:** RE: Trial subpoena

James:

I understand the process to be that this is a criminal contempt hearing as a result of violations occurring during your civil case.  I checked the docket this morning, and the civil case is the only case against you in this district.  There is no separate criminal case.  Regardless, I have prepared a form criminal subpoena for you as well.  I will check with the court clerk this morning to confirm.

Rick Callahan

---

**From:** James Arnold: Mattatall [mailto:mattatal@flash.net]
**Sent:** Sunday, August 02, 2009 10:03 PM
**To:** Richard M. Callahan, Jr.
**Subject:** Re: Trial subpoena

Hi Mr. Callahan,

The Subpoena you sent me is a civil Subpoena.  Palh stated that he would not answer the admissions I submitted to him because this is a criminal trial.

I need to have Criminal Subpoenas for a criminal trial, isn't that correct?  Would you please send me the criminal subpoenas or am I mistaken and this is a civil trial?

My time is running short and I need to know this information ASAP along with the proper subpoenas as well.  Please email the answer to me and i'll call you Monday also.

Thanks,
Jim.

> ----- Original Message -----
> **From:** Richard M. Callahan, Jr.
> **To:** mattatal@flash.net

ADDENDIX E-1 of 3                                        8/11/2009

**Sent:** Sunday, June 28, 2009 10:43 AM
**Subject:** Trial subpoena

James:

As promised, here is a form trial subpoena for your use.  I filled out all of the basic information for you (this form, and many others, is available at the Central District of California website, http://www.cacd.uscourts.gov/).

All you will need to do is to insert the name of the witness, identify any documents they need to bring to court, and then sign the "attorney" line at the bottom of page one, "James A. Mattatall, in pro per."  You can type in the name and document section right in the pdf file, or you can simply print it out and type in the final details.

Whoever serves these subpoenas will fill out the "proof of service" page.  It appears that the witness must be provided a check to cover $40 for one day's witness fees, plus $1.10/mile in travel costs.

Let me know how else I can assist.

Rick Callahan

Richard M. Callahan, Jr.
225 South Lake Avenue, Suite 300
Pasadena, California 91101
Telephone:  626.202.4060
Facsimile:  626.794.4676
Email:  rmcallahanjr@earthlink.net

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4194 (20090628)
_____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4300 (20090803)
_____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4310 (20090805)
_____

The message was checked by ESET NOD32 Antivirus.

APPENDIX E - 2 OF 3                    8/11/2009

http://www.eset.com

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4310 (20090805) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com