

James Arnold: Mattatall
1880 West Carson Street, #F-349
Torrance, California
(310) 530-6306

FILED
CLERK, U.S. DISTRICT COURT

MAY 12
5-12-09

CENTRAL DISTRICT OF CA...
BY ___

RECEIVED
BUT
NOT FILED

MAY 12 2009

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| UNITED STATES OF AMERICA | © 2009 |
| --- | --- |
| Plaintiff | C.A. No. CV03-07016 DDP (PJWx) |
| v. | **Done by Affidavit** |
| JAMES A. MATTATALL | **Verified** |
| Defendant | |

## NOTICE OF ADMITTED FACTS

**A.    Introduction**

Comes now Defendant/Respondent and notices the court of admitted facts in this case pursuant to F.R.Civ.P. 26 and 36(b)(1).

Since the facts are admitted, Defendant/Respondent requests that the court take judicial notice of these facts and since the facts require dismissal of the actions taken herein, Defendant requests immediate dismissal of the case.

Attached are the facts admitted in this case, certified as true and correct copies of the originals.  Appendix/Exhibit A.

**B.    Prayer for Relief**

For the reasons invoked previously, Defendand/Respondent prays that the court:

A.    Take judicial notice of the facts admitted in this case and uncontested by Defendants.

B.      Dismiss the case with prejudice.

Respectfully submitted this 12th day of May, 2009.


_____
James Arnold: Mattatall


## VERIFICATION

I certify that on this the 12th day of May, 2009, the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746, that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.


_____
James Arnold: Mattatall


## VERIFICATION OF Attachments/Exhibits

I certify that the **Appendix/Exhibit A** is true and correct copies of the original documents and so state under the penalty of perjury pursuant to 28 USC § 1746, that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.


_____
James Arnold: Mattatall

1

## CERTIFICATE OF SERVICE

2

3    On this 12th day of May, 2009, a true and correct copy of this Notice, **NOTICE OF ADMITTED FACTS,** was sent to the opposing attorneys of record by first class mail, postage prepaid or better.

4

5                                              James Arnold: Mattatall

6

7    THOMAS P. O'BRIEN                Certified Mail Number: 7009 0080 0001 3012 0407
     United States Attorney
8    SANDRA BROWN
     Assistant United States Attorney
9    ROBERT CONTE
     Assistant United States Attorney
10   Federal Building, Room 7211
     300 North Los Angeles Street
11   Los Angeles California  90012

12   MICHAEL R. PAHL                  Certified Mail Number: 7009 0080 0001 3012 0414
     Mn. Bar. No. 0234539
13   Trial Attorney, Tax Division
     U.S. Department of Justice
14   Post Office Box 7238
     Ben Franklin Station
15   Washington, D.C.  20044

16

17

18

19

20

21

22

23

24

25

26

27

28

1    James Arnold: Mattatall
     1880 West Carson Street, #F-349
2    Torrance, California
     (310) 530-6306
3
                                              $EXHIBIT$
4
                                              $A$
5

6                    **UNITED STATES DISTRICT COURT**

7              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8                       **WESTERN DIVISION**

9

10   UNITED STATES OF AMERICA

11       Plaintiff                    C.A. No. CV03-07016 DDP (PJWx)

12   v.

13   JAMES A. MATTATALL

14       Defendant

15                 **FIRST REQUEST FOR ADMISSIONS**

16   To: UNITED STATES OF AMERICA;
     UNITED STATES DEPARTMENT OF JUSTICE;
17   U S Attorney, Central District of California
     Western Division
18

19       **NOW COMES, James A. of the family Mattatall, Petitioner, unrepresented,**

20   **and respectfully serves these Requests for Admissions upon the above named**

21   **entities which are an agency within the control of, or acting on behalf of**

22   **Respondent, pursuant to Federal Rules of Civil Procedure 36 and 26(b)(1).  The**

23   **Respondent must serve an answer to each request truthfully and specifically point**

24   **for point and separately and fully, in writing and by responding, respondent**

25   **certifies he/she has taken the following oath of office pursuant to the**

26   **Constitutional requirement prior to his/her governmental employment!  The**

27   **respondent, by responding declares he/she has taken the following oath in writing**

28   **as a requirement of their public servant Contract with the United States, their**

1   employer; ["I __*enter respondents name here*_____do solemnly swear (or affirm)

2   that I will support and defend the Constitution of the  United States of America

3   against all enemies, foreign or domestic; that I will bear true faith and allegiance

4   to the same: that I take this obligation freely, without mental reservation or

5   purpose of evasion: and that I will well and faithfully discharge the duties of the

6   office I hold  So Help Me God"].,   Failure to respond with the certification of the

7   above oath will deem the admissions as admitted facts of this matter any future

8   case involving this defendant.

9                                   DEFINITIONS

10       The following terms have the following meanings, unless the context requires

11   otherwise:

12

13   1.    Parties.        The term "Petitioner" or "Respondent" as well as a party's full or

14   abbreviated name or pronoun referring to a party, means the party and, where applicable,

15   his/her/its agents, representatives, officers, directors, employees, partners, corporate

16   parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery

17   obligation on any person who is not a party to the litigation.

18

19   2.    Person.        The term "person" is defined as any natural person, any business, a

20   legal or governmental entity, or an association.

21

22   3.    Document.      The term "document" is defined to be synonymous in meaning and

23   equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and

24   includes computer records in any format.  A draft or non-identical copy is a separate

25   document within the meaning of this term.  The term "document" includes "any tangible

26   things" as that term is used in Rule 34(a).

27

28

1  4.     Communication.     The term "communication" means the transmittal of

2  information in the form of facts, ideas, inquiries, or otherwise.

3

4  5.     Relating.     The term "relating" means concerning, referring, describing,

5  evidencing, or constituting, directly or indirectly.

6

7  6.     All/Each.     The terms "all" and "each" should be construed as "and", "each",

8  and "and/or".

9  7.     Any.     The term "any" should be understood in either its most or it's least

10  inclusive sense as necessary to bring within the scope of the discovery request all

11  responses that might otherwise be construed to be outside of its scope.

12

13  8.     And/Or.     The connections "and" and "or" should be construed either

14  disjunctively or conjunctively as necessary to bring within the scope of the discovery

15  request all responses that might otherwise  be construed to be outside of its scope.

16

17  9.     Number.     The use of the singular form of any word includes the plural and

18  vice versa.

19

20  10.     Oath.     Is declared to be as follows, "I __*enter respondent's name*

21  *here*__do solemnly swear (or affirm) that I will support and defend the Constitution of

22  the United States of America against all enemies, foreign or domestic; that I will bear

23  true faith and allegiance to the same: that I take this obligation freely, without

24  mental reservation or purpose of evasion: and that I will well and faithfully discharge the

25  duties of the office I hold   So Help Me God"

26

27  The following **REQUESTS FOR ADMISSIONS** are a reasonably concise list of causes

28  for challenging and requiring you to verify your lawful authority and for you to correct

1  your mistakes and bond your action. The list includes authority references sufficient to

2  provide notice and enable you to make inquiry reasonable under the circumstance.

3  Where truth is, fiction of law does not exist.

4

5  Petitioner requests that  the representatives of the UNITED STATES OF AMERICA, and

6  the Department of Justice and the Internal Revenue Service agency employees named as

7  Plaintiffs in this case, admit or deny the following requests for admissions, as authorized

8  by Federal Rules of Civil Procedure 36 and 26(b)(1). The respondent/s must serve an

9  answer to each request truthfully, specifically, separately and fully, in writing and under

10  proper oath within 10 days after service.  Failure to respond to each and every REQUEST

11  will constitute an admission on the record for any future action upon the defendant

12  named above. .

13

14  **REQUEST 1:** ADMIT OR DENY that <u>Public Law 80-772,</u> which purported to *enact*
    Title 18, United States Code, otherwise known as the Act of June 25, 1948,  and which
15  included Section 3231, specifically, 62 Stat. 826, the jurisdictional statute which purports
    to confer upon 'the district courts of the United States original jurisdiction…of all
16  offenses against the laws of the United States', was never enacted into law as required by
    the Constitution of the United States because different bills passed each House of
17  Congress, the houses never voted on the bill as passed by the other house, the engrossed
    bill passed by the House of Representatives was endorsed as truly enrolled, the House
18  had no quorum when it voted on the bill on May 12, 1947, no quorum existed and
    Congress was fully adjourned when the President pro tempore of the Senate and the
19  Speaker of the House signed the bill on June 23, 1948, the House did not vote on the
    Senate version of the bill in 1948, and the President of the United States signed into law
20  the Senate bill which was not endorsed as truly enrolled and was never passed in either
    1947 or 1948 by the House as acknowledged by the House of  Representatives, on June
21  25, 1948, after Congress was fully adjourned and not in session, and is therefore *void ab*
    *initio*.
22
    **RESPONSE:**          Do you admit or deny with specificity?
23
    **REQUEST 2:**  ADMIT OR DENY that the government can not produce a valid statute
24  to be used in this case.

25  **RESPONSE:**          Do you admit or deny with specificity

26  **REQUEST 3:** ADMIT OR DENY that Title 5, Section 551, 552, which controls who
    falls under the jurisdiction of the administrative courts, only applies to government
27  employees, not individual men and women who live in the United States.

28  **RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 4:** ADMIT OR DENY that the federal courts are registered with Dun & Bradstreet as business corporations making money for a profit and sell and trade bonds on Defendants in federal criminal cases.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 5:** ADMIT OR DENY that the federal district courts are administrative courts, not Constitutional courts, and the federal district court judge in this case took a form 61 Commissioners Oath as an administrative employee of the Department of Justice and is not an Article III judge.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 6:** ADMIT OR DENY that judges in federal IRS cases often receive compensation in the form of bonuses or other compensation

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 7:** ADMIT OR DENY that the judge in this case has received compensation in the past for handling or overseeing IRS cases.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 8:** ADMIT OR DENY that the Department of Justice uses Title 26, but the Internal Revenue Service uses the Internal Revenue Code, which creates two separate and distinct legal bases.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 9:** ADMIT OR DENY that The Government Organization Chart shows no listing for the Internal Revenue Service.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 10:** ADMIT OR DENY that IRS employees are not paid by the U.S. government.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 11:** ADMIT OR DENY that taxes are to be collected by the Financial Management Services.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 12:** ADMIT OR DENY that although the Internal Revenue Code has been enacted (in 1939 and 1954) and is laid out exactly like Title 26, Title 26 has not been enacted into Positive Law Title with Enacting Cites and Location to Revision Notes,. See act of Feb. 10, 1939, ch. 2, 53 Stat. 1; and act of Aug. 16, 1954, ch. 736, 68A Stat. 3. The Tax Reform Act of 1986, Pub. L. 99-514, § 2, renamed the Code as the Internal Revenue Code of 1986, bud did not make wholesale changes to it. There are no historical and revision notes and amendment notes only go back to 1954, as if it were a positive law title. The Appendix to Title 26 consists of the rules and procedures of the U.S. Tax Court.

1 | **RESPONSE:**       Do you admit or deny with specificity?

2 | **REQUEST 13:** ADMIT OR DENY that neither the U.S. government nor the Internal
3 | Revenue Service has authority to imprison someone for failure to pay a debt except for
child support as provided by the Constitution, Article III Legislative Department, Section
38, Imprisonment for Debt. 13th Amendment of Constitution of the United States.

4

5 | **RESPONSE:**       Do you admit or deny with specificity?

6 | **REQUEST 14:** ADMIT OR DENY that The Lien Registration Act of 1966 requires the
IRS to meet 3 criteria in order to file a valid lien for tax liability:  a) Produce a Written
7 | Agreement; b) Produce a court order authorizing the filing of the lien; and c) File a UCC
1 on its claim.  Without production of all 3 items, an IRS lien is not valid.

8 | **RESPONSE:**       Do you admit or deny with specificity?

9 | **REQUEST 15:** ADMIT OR DENY that the Internal Revenue Service has no authority to
receive 1040 or 1041 forms from U.S. citizens.

10

11 | **RESPONSE:**       Do you admit or deny with specificity?

12 | **REQUEST 16:** ADMIT OR DENY that the Internal Revenue Service is not required to
comply with the Administrative Procedures Act (APA), the Paperwork Reduction Act,
use Office of Management and Budget forms.

13

14 | **RESPONSE:**       Do you admit or deny with specificity?

15 | **REQUEST 17:** ADMIT OR DENY that the Internal Revenue Service has no statutory
authority to seize property from U.S. citizens.

16 | **RESPONSE:**       Do you admit or deny with specificity?

17 | **REQUEST 18:** ADMIT OR DENY that when a person registers with the Social Security
18 | Administration pursuant to the Social Security Act it does not make that person a
taxpayer or a government employee.

19 | **RESPONSE:**       Do you admit or deny with specificity?

20 | **REQUEST 19:** ADMIT OR DENY that the Internal Revenue Service, which has
21 | implementing regulations that must be followed, has no authority to summons anyone
prior to establishing they are in fact liable for income tax.

22 | **RESPONSE:**       Do you admit or deny with specificity?

23 | **REQUEST 20:** ADMIT OR DENY that Title 26 falls under Admiralty and Maritime
Law and that all revenue cases are governed by Admiralty and Maritime Law.

24

25 | **RESPONSE:**       Do you admit or deny with specificity?

26 | **REQUEST 21:** ADMIT OR DENY that all Admiralty and Maritime cases are based on
contracts or obligations, and that no contract or obligation has been created between the
27 | Defendant in this case and the court, the Department of Justice, or the Internal Revenue
Service.

28 | **RESPONSE:**       Do you admit or deny with specificity?

**REQUEST 22:** ADMIT OR DENY that the United States of America is a foreign corporation and the Prosecutor in this case and the Judge in this case both work for the United States of America, a foreign corporation.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 23:** ADMIT OR DENY that the Prosecutor as Plaintiff in this case has not produced an injured real party as is required by common law and admiralty law.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 24**: ADMIT OR DENY that IRS agents typically use fictitious names.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 25:** ADMIT OR DENY that IRS agents are ATF officers.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 26:** ADMIT OR DENY that IRS agents work for a foreign corporation and are unregistered foreign agents.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 27:** ADMIT OR DENY that IRS agents routinely file affidavits in the court that are fraudulent because they are not notarized and because they use two different names as an agent of the Internal Revenue Service.

**RESPONSE:**      Do you admit or deny with specificity?
**REQUEST 28:** ADMIT OR DENY that Internal Revenue Service agents do not have the statutory right to levy an assessment.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 29:** ADMIT OR DENY that the Internal Revenue Service Agents in this case are   unregistered foreign agents.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 30:** ADMIT OR DENY that all Internal Revenue Service Agents are unregistered foreign agents.
**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 31:** ADMIT OR DENY that revenues derived from the collection of taxes by the Internal Revenue Service go to the International Monetary Fund.

**RESPONSE:**      Do you admit or deny with specificity?

**REQUEST 32:** ADMIT OR DENY: After exhaustive study of internal revenue laws of the United States, James A., of the family Mattatall, has concluded that very few private sector men and women and private sector domestic corporations, partnerships, etc., are liable for federal income taxes imposed by Subtitle A of the Internal Revenue Code that require keeping books and records and filing returns.

1 | **RESPONSE:**        Do you admit or deny with specificity?

2 | **REQUEST 33:** ADMIT OR DENY: Taxing and liability statutes do not apply to income sources and activities of private sector Americans and private sector domestic juristic
3 | entities other than those who receive income from foreign sources, insular possessions of the United States, and maritime activity regulated by treaty or trade agreement.

4

**RESPONSE:**        Do you admit or deny with specificity?

5

**REQUEST 34:** ADMIT OR DENY: Employment (social welfare) taxes imposed by
6 | Chapter 21 of the Internal Revenue Code are mandatory and elective only in possessions of the United States. See definitions of "State", "United States" and "citizen" at 26 CFR §
7 | 31.3121(e)-1.

8 | **RESPONSE:**        Do you admit or deny with specificity?

9 | **REQUEST 35:** ADMIT OR DENY:  However, Congress has enacted legislation that permits federal employees to participate in these social welfare programs; legislatures of
10 | States of the Union have enacted legislation that authorizes state governments and their respective political subdivisions to participate in federal social welfare programs.

11

**RESPONSE:**        Do you admit or deny with specificity?

12

**REQUEST 36:** ADMIT OR DENY:  There is no corresponding provision in Title 26
13 | that extends to the private sector population in States of the Union.

14 | **RESPONSE:**        Do you admit or deny with specificity?

15 | **REQUEST 37:** ADMIT OR DENY: The Constitution of the United States does not authorize Congress to tax one for the benefit of another; therefore social welfare taxes are
16 | beyond the scope of constitutionally enumerated powers.

17 | **RESPONSE:**        Do you admit or deny with specificity?

18 | **REQUEST 38:** ADMIT OR DENY:  Further, social welfare taxes are direct taxes that fall within the scope of the apportionment clause; they do not fall within the scope of the
19 | uniformity clause. The Sixteenth Amendment did not alter or otherwise affect distinction between the two.

20

**RESPONSE:**        Do you admit or deny with specificity?

21

**REQUEST 39:** ADMIT OR DENY:  Chapter 24 of the Internal Revenue Code does not
22 | impose a tax, but merely authorizes withholding of Subtitle A & C income and employment taxes from wages of employees, as defined at 26 U.S.C. § 3401(c), by
23 | employers, as defined at 26 U.S.C § 3401(d), thereby Chapter 24 withholding at the source provisions are exclusively applicable to governmental entities and government
24 | personnel.

25 | **RESPONSE:**        Do you admit or deny with specificity?

26 | **REQUEST 40:** ADMIT OR DENY:  In order to withhold from wages, the employer must first receive the Form 8655 reporting agent certificate from the Treasury Financial
27 | Management Service then file the completed form with the Andover office of the Internal Revenue Service. See § 3.0.258.4 (11/21/97) of the Internal Revenue Manual, January
28 | 1999 edition on CD.

1  **RESPONSE:**       Do you admit or deny with specificity?

2  **REQUEST 41:** ADMIT OR DENY: Court documents and published district and circuit
   court decisions verify that the Internal Revenue Service is agent of the [federal] United
3  States of America, not Government of the United States. (See 26 U.S.C. § 7402: "The
   district courts of the United States at the instance of the United States shall have
4  jurisdiction.").

5  **RESPONSE:**       Do you admit or deny with specificity?

6  **REQUEST 42:** ADMIT OR DENY:  Court records therefore verify that Internal Revenue
   Service personnel are agents of a foreign government and all Internal Revenue Service
7  claims are made on behalf of a government foreign to the United States and States of the
   Union.
8
   **RESPONSE:**       Do you admit or deny with specificity?
9
   **REQUEST 43:** ADMIT OR DENY:  For distinction between the "United States" and
10 the "United States of America" as unique and separate governmental entities, see
   historical and revision notes  following 18 U.S.C. § 1001 and Attorney General
11 delegation orders to the Director of the Bureau of Prisons, 28 CFR §§ 0.96 (custody of
   prisoners of the United States) & 0.96b (transfer of United States of America prisoners to
12 United States custody).

13 **RESPONSE:**       Do you admit or deny with specificity?

14 **REQUEST 44:** ADMIT OR DENY:  The Internal Revenue Service, successor of the
   Bureau of Internal Revenue, was not created by Congress, as required by  Article I § 8,
15 clause 18 of the Constitution of the United  States, so cannot legitimately enforce internal
   revenue  laws of the United States in States of the Union. (See Statement of IRS
16 organization at 39 Fed. Reg. 11572, 1974-1 Cum. Bul. 440, 37 Fed. Reg. 20960, and the
   Internal Revenue Manual 1100 through the 1997 edition; see also,  United States v.
17 Germaine, 99 U.S. 508 (1879); Norton v. Shelby County, 118 U.S. 425, 441, 6 S.Ct.
   1121 (1886), and numerous other cases that reinforce the determination  "there can be no
18 officer, either de jure or de facto, if there be no office to fill.")

19 **RESPONSE:**       ·  Do you admit or deny with specificity?

20 **REQUEST 45:** ADMIT OR DENY:  The Internal Revenue Service is not the "delegate"
   of the Secretary of the Treasury, as the term is defined at 26 U.S.C. § 7701(a) (12) (A).
21
   **RESPONSE:**       Do you admit or deny with specificity?
22
   **REQUEST 46:** ADMIT OR DENY:  The Internal Revenue Service operates in an
23 ancillary or other secondary capacity under contract, memorandum of agreement or some
   comparable device to provide services under original authority delegated to the Treasury
24 Financial Management Service or some other bureau of the Department of the Treasury;
   the contracted or otherwise authorized   services extend only to government employees
25 and employers, as defined at 26 U.S.C. §§ 3401(c) & (d). The authorization is essentially
   intra-governmental in nature; it does not   extend to private sector population and
26 enterprise in States of the Union.

27 **RESPONSE:**       Do you admit or deny with specificity?

28 **REQUEST 47:** ADMIT OR DENY:  Internal Revenue Service personnel do not have

1    delegated authority to execute Form 1040 (individual), 1041 (trust) and 1120
     (business/corporation) income tax returns as substitute returns under authority of 26
2    U.S.C. § 6020(b). See [5.1] 11.9 of the Internal Revenue Manual currently posted on the
     Internal Revenue Service web page. When there is no authority to execute these returns
3    as substitute returns, they are not mandatory.

4    **RESPONSE:**          Do you admit or deny with specificity?

5    **REQUEST 48:** ADMIT OR DENY: Whenever someone subjected to examination
     challenges or otherwise contests fact and/or law issues, examination officers are required
6    to resolve contested issues or refer them to the appeals office for resolution. As an
     alternative, the examination officer may request a National Office Technical Advice
7    Memorandum that provides findings of fact and conclusions of law. See 26 CFR §
     601.105 generally.
8
     **RESPONSE:**          Do you admit or deny with specificity?
9
     **REQUEST 49:** ADMIT OR DENY: In the event of an examination in which an
10   examination officer concludes that there is an income tax liability, he must issue a 30-day
     letter that lists particulars of the proposed deficiency. The 30-day letter must also inform
11   the alleged taxpayer of his right to appeal to the examination officer's manager and to the
     appeals office. See 26 CFR §§ 601.105(c)(2)(i) & (d)(1)(iv).
12
     **RESPONSE:**          Do you admit or deny with specificity?
13
     **REQUEST 50:** ADMIT OR DENY: Internal Revenue Service appeals procedure
14   prescribed in 26 CFR § 601.106 do not comply with appeals process required by the
     Administrative Procedures Act at 5 U.S.C. §§ 553 through 557
15
     **RESPONSE:**          Do you admit or deny with specificity?
16
     **REQUEST 51:** ADMIT OR DENY: The IRS administrative appeals hearing is
17   informal; there is no provision for the appeals officer to administer oaths; formal
     testimony is not taken at IRS appeals hearings; the appeals officer is not vested with
18   subpoena authority; the alleged taxpayer is not afforded the opportunity to cross-examine
     adverse witnesses placed under oath; and whether or not the Internal Revenue Service is
19   independently represented is elective rather than mandatory. See Federal Maritime
     Commission v. South Carolina State Ports Authority, et al, No. 01-46, 535 U.S. ___
20   (2002), decided May 28, 2002, and cases cited therein, for administrative due process
     requirements. Failure to comply with Administrative Procedures Act provisions
21   concerning administrative appeals requirements deprives people who have a case or
     controversy arising under internal revenue laws of the United States involving the
22   Internal Revenue Service of procedural due process rights.

23   **RESPONSE:**          Do you admit or deny with specificity?

24   **REQUEST 52:** ADMIT OR DENY: Income tax liabilities must be assessed in
     compliance with requirements of 26 U.S.C. § 6203 and 26 CFR §301.6203-1 before there
25   is a tax liability. On request, the taxpayer against whom income tax liabilities are
     assessed is entitled to receive the assessment certificate or certificates. The law does not
26   authorize computer-generated or other alternatives. See Hughes v. United States of
     America, 953 F.2d 531 (9th Cir.1991).
27
     **RESPONSE:**          Do you admit or deny with specificity?
28

1   **REQUEST 53:** ADMIT OR DENY: The Secretary is required to issue 10-day notice
    and demand for payment after lawful, procedurally proper assessments are made (26
2   U.S.C. 6303); there is no statutory or regulatory authorization for notice and demand for
    payment being issued prior to tax liabilities being assessed in compliance with 26 CFR §
3   301.6203-1.

4   **RESPONSE:**          Do you admit or deny with specificity?

5   **REQUEST 54:** ADMIT OR DENY: Prior to any adverse action to collect contested
    delinquent tax debts (properly assessed liabilities), the current general agent of the
6   Treasury and the Attorney General must authorize litigation. See particularly, Executive
    Order #6166 of June 10, 1933, as amended, 5 U.S.C. § 5512, and 26 U.S.C. § 7401. (The
7   General Accounting Office is listed as general agent of the Treasury in notes following 5
    U.S.C. § 5512, but appears to have delegated certification of debts to Government of the
8   United States, including tax debts, most probably to the Treasury Financial Management
    Service or a subdivision thereof).
9
    **RESPONSE:**          Do you admit or deny with specificity?
10
    **REQUEST 55:** ADMIT OR DENY: Any statutory lien "arising" under § 6321 of the
11  Internal Revenue Code is inchoate (unperfected) until there is a judgment lien from a
    court of competent jurisdiction secured in compliance with the Federal Debt Collection
12  Procedures Act (See Chapter 176 of Title 28, particularly 28 U.S.C. § 3201).

13  **RESPONSE:**          Do you admit or deny with specificity?

14  **REQUEST 56:** ADMIT OR DENY: Notices of federal tax lien, notices of levy and
    other such instruments utilized to encumber and convert private property are uttered
15  instruments unless perfected by a judgment from a court of competent jurisdiction. See
    also, Fifth Amendment due process clause, clarified by relation-back doctrine (See
16  United States v. A Parcel of Land, Buildings, Appurtenances and Improvements, known
    as 92 Buena Vista Avenue, Rumson, New Jersey (1993), 507 U.S. 111; 113 S.Ct. 1126;
17  122 L.Ed. 2d 469).

18  **RESPONSE:**          Do you admit or deny with specificity?

19  **REQUEST 57:** ADMIT OR DENY: Garnishment of wages and bank accounts may be
    executed only as prejudgment and post judgment remedies in compliance with the Fair
20  Debt Collection Practices Act, published as Chapter 176 of Title 28. See particularly,
    Fuentes v. Shevin, Attorney General of Florida, et al, (1972) 407 U.S. 67, 92 S.Ct. 1983,
21  32 L.Ed. 2d 556, detailed by the Supreme Court of the State of Florida decision in Ray
    Lien Construction, Inc. v. Jack M. Wainwrite, (1977) 346 S.2d 1029, for particulars
22  concerning required notice and opportunity for hearing.

23  **RESPONSE:**          Do you admit or deny with specificity?

24  **REQUEST 58:** ADMIT OR DENY: All Internal Revenue Service seizures where there is
    not a judgment lien from a court of competent jurisdiction in place are predicated on the
25  underlying presumption that a drug-related commercial crime specified in 26 CFR?
    403.38(d)(1) has been committed and that the seized property was being used in
26  connection with or was the fruit of the crime. See particularly, Delegation Order 157,
    Rule 41 of the Federal Rules of Criminal Procedure, and 26 U.S.C. § 7302 (property used
27  in violation of internal revenue laws).

28  **RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 59:** ADMIT OR DENY: The "in rem" action (26 U.S.C. 7323) is admiralty in

nature and presumes that there is a maritime nexus. Also see 26 U.S.C. § 7327 concerning customs laws.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 60:** ADMIT OR DENY: Collateral issues and procedural essentials (nature & cause of action, standing of the Internal Revenue Service, venue, and subject matter jurisdiction generally, and substantive and procedural due process rights) are matters that must be documented in record when challenged.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 61:** ADMIT OR DENY: The mandate for disclosure falls within substantive and procedural rights that cannot be avoided or otherwise passed over through technicalities or silence. Numerous U.S. Supreme Court decisions support this.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 62:** ADMIT OR DENY: The Administrative Procedures Act and the Federal Register Act require publication of organizational particulars and procedure in the Federal Register. See particularly, 5 U.S.C. § 552. The Internal Revenue Service has failed to comply with these mandates. Therefore, IRS personnel engaged in federal tax administration have a duty to affirmatively resolve organizational and other collateral and procedural issues when they are raised in the administrative forum.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 63:** ADMIT OR DENY: Internal Revenue Service personnel acts not authorized by law and omission of duties imposed by law are criminal in nature [26 U.S.C. §§ 7214(a)(1), (2) & (3)].

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 64:** ADMIT OR DENY: Whether knowingly or unknowingly, IRS personnel operating in States of the Union, except with the possible exception of authority for enforcing drug-related customs laws, are involved in a seditious conspiracy and racketeering enterprise.

**RESPONSE:**          Do you admit or deny with specificity?

**REQUEST 65:** ADMIT OR DENY: Where IRS personnel operate under color of authority of the United States when in reality they are agents of a government foreign to the United States, offenses may be construed as treason and conspiracy to commit treason. See also, 18 U.S.C. § 912 concerning false impersonation of an officer of the United States.

**RESPONSE:**          Do you admit or deny with specificity?

**ISSUES RELATED TO TITLE 18 OF THE CRIMINAL CODE:**

1   **REQUEST 66:** ADMIT OR DENY that <u>Public Law 80-772</u> purported to *enact* Title 18,
    United States Code, otherwise known as the Act of June 25, 1948 was never passed
2   constitutionally by the House of Representatives.

3   **RESPONSE:**         Do you admit or deny with specificity?

4   **REQUEST 67:** ADMIT OR DENY that <u>Public Law 80-772</u>, a.k.a. Title 18 U.S.C.,
    Section 3231 specifically, 62 Stat. 826, purports to confer upon "the district courts of the
5   United States ... original jurisdiction ... of all offenses against the laws of the United
    States."
6
    **RESPONSE:**         Do you admit or deny with specificity?
7
    **REQUEST 68:** ADMIT OR DENY that <u>H.R. 3190</u> was introduced and committed to the
8   Committee of the entire House of Representatives on the State of the Union in the First
    Session of the 80th Congress and was entitled "Crimes and Criminal Procedure" See
9   House Report No 304 ( April 24, 1947), p 1 (App 67). See also 94 Cong. Rec. D556 557
    (Daily Digest) (charting H R 3190) (App 65 66)  H R 3190 differed from "five bills
10  which preceded it [because] it constitute[d] a revision, as well as a codification, of the
    Federal laws relating to crimes and criminal procedure." 93Cong. Rec. 5048 5049, (May
11  12, 1947) (App.45-46).   The bill was intended (1) to revise and compile all of the
    criminal law, (2) to restate []" and "consolidate [] existing statutes". (3) to "repeal"
12  "obsolete, superseded, redundant and repetitious statutes," (4) to coordinate the Criminal
    Code with the "Federal Rules of Criminal Procedure" formerly enacted, and (5) to
13  "clarify and harmonize" penalties of the "many acts" passed by Congress which were
    found to be "almost identical." (Id). "the bill was ordered to be engrossed and read a
14  third time, was read a third time, and passes" the House on May 12, 1947, id Journal of
    the House of Representatives ("House Journal"), May 12, 1947, pp 343-343-344 (App 4-
15  5) 94 Cong. Rec D556-557 (showing H R 3190's only passage by the House of Rep. on
    May 12 1947), sent to the Senate and there "referred to the Committee on the Judiciary"
16  93 Cong. Rec.5121, May 13, 1947 (App 47), Journal of the Senate: ("Senate Journal"),
    May 13, 1947, p 252 (App10)[1]  However, no quorum existed when the House of
17  Representatives voted on the Bill on May 12, 1947.

18  **RESPONSE:**         Do you admit or deny with specificity?

19  **REQUEST 69:** ADMIT OR DENY that, as passed and enrolled by the House of
    Representatives, <u>H.R. 3190</u> included at section 3231, a subtitle of "District Courts,"
20  which contained the following text:

21              "Offenses against the United States shall be cognizable in
                the district courts of the United States, but nothing in this
22              title shall be held to take away or impair the jurisdiction of
                the courts of the several states under the laws thereof."
23  -
    H.R. 3190 as passed by the H of Rep, p 367, § 3231 (App.110) See United States v
24  Sasscer, 558 F Supp 33, 34 (d.MD 1982)

25  _____
    [1]
26          The Senate Journal for May 13, 1947, was approved by the Senate on May 14, 1947, <u>Senate Journal</u>,
    p. 259 (App. 11), and the House Journal for May 12, 1947, was approved by the House on May 13, 1947.
27  <u>House Journal</u>, p. 346 (App. 6).  The Journals of the two Houses are admissible as evidence when properly
    certified. 28 U.S.C. § 1736.  <u>See also</u> <u>House Doc. No. 355</u>, 59th Cong., 2nd Sess., <u>Hinds' Precedents of the</u>
28  <u>House of Representatives</u>, § 2810, p. 34 (G.P.O. 1907) ("Certified extracts of the Journal are admitted as
    evidence in the courts of the United States.")  (App. 85).  *Cf.* Fed. R. Evid. Rule 902(5); <u>see</u> 28 U.S.C. §
    2072(a) and (b).

1    **RESPONSE:**        Do you admit or deny with specificity?

2    **REQUEST 70:** ADMIT OR DENY that the Senate Committee on the Judiciary reported amendments to <u>H.R. 3190</u> on June 14, 1948, under <u>Sen. Rep. No. 1620</u>. 94 Cong Rec

3    8075 (June 14, 1948) (App.50); Senate Journal, June 14, 1948. p. 452 (App.34)[2] Sen. No 1620 contained "a large volume of amendments" and "the new Federal Rules of Criminal

4    Procedure [were] keyed to the bill and [were] reflected in Part II of [the new proposed] title 18 "Heralding that, upon passage of the amended bill, "[u]ncertainty will be ended,"

5    the Senate wanted "the amendments adopted en bloc," including a new jurisdictional section for Title 18 94 Cong. Rec. 8721 (App. 51)   The report contained only the

6    proposed amendments. See Sen. Rep. No. 1620 pp. 1 & 4 (App. 103-104).

7    **RESPONSE:**        Do you admit or deny with specificity?

8    **REQUEST 71:** ADMIT OR DENY THAT on July 27, 1947, Congress adjourned without the Senate passing <u>H.R. 3190</u>. <u>See</u> 93 <u>Cong. Rec.</u> 10439, 10522 (July 26, 1947)

9    (App. 48-49).  On November 17, 1947, Congress reconvened pursuant to a Presidential proclamation. Yet, Congress again "**adjourned *sine die*** on December 19, 1947," without

10   the Senate passing <u>H.R. 3190</u>.  <u>Kennedy v. Sampson</u>, 511 F.2d 430, 444 Appendix n. 4 (D.C. Cir. 1974).

11

12   **RESPONSE:**        Do you admit or deny with specificity?

13   **REQUEST 72:** ADMIT OR DENY that "[T]he amendments were considered and agreed to en bloc" and then "ordered to be engrossed."  94 <u>Cong. Rec.</u> 8721-8722 (June 18,

14   1948) (App. 51-52), <u>Senate Journal</u>, June 18, 1948, p. 506 (<u>H.R. 3190</u>, "as amended," passed the Senate) (App. 37).  It was moved that "the Senate insist upon its amendments"

15   by the House (94 <u>Cong. Rec.</u> at 8722); and "[o]rdered that the Secretary request the concurrence of the House of Representatives in the amendments."  <u>Senate Journal</u>, <u>supra</u>,

16   p. 506; <u>House Journal</u>, June 18, 1948, p. 688 (App. 16).

17   **RESPONSE:**        Do you admit or deny with specificity?

18   **REQUEST 73**:  ADMIT OR DENY that the House received the proposed amendments and the Clerk "read the Senate amendments" collectively into the record with which the

19   House concurred.94 Cong. Rec. 8864.8865 (June 19, 1948) (App.53-54); House Journal, June 18, 1948, p.704 (the"said Senate amendments were concurred in ") (App.17).

20   Although" [t]he House agreed to the amendments to... H.R. 3190," Senate Journal, June 18, 1948, p.510 (app.38), no action was taken on H.R. 3190," as amended[4]. The Journal

21   of the House of Representatives is devoid of any vote on H.R. 3190.  itself on June 18, 1948, and thereafter through adjournment on June 20, 1948.  Moreover, the official

22   historical chart of H.R.3190 clearly shows the only passage by the House of Representatives occurring on May 12, 1947, and specifically references Volume 93 page

23   5048 of the Congressional Record as the recorded date the House passed the bill   94 Cong. Rec. D556 D557 (Daily Digest).

24   **RESPONSE:**        Do you admit or deny with specificity?

25   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
      [2]

26           The Senate approved its Journal for June 14, 1948. <u>Senate Journal</u>, June 15, 1948, pp. 461-

27   462 (App. 35-36).

28

1    **REQUEST 74:** ADMIT OR DENY that said Senate amendments were concurred in, and
2    although the House agreed to the amendments of H.R. 3190, no action was taken on it as
    amended.

3    **RESPONSE:**      Do you admit or deny with specificity?

4    **REQUEST 75:** ADMIT OR DENY that the <u>Journal of the House of Representatives</u> is
5    devoid of any vote on <u>H.R. 3190</u> itself on June 18, 1948, and thereafter through
    adjournment on June 20, 1948.

6    **RESPONSE:**      Do you admit or deny with specificity?

7    **REQUEST 76:** ADMIT OR DENY that the official historical chart of <u>H.R. 3190</u> clearly
    shows the *only* passage by the House of Representatives occurring on May 12, 1947, and
8    specifically references volume 93, page 5048 of the <u>Congressional Record</u> as the
    recorded date the House passed the bill.
9

10    **RESPONSE:**      Do you admit or deny with specificity?

    **REQUEST 77:** ADMIT OR DENY that on June 19, 1948, the House submitted and
11    agreed to concurrent resolutions <u>H.Con.Res. 218 and 219</u> and requested concurrence by
    the Senate. House Journal, June 19, 1948, pp.771, 772 (App. 19-20), <u>Senate Journal</u>, June
12    18 1948, p 577 (App 39

13    **RESPONSE:**      Do you admit or deny with specificity?

14    **REQUEST 78:** ADMIT OR DENY that"[T]he Senate [then] passed without amendment
    these concurrent resolutions of the House."[3]   94 <u>which effectively provided for an</u>
15    adjournment of the two Houses of Congress until December 31, 1948," <u>id.</u>; <u>see</u>
    Concurrent Resolutions, Second Session, Eightieth Cong., <u>H.Con.Res. 218</u>, June 20,
16    1948, 62 Stat. 1435-1436 (App. 105-106). <u>H.Con.Res. 219</u> "authorize[ed] the signing of
    enrolled bills following adjournment," 94 <u>Cong. Rec.</u> 9349, specifically resolving:
17                   That notwithstanding the adjournment of the two Houses
                   until December 31, 1948, the Speaker of the House of
18                   Representatives and the President pro tempore of the
                   Senate be, and they are hereby, authorized to sign enrolled
19                   bills and joint resolutions duly passed by the two Houses
                   and found truly enrolled.
20

    See <u>Concurrent Resolutions</u>, <u>supra</u>, <u>H.Con.Res. 219</u>, June 20, 1948, 62 Stat. 1436.
21

    **RESPONSE:**      Do you admit or deny with specificity?
22

    **REQUEST 79:** ADMIT OR DENY that Congress adjourned on June 20, 1948, pursuant
23    to <u>H.Con.Res. 218</u>. 94 <u>Cong. Rec.</u> 9348, 9169 (App. 56, 55); <u>House Journal</u>, June 20,
    1948, p. 775; <u>Senate Journal</u>, June 20, 1948, p. 578 (App. 40). Both Houses reconvened
24    on July 26, 1948, pursuant to a proclamation of President Truman. <u>Senate Journal</u>, July

25

    _____
    [3]
26            The House sat from June 19 through June 20, 1948, adjourning at 6:56 A.M., <u>House Journal</u>,

    June 19, 1948, p. 775 (App. 21), and approved the Journal of the 19th. <u>House Journal</u>, July 26, 1948, pp. 792-
27
    793 (reconvention by Presidential Proclamation) (App. 28-29).
28

26, 1948, p. 593 (showing reconvention); House Journal, July 26, 1948, pp. 792-793 (same).[4]

**RESPONSE:**         Do you admit or deny with specificity?

**REQUEST 80:** ADMIT OR DENY that with both Houses adjourned, with no quorum, disassembled and dispersed, Mr. LeCompte, the Chairman of the Committee on House Administration reported that that committee had found H.R. 3190 "truly enrolled." House Journal, legislative day of June 19, 1948, p. 776 (recorded under heading "BILLS AND JOINT RESOLUTIONS ENROLLED SUBSEQUENT TO ADJOURNMENT") (App. 22).[5] **He attached his certificate of enrollment to the original H.R. 3190 passed by the House on May 12, 1947.** See H.R. 3190, certified after adjournment as "truly enrolled" (as certified by Richard H. Hunt, Director, Center for Legislative Archives, The National Archives, Washington, D.C.) (App. 107-113). **Although never certified as truly enrolled, the Speaker and President pro tempore respectively signed the Senate's amended H.R. 3190 on June 22 and 23, 1948.** 94 Cong. Rec. 9353-9354 (App. 58-59); House Journal, legislative day June 19, 1948, p. 777 (App. 23); Senate Journal, legislative day June 18, 1948, pp. 578-579 (App. 40-41). National Archives & Records Adm. Cert., H.R. 3190 signed by House and Senate officers and President Truman (App. 114-117). **The Senate's amended H.R. 3190 was then presented by the Committee on House Administration to President Truman, on June 23, 1948, who signed it on June 25, 1948**[6], at 12:23 P.M. E.D.T., 94 Cong. Rec. 9364-9367 (App. 61-64); House Journal, legislative day of June 19, 1948, pp. 778, 780-782 (App. 24, 25-27); Senate Journal, legislative day of June 18, 1948, pp. 579, 583 (App. 41, 43). National Archives & Records Adm. Cert., H.R. 3190, supra; 94 Cong. Rec. D557 (Daily Digest).

**RESPONSE:**         Do you admit or deny with specificity?

**REQUEST 81:** ADMIT OR DENY that Public Law 80-772 stated that the enactment proceeded "by the Senate and House of Representatives of the United States of America in Congress assembled." See National Archives & Records Adm. Cert., H.R. 3190 as signed into P.L. 80-772, supra. **Each signatory knew** that neither "House" legislatively existed at that time, and that the legislative process had ceased within the terms of Article I, §§ 5 and 7 on June 20, 1948.

**RESPONSE:**         Do you admit or deny with specificity?

**REQUEST 82:** ADMIT OR DENY that although "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and a House of Representatives," (Art. I, § 1, U.S. Constitution), "when [Congress] exercises its legislative power, it must follow the 'single, finely wrought and exhaustively considered procedures' specified in Article I." Metropolitan Washington Airports

---

[4]         The House Journal for July 26, 1948, was approved, House Journal, July 27, 1948, p. 797 (App. 30), and the Senate Journal for July 26, 1948, was approved. Senate Journal, July 27, 1948, p. 593 (App. 44).

[5]         Mr. LeCompte's announcement was reported upon reconvention by the President's Proclamation on July 26, 1948. 94 Cong. Rec. 9363 (App. 60).

[6]         That same day President Truman signed into law Public Law 80-773 enacting into positive law Title 28, United States Code. Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 869. That Act positively repealed the former criminal jurisdiction granted to the district courts. id., § 39 et seq., 62 Stat. 991 et seq. (positive repeal listing former 28 U.S.C. § 41, ¶ 2 in schedule of repealed statutes).

Authority v. Citizens for Abatement of Aircraft Noise, Inc., 501 U.S. 252, 274 (1991) (quoting INS v. Chadha, 462 U.S. at 951). Article I establishes "just how those powers are to be exercised." INS v. Chadha, 462 U.S. at 945.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 83:** ADMIT OR DENY that an act of Congress "does *not* become a law unless it follows each and every procedural step chartered in Article I, § 7, cl. 2, of the Constitution." Landgraf v. USI Film Products, 511 U.S. 244, 263 (1994) (citing INS v. Chadha, 462 U.S. at 946-951 (emphasis added)); Clinton, 524 U.S. at 448 (noting requisite "steps" taken before bill may "'become a law'" and holding that a procedurally defective enactment cannot "'become a law' pursuant to the procedures designed by the Framers of Article I, § 7, of the Constitution").

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 84:** ADMIT OR DENY that the Constitution requires "three procedural steps": (1) a bill containing its *exact text* was approved by a majority of the Members of the House of Representatives; (2) the Senate approved *precisely the same text*; and (3) *that text* was signed into law by the President. "If one paragraph of *that text* had been omitted at *any one of those three stages*, [the] law [in question] would *not* have been validly enacted." [7] Clinton, 524 U.S. at 448 (emphasis added). Between the second and third "procedural steps," the bill "… shall … be presented to the President…" Article I, § 7, Cl. 2.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 85:** ADMIT OR DENY that the text of H.R. 3190 passed by the House of Representatives was the text as it existed on the date of passage – *i.e.*, May 12, 1947. Whereas, the text of the bill passed by the Senate on June 18, 1948, was H.R. 3190 "as amended." Senate Journal, June 18, 1948, p. 506. Thus, the text of the bills passed by the respective Houses was grossly different and neither bill ever "became a law." Clinton, 524 U.S. at 448.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 86:** ADMIT OR DENY that after Congress adjourned on June 20, 1948, pursuant to H.Con.Res. 219, a single officer of each House of Congress signed *a bill* purporting to be H.R. 3190 on June 22-23, 1948, 94 Cong. Rec. 9354; House Journal, legislative day of June 19, 1948, p. 777; Senate Journal, legislative day of June 18, 1948, pp. 578-579, and presented *that bill* to the President, who signed it on June 25, 1948. 94 Cong. Rec. 9365-9367. Thus, the post-adjournment signature "provision [of H.Con.Res. 219] was an important part of the legislative scheme," leading to the enactment of Public Law 80-772, without which it would never have "become a Law." Bowsher v. Synar,

---
[7]

"All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." Art. I, § 1 of the Constitution.

"… [A] Majority of each [House] shall constitute a Quorum to do Business …" Art. I, § 5, Cl. 1.

"Every Bill which shall have passed [both Houses], shall, before it becomes a Law, be presented to the President of the United States; If he approves he shall sign it …" Art. I, § 7, Cl. 2.

"Every … Resolution … to which the Concurrence of [both Houses] may be necessary (except on a question of Adjournment) shall be presented to the President of the United States; and before the Same shall take Effect, shall be approved by him …" Art. I, § 7, Cl. 3.

478 U.S. 714, 728 (1986). <u>Public Law 80-772</u> *falsely* stated it was "enacted" while both Houses were "in Congress assembled," when in fact Congress was not in session. <u>See</u> National Archives & Records Adm. Cert., <u>H.R. 3190</u> as signed into <u>P.L. 80-772</u>.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 87:** ADMIT OR DENY that Article I, § 5, Clause 1 mandates a quorum of both Houses of Congress "to do Business." This constitutional requirement has been enforced by practice, Rules of the Houses, custom, Supreme Court holdings and duly enacted statutes.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 88:** ADMIT OR DENY that 1 U.S.C. § 101 requires every "enacting clause of all Acts of Congress" to state: "'Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.'" Although the bill after passage by "both Houses" must be "enrolled" following which it "shall be signed by the presiding officers of both Houses and sent to the President of the United States,"[8] 1 U.S.C. § 106, the actual procedure is regulated by House rules and established practice. Following passage the "chairman of the Committee on House Administration … affixes to the bills examined a certificate that the bill has been found truly enrolled,"[9] <u>House Doc. No. 769</u>, <u>supra</u>, Stages of a Bill, § 983, No. 16, p. [483] (App. 79), after which the "enrolled bill is first laid before the House of Representatives and signed by the Speaker … after which it is transmitted to the Senate and signed by the President of that body." <u>Id.</u>, No.17, p. [484][10] (App. 80).

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 89:** ADMIT OR DENY that the bill signed was the Senate's amended <u>H.R. 3190</u> – a bill never certified as "truly enrolled," *compare* <u>Pub.L. 80-772</u>, Enactment Clause & signature pages *with* <u>H.R. 3190</u>, certified as "truly enrolled," <u>supra</u>, and <u>H.Con.Res. 219</u> never authorized the signing of *unrolled* bills after adjournment. <u>See</u> <u>H.Con.Res. 219</u>, <u>supra</u>, 62 Stat. 1436.

**RESPONSE:**        Do you admit or deny with specificity?

---

[8]

1 U.S.C. § 106 contains an exception for enrollment "[d]uring the last six days of a session," but no exception for enrolling, signing or presenting a bill to the President otherwise than during the sitting of both Houses.

[9]

Formerly, the "chairman of the Committee on Enrolled Bills" performed this critical task in the legislative business of enacting a bill, which has always required the enrolled bill to be "placed before the House and signed by the Speaker." <u>See</u> <u>House Doc. No. 355</u>, 59th Cong., 2nd Sess., Hinds' Precedents of the House of Representatives, Ch. XCI, § 3429, notes 3 & 5, p. 311 (G.P.O. 1907) (App. 92). <u>See</u> <u>House Doc. No. 769</u>, <u>supra</u>, Preface, p. [VI] ("The rulings of the Speakers of the House and of the Chairman of the Committee of the Whole are to the rules of the House what the decisions of the courts are to the statutes … [which are] embodied in the monumental work[s] of <u>Hinds</u> and <u>Canon</u>.") (App. 71).

[10]

The Supreme Court not only takes judicial notice of the legislative history of a bill, <u>Alaska v. American Can Co.</u>, 358 U.S. 224, 226-227 (1959), but will both judicially notice and "h[o]ld" Congress and its legislative committees "to observance of its rules." <u>Yellin v. United States</u>, 374 U.S. 109, 114 (1963).

1  **REQUEST 90:**    ADMIT OR DENY that an "adjournment terminates the legislative
2  existence of Congress." Pocket Veto Case, 279 U.S. at 681.  "'Th[e] expression, a
   "house," or "each house," [when] employed ... with reference to the faculties and powers
   of the two chambers ... always means ... the constitutional quorum, assembled for the
3  transaction of business, and capable of transacting business.'" 279 U.S. at 683, quoting
4  Me Curtis' Constitutional History of the United States, 486 n. 1.  Moreover, the term
   "'House'" means "the House in session," 279 U.S. at 682, and "'as organized and entitled
   to exert legislative power,' that is, the legislative bodies 'organized conformably to law
5  for the purpose of enacting legislation.'" Id. (quoting Missouri Pacific Railway Co. v.
   Kansas, 248 U.S. 276, 281 (1919)).  See also House Doc. No. 355, supra, Hinds'
6  Precedents, § 2939, p. 87 ("'The House is not a House without a quorum'") (App. 87).

7  **RESPONSE:**        Do you admit or deny with specificity?

8  **REQUEST 91:**    ADMIT OR DENY that no "attestation" or "declaration **by the two
   houses** ... to the President," Field & Co., 143 U.S. at 672, that H.R. 3190 had "passed"
9  Congress during the adjournment was possible because no such "houses" constitutionally
   existed.  See also United States National Bank of Oregon v. Independent Insurance
10 Agents of America, 508 U.S. 439, 455 n. 7 (1993) (noting that the rule established in
   Field & Co., 143 U.S. at 672, made statutory by 1 U.S.C. § 106 turned upon "the
11 'enrolled bill,' signed in open session by the Speaker of the House of Representatives and
   the President of the Senate").  Longstanding precedence of the House affirms this.  House
12 Doc. No. 355, supra, Hinds' Precedents, Vol. IV, § 2951, pp. 90-91 (upon "disclos [ure]
   ... that there is not a quorum ..., [t]he House thereby becomes **constitutionally
13 disqualified** to do further business") (excepting from disqualification the exceptions
   stated in Art. I, § 5, Cl. 1) (emphasis added) (App. 88-89); id., § 3458, p. 322 ("The
14 Speaker may not sign an enrolled bill in the absence of a quorum.") (App. 93); id. At §
   3486, pp. 332-333 (recognizing enrollment and presentment to the President to be
15 legislative business required to be completed before adjournment) (App. 95-96); id. at §
   3487, p. 333 n. 3 (presentment to the President is legislative "business" which must be
16 completed before adjournment) (App. 96); id. at § 4788, p. 1026 ("The presentation of
   enrolled bills" to the President of the United States is a "transact[ion]" of "business" of
17 the "House.") (App. 100).
          Once a bill has passed the House of Representatives it must be printed as an
18 "engrossed bill" which then "shall be signed by the Clerk of the House ... sent to the
   other House, and in that form shall be dealt with by that House and its officers, and, if
19 passed, returned signed by said Clerk." 1 U.S.C. § 106.  In the immediate case H.R.
   3190 was passed by the House of Representatives on May 12, 1947, engrossed and sent
20 to the Senate and then referred to the Senate's Committee on the Judiciary.  See 93
   Cong. Rec. 5048-5049, 5121; Senate Journal, May 13, 1947, p. 252.  However, it was not
21 dealt with nor passed "in that form."
          Instead, amendments were proposed which were "agreed to en bloc," read into the
22 record and "ordered to be engrossed," 94 Cong. Rec. 8721-8722.  Then, "the [amended]
   bill was read the third time and passed." 94 Cong. Rec. 8722; Senate Journal, June 18,
23 1948, p. 506.  The House then concurred in the amendments en bloc.  94 Cong. Rec.
   8864-8865; House Journal, June 18, 1948, p. 704.[11]
24
   **RESPONSE:**        Do you admit or deny with specificity?
25

26 ---
   [11]
27        This contravenes the procedures of the House of Representatives for the 80th Congress.
   "When a bill with Senate amendments comes before the House, the House takes up each amendment by itself
28 ...." House Doc. No. 769, Stages of a Bill in the House, § 983, No. 13, p. [483].

**REQUEST 92:** ADMIT OR DENY that Public Law 80-772 (Title 18, the U.S. criminal code, and 18 USC § 3231 violates the Quorum, Bicameral and/or Presentment Clauses mandated respectively by Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2 and 3, of the Constitution of the United States. Therefore, the federal district court which rendered judgment and ordered commitment of this Petitioner, under Section 3231, lacked jurisdiction and, therefore, the judgment and commitment order is *void ab initio*.

**RESPONSE:**    Do you admit or deny with specificity?

**REQUEST 93:** ADMIT OR DENY that "The House in which a bill originates enrolls it," House Doc. No. 769, supra, Stages of a Bill, No. 15, p. [483] (App. 79), and, in the case of House bills, the "chairman of the Committee on House Administration ... affixes to the bills examined a certificate that the bill has been found truly enrolled," Id., No. 16, p. [483], after which it is "laid before the House ... signed by the Speaker [then] transmitted to the Senate and signed by the President of that body." Id., No. 17, p. [484]. Unequivocally, "[t]he Speaker may not sign an enrolled bill in the absence of a quorum." House Doc. No. 355, supra, Hinds' Precedents, § 3458, p. 322. Cf., id., § 2939, p. 87 ("The House is not a House without a quorum.").
    The constitutional "quorum" issue is precluded from the Field & Co.'s "enrolled bill rule" by its terms – *i.e.*, "[t]he signing ... **in open session**, of an enrolled bill," 143 U.S. at 672 (emphasis added), which in any case only applies in "the absence of [a] constitutional requirement binding Congress." United States v. Munoz-Flores, supra, 495 U.S. at 391 n. 4. Moreover, just as "§ 7 gives effect to **all** of its Clauses in determining what procedures the Legislative and Executive branches must follow to enact a law," id., 495 U.S. 386 (emphasis by Court), so too does Article I, § 5, Cl. 1 "provid[e] that no law could take effect without the concurrence of the prescribed majority of the Members of both Houses," INS v. Chadha, 462 U.S. at 949-950, as to **all** legislative "Business." Cf. United States v. Ballin, 144 U.S. 1, 3-5 (1892) (to determine whether constitutionally mandated quorum was present for legislative action the Court "assume[s] the Journals of the Houses are to be considered to decide the issue).
    The bill signed by the Officers of the Houses presented to and signed by the President of the United States was the Senate's amended bill, which never passed the House. H.Con.Res. 219 only "authorized [the] sign[ing] [of] enrolled bills ... duly passed by the two Houses and found truly enrolled," H.Con.Res. 219, supra, 62 Stat. 1436, voiding the signatures on the amended bill.[12]
    Having not been enrolled, certified as truly enrolled, or signed by the Speaker of the House with a quorum present, the bill was rendered constitutionally void. House Doc. No. 769, supra, Constitution of the United States, § 55, p. [19] ("[w]hen action requiring a quorum was taken in the ascertained absence of a quorum ... the action was null and void") (App. 74); House Doc. No. 355, supra, Hinds' Precedents, §§ 3497 & 3498, pp. 344-345 (such a bill is "not in force" and is "not a valid statute") (App. 97-98). Cf., id., Hinds' Precedents, § 2962, p. 94 (to vacate legislative act "the absence of a quorum should appear from the Journal") (App. 90).
    Art. I, § 7, mandates that a bill that has passed both Houses "'shall before it becomes a Law, be presented to the President of the United States ...,'" Art. I, § 7, Cl. 2;

---

[12]    On July 26, 1948, "Mr. LeCompte, from the Committee on House Administration, reported that that committee had examined and found" that H.R. 3190 had been "truly enrolled." 94 Cong. Rec. 9363. The version of H.R. 3190 certified as "truly enrolled" by Mr. LeCompte, is the House version passed on May 12, 1947, with the text of the original § 3231 – the text of which was never passed by the Senate – to which his certificate of enrollment is attached. (App. 107-113). The statutory mandate after final passage and printing to "call[]" the bill in such final form "the enrolled bill," 1 U.S.C. § 106, Act of July 30, 1947, Ch. 388, Ch. 2, 61 Stat. 634, is determined by the certificate "affixe[d] to the bill," House Doc. No. 769, Stages of a Bill, supra, No. 16, all of which is required *before* the "sign[ing] by the presiding officers of both Houses and sen[ding] to the President of the United States." 1 U.S.C. § 106.

1   INS v. Chadha, 462 U.S. at 945, which "can **only** contemplate a presentment by the
    Congress in some manner, [because] ... [a]t that point the bill is necessarily in the hands
2   of the Congress." United States v. Kapsalis, 214 F.2d 677, 680 (7ᵗʰ Cir. 1954), cert.
    denied, 349 U.S. 906 (1955) (emphasis added). Thus, presentment is clearly part of the
3   legislative procedure required as essential to enactment of a bill as law. INS v. Chadha,
    462 U.S. at 945, 947, 951; La Abra Silver Mining Co. v. United States, 175 U.S. 423, 454
4   (1899) ("*After a bill has been presented* to the President, *no further action is required
    by Congress* in respect of that bill, unless it be disapproved by him. ...") (emphasis
5   added). See House Doc. No. 355, supra, Hinds' Precedents, Vol. IV, § 4788, p. 1026
    (recognizing that "the presentation of enrolled bills" to the President is a "transact[ion]"
6   of "business" of "the House"); id., § 3486, p. 332 (recognizing presentment required
    prior to adjournment); id., § 3487, p. 333 note 3 (when bill is enrolled or signed by
7   presiding officers "too late to be presented to the President before adjournment" signing
    and presentment must continue at next session as a "resumption of [legislative]
8   business"). Clearly presentment is part of the constitutionally mandated "Business," Art.
    I, § 5, Cl. 1, to be "exercised in accord with [the] single, finely wrought and exhaustively
9   considered, procedure" "prescri[bed] ... in Art. I, §§ 1, 7." INS v. Chadha, 462 U.S. at
    951.
10          The "draftsmen" of the Constitution "took special pains to assure these
    [legislative] requirements could not be circumvented. During the final debates on Art. I,
11  § 7, Cl. 2, James Madison expressed concern that it might easily be evaded by the simple
    expedient of calling a proposal a 'resolution' or 'vote' rather than a 'bill.' As a
12  consequence, Art. I, § 7, Cl. 3, ... was added." INS v. Chadha, 462 U.S. at 947 (citing 2
    Farrand, supra, 301-302, 304-305).
13
    **RESPONSE:**         Do you admit or deny with specificity?
14
    **REQUEST 94:** ADMIT OR DENY that whether actions authorized under a resolution
15  are "an exercise of legislative powers depends not on their form but upon 'whether they
    contain matter which is properly to be regarded as legislative in its character and effect.'"
16  INS v. Chadha, 462 U.S. at 952 (quoting S. Rep. No. 1335, 54th Cong., 2d Sess., 8
    (1897)). "If the power is legislative, Congress must exercise it in conformity with the
17  bicameralism and presentment requirements of Art. I, § 7." Metropolitan, 501 U.S. at
    276. See also Bowsher v. Synar, 478 U.S. at 756 (Stevens, J., concurring) ("It is settled,
18  however, that if a resolution is intended to make policy that will bind the Nation, and
    thus is 'legislative in its character and effect,' S. Rep. No. 1335, 54th Cong., 2d Sess., 8
19  (1897) – then the full Article I requirements must be observed. For 'the nature or
    substance of the resolution, and not its form, controls the question of its disposition.'
20  Ibid.").
            "'Congress,'" of course, "'cannot grant to an officer under its control what it does
21  not possess.'" Metropolitan, 501 U.S. at 275 (quoting Bowsher v. Synar, 478 U.S. at
    726). Congress does not possess the "'capab[ility] of transacting business'" and is not
22  "'entitled to exert legislative power,'" when its "legislative existence" has been
    "terminate[d]" by an "adjournment." Pocket Veto Case, 279 U.S. at 681-683 (citations
23  omitted). "The limitation of the power of less than a quorum is absolute," House Doc.
    No. 355, supra, Hinds' Precedents, Vol. V, Ch. CXL, § 6686, p. 851 (App. 102), and
24  includes the signing of an enrolled bill by the Speaker of the House, id., Vol. IV, Ch.
    XCI, § 3458, p. 322, and presentment to the President of the United States. id., Ch. XCII,
25  §§ 3486, 3487 & 3497, pp. 332, 333 note 3, 344 & 345 (App. 95-98). Wright v. United
    States, 302 U.S. 583, 600 (1938) (Stone, J., concurring) ("The houses of Congress, being
26  collective bodies, transacting their routine business by majority action are capable of
    acting only when in session and by formal action recorded in their respective journals, or
27  by recognition, through such action, of an established practice.") Thus, "Congress," as
    defined by the Constitution and Supreme Court, never "presented" *any* version of H.R.
28  3190 to the President of the United States.

1   Whether the action taken under <u>H.Con.Res. 219</u> was an "exercise of legislative
2   power" depends upon whether it was essentially "legislative in purpose and effect." <u>INS
    v. Chadha</u>, 462 U.S. at 952. "In short, when Congress '[takes] action that ha[s] the
3   purpose and effect of altering the legal rights, duties, and relations of persons … outside
    the Legislative Branch,' it must take that action by the procedures authorized in the
4   Constitution." <u>Metropolitan</u>, 501 U.S. at 276, quoting <u>INS v. Chadha</u>, 462 U.S. at 952-
    955. "If Congress chooses to use a [] resolution … as a means of expediting action, it
5   may do so, if it acts by both houses and presents the resolution to the President,"
    <u>Consumer Energy Council of America v. F.E.R.C.</u>, 673 F.2d 425, 476 (D.C. Cir. 1982),
6   aff'd mem. sub nom., <u>Process Gas Consumers Group v. Consumer Energy Council of
    America</u>, 463 U.S. 1216 (1983).
7       The inescapable conclusion as to the "purpose and effect" of <u>H.Con.Res. 219</u> was
    to enact *a bill* the text of which at the time of adjournment on June 20, 1948, had not
8   been passed by both Houses, enrolled, certified as "truly enrolled," or signed by the
    officers of the Houses or presented to the President of the United States <u>with quorums
    sitting</u>. In other words, <u>H.Con.Res. 219</u> unconstitutionally permitted post-adjournment
9   legislative business to proceed without Congress and upon an unpassed bill. Congress
    did not follow the procedures mandated by Art. I, § 7, Cl. 2 and attempted to supersede
10  the quorum requirements of Art. I, § 5, Cl. 1 *via* a concurrent resolution to carry forth
    legislative business with no legislature. The 80th Congress surreptitiously provided a
11  bill, the text of which had never passed either House "'mask[ed] under … [the] indirect
    measure,'" <u>Metropolitan</u>, <u>supra</u>, 501 U.S. at 277 (quoting Madison, <u>The Federalist No.
12  48</u>, p. 334 (J. Cooke 1961 ed.)), of a resolution purporting to authorize continuing
    legislative action during adjournment with no quorum and no Congress of an extra-
13  congressional bill. <u>Public Law 80-772</u> did not "become a Law" as required by the
    constitutional procedures mandated under Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2
14  and 3, and is unconstitutional and *void ab initio*.
15      "[W]hen action requiring a quorum was taken in the ascertained absence of a
    quorum … the action [is] null and void," <u>House Doc. No. 769</u>, <u>supra</u>, Constitution of the
16  United States, § 55, p. [19] (citing <u>Hinds' Precedents</u>, Vol. IV, § 2964), and "a bill … not
    actually passed [although] signed by the President [is to be] disregarded [requiring] a
    new bill [to be] passed." <u>House Doc. No. 769</u>, § 103, p. [34] (citing <u>Hinds' Precedents</u>,
17  Vol. IV, § 3498) (App. 75).

18  **RESPONSE:**        Do you admit or deny with specificity?

19  **REQUEST 95:** ADMIT OR DENY that petitioner has established that the text of <u>H.R.
    3190</u> signed by respective House officers and the President of the United States: (1)
20  failed to pass the House of Representatives, and (2) that the legislative process continued
    after Congress adjourned by single officers of each House acting pursuant to <u>H.Con.Res.
21  219</u> without quorums in either House, all of which violated Article I, Section 5, Clause 1;
    Article I, Section 7, Clause 2, and/or Article I, Section 7, Clause 3 – and any of which
22  rendered <u>Public Law 80-772</u> unconstitutional and *void ab initio*. <u>Marbury v. Madison</u>, 5
    U.S. 137, 180 (1803) ("a law repugnant to the constitution is void; and … courts, as well
23  as other departments, are bound by that instrument"). Therefore, because "the offense[s]
    charged … [were] placed by the law under [the] jurisdiction," of the district court below
24  pursuant to 18 U.S.C. § 3231 of <u>Public Law 80-772</u>, which is unconstitutional, and "void,
    the court was without jurisdiction and the prisoner must be discharged." <u>Yarbrough</u>, 110
25  U.S. at 654. Since <u>Public Law 80-772</u> has never been enacted as required by Article I,
    Section 5, Clause 1, and Article I, Section 7, Clauses 2 and 3 thereof, rendering *void ab
26  initio* the jurisdiction by which the respective district courts acted to convict, enter
    judgment, and order Petitioners imprisoned in Executive custody, the district courts'
27  actions were "'*ultra vires*,'" <u>Ruhrgas AG</u>, 526 U.S. at 583 (quoting <u>Steel Co.</u>, 523 U.S. at
    101-102), and "*coram non judice*." <u>Rhode Island v. Massachusetts</u>, 37 U.S. (12 Pet.) at
28  720.

The conviction and judgment thereupon "being without jurisdiction, is void, and the order punishing ... is equally void." Ex parte Fisk, 113 U.S. at 718; United States Cath. Conf., 487 U.S. at 77; Willy v. Coastal Corp., 503 U.S. at 139.  This is precisely the office and function of *habeas corpus* – *i.e.*, to "examin[e] ... the jurisdiction of the court whose judgment of conviction is challenged," Bowen v. Johnston, 306 U.S. at 23, and where, as here, the court was clearly "without jurisdiction ... the prisoner ... must be discharged." Ex parte Yarbrough, 110 U.S. at 654.  See also Ex parte Lange, 85 U.S. (18 Wall.) 163, 166 (1874).

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 96:**  ADMIT OR DENY that R.A. Mitchell, who signs Levies, Liens, and Notice of Federal Tax Liens for the IRS either does not exist, or allows the signature of his person to be signed without knowledge of what is being signed.

**RESPONSE:**        Do you admit or deny with specificity?

**REQUEST 97:**  ADMIT OR DENY that the IRS must first properly assess a tax before collection, then must issue a Notice and Demand during the time frame required according to law before collection.

**RESPONSE:**        Do you admit or deny with specificity?

Date:   April 10, 2009

_____
James A. Mattatall,

### The following MAXIMS OF LAW and notices apply in this instant matter!

1.   To him consenting no injury is done.
2.   He who does not forbid, when he might forbid, commands.

**Notice,** James A. Mattatall does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of America, Internal Revenue Service, UNITED STATES DISTRICT COURT, United States District Court, or any non revealed entity involved in this instant matter! James A. Mattatall specifically forbids/denies permission for anyone to assume and act as if a contract exists between James A. Mattatall, and anyone or any entity associated with the instant matter that is the subject of this Notice. Any past contract that existed or exists with any party to this instant matter made prior to this notice is declared void ab inito due to Fraud and/or misrepresentation. Fraud vitiates even the most solemn contract.  James A. Mattatall does not consent!

3.   He who consents cannot receive an injury.

**Notice,** James A. Mattatall does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED

1  STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of
   America, Internal Revenue Service, UNITED STATES DISTRICT COURT,
2  United States District Court, or any non revealed entity involved in this instant
   matter. James A. Mattatall specifically denies permission for anyone to assume
3  and/or as if a contract exists between James A. Mattatall, and anyone or any entity
   associated with the instant matter that is the subject of this Notice. Any past
4  contract that existed or exists with any party to this instant matter made prior to this
   notice is declared void ab inito due to Fraud and/or misrepresentation. Fraud
5  vitiates even the most solemn contract. James A. Mattatall does not consent!

6  4.   Where truth is, fiction of law does not exist.

7  5.   It is immaterial whether a man gives his assent by words or by acts and deeds.

8       **Notice,** James A., Mattatall specifically denies permission for anyone to assume
        and act as if a contract exists between James A. Mattatall, and anyone or any entity
9       associated with the instant matter that is the subject of this Notice. Any past
        contract that existed or exists with any party to this instant matter made prior to this
10      notice is declared void ab inito due to Fraud and/or misrepresentation. Fraud
        vitiates even the most solemn contract.
11
    6.   He who does not forbid what he can forbid, seems to assent.
12
        **Notice,** James A. Mattatall does not consent to any contract with any party
13      associated with or directly connected to the subject matter herein or UNITED
        STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of
14      America, Internal Revenue Service, UNITED STATES DISTRICT COURT,
        United States District Court, or any non revealed entity involved in this instant
15      matter. James A. Mattatall specifically denies permission for anyone to assume
        and/or as if a contract exists between James A. Mattatall, and anyone or any entity
16      associated with the instant matter that is the subject of this Notice Any past contract
        that existed or exists with any party to this instant matter made prior to this notice is
17      declared void ab inito due to Fraud and/or misrepresentation.   Fraud vitiates even
        the most solemn contract. James A. Mattatall does not consent!
18
    7.   He who does not repel a wrong when he can, induces it.
19
        **Notice,** James A. Mattatall does not consent to any contract with any party
20      associated with or directly connected to the subject matter herein or UNITED
        STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of
21      America, Internal Revenue Service, UNITED STATES DISTRICT COURT,
        United States District Court, or any non revealed entity involved in this instant
22      matter. James A. Mattatall specifically denies permission for anyone to assume
        and/or as if a contract exists between James A. Mattatall, and anyone or any entity
23      associated with the instant matter that is the subject of this Notice. Any past
        contract that existed or exists with any party to this instant matter made prior to this
24      notice is declared void ab inito due to Fraud and/or misrepresentation.   Fraud
        vitiates even the most solemn contract. James A. Mattatall, does not consent!
25
    8.   The power which is derived cannot be greater than that from which it is derived.
26
    9.   One cannot transfer to another a right which he has not.
27
    10.  The multitude of those who err is no excuse for error.
28

1  11.  An error not resisted is approved.

**Notice,** James A. Mattatall, does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of America, Internal Revenue Service, UNITED STATES DISTRICT COURT, United States District Court, or any non revealed entity involved in this instant matter. James A. Mattatall, specifically denies permission for anyone to assume and/or as if a contract exists between James A. Mattatall, and anyone or any entity associated with the instant matter that is the subject of this Notice. Any past contract that existed or exists with any party to this instant matter made prior to this notice is declared void ab inito due to Fraud and/or misrepresentation.    Fraud vitiates even the most solemn contract.  James A. Mattatall, does not consent!

8  12.  He who is silent appears to consent.

**Notice,** James A. Mattatall does not consent to any contract with any party associated with or directly connected to the subject matter herein or UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, United States of America, Internal Revenue Service, UNITED STATES DISTRICT COURT, United States District Court, or any non revealed entity involved in this instant matter. James A., Mattatall specifically denies permission for anyone to assume and/or as if a contract exists between James A., of the family Mattatall, and anyone or any entity associated with the instant matter that is the subject of this Notice Any past contract that existed or exists with any party to this instant matter made prior to this notice is declared void ab inito due to Fraud and/or misrepresentation.    Fraud vitiates even the most solemn contract.  James A. Mattatall does not consent!

15  13.  All things are presumed to be lawfully done and duly performed until the contrary is proven.

Such as when we fail to dispute the presumption that the alleged "officer" was lawfully appointed, has taken & filed the oaths and/or bonds as required by law and was proceeding in a lawful manner.
The simple fact is that those acts of those actors are unlawful and are under color of office and color of law.

Respectfully submitted this 10th day of April 2009.

_____
James Arnold: Mattatall

1
2
3
4
5
6
7
8

## CERTIFICATE OF SERVICE

On this 10th day of April, 2009, a true and correct copy of this Response, **FIRST REQUEST FOR ADMISSIONS,** was sent to the opposing attorneys of record by first class mail, postage prepaid or better.

_____
James Arnold: Mattatall

9   THOMAS P. O'BRIEN                          Certified Mail Number: 7008 0500 0001 9088 1522
    United States Attorney
10  SANDRA BROWN
    Assistant United States Attorney
11  ROBERT CONTE
    Assistant United States Attorney
12  Federal Building, Room 7211
    300 North Los Angeles Street
13  Los Angeles California  90012

14  MICHAEL R. PAHL                            Certified Mail Number: 7008 0500 0001 9088 6190
    Mn. Bar. No. 0234539
15  Trial Attorney, Tax Division
    U.S. Department of Justice
16  Post Office Box 7238
    Ben Franklin Station
17  Washington, D.C.  20044

18
19
20
21
22
23
24
25
26
27
28