THOMAS P. O'BRIEN
United States Attorney
SANDRA BROWN
Assistant United States Attorney
Chief, Tax Division
ROBERT CONTE
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-6607/2454
Facsimile:  (213) 894-0115
robert.conte@usdoj.gov

MICHAEL R. PAHL
Mn. Bar. No. 0234539
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6488
Facsimile:  (202) 514-6770
michael.r.pahl@usdoj.gov
Attorney for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| United States,<br><br>   Plaintiff,<br><br>v.<br><br>James A. Mattatall,<br><br>   Defendant. | Case No. CV03-07016 DDP (PJWx)<br><br>United States' Memorandum of Points and Authorities in Opposition to Mattatall's Motion to Dismiss Based on Fraud by the Government<br><br>Criminal Contempt<br><br>Hearing: August 31, 2009<br>10:00 a.m.<br>Courtroom: No. 3<br><br>Judge Dean D. Pregerson |

4541441.1

## Introduction

Defendant Mattatall has filed a motion asserting that the government and the court have engaged in "fraud" because the "proceedings are classified as civil, yet the government is trying to convert them into criminal proceedings."[1] Defendant's motion is without merit however because he has not been prejudiced or harmed by the fact that a separate criminal case has not been docketed for his criminal contempt trial scheduled to begin September 15, 2009, at 9:00 a.m. Further, although a separate criminal case has not been docketed, defendant continues to receive the appropriate due process protections afforded other criminal defendants. Therefore, because there has been no government misconduct and because defendant has not been prejudiced, defendant's motion should be denied in full.

## Facts

On March 26, 2009, as part of this civil case, the government moved for an order of arrest and to set a trial date for defendant Mattatall's criminal contempt of court.[2] On May 18, 2009, again as part of this civil case, the court granted the government's motion, making a finding of probable cause of criminal contempt. The court thereupon notified defendant of his right to counsel to defend himself against the criminal contempt charges, and set trial on the criminal contempt charges for September 15, 2009.[3]

As part of his preparation for the criminal contempt trial, defendant obtained civil trial subpoenas from the court's clerk, having been informed that a separate

---

[1] Defendant's Motion to Dismiss Based on Fraud by the Government, (Defendant's Motion), Docket No. 109 at 1.

[2] Docket Nos. 77-80.

[3] Docket No. 103.

criminal case had not been docketed for the criminal contempt trial.[4] Subsequently, defendant's advisory counsel also obtained criminal trial subpoenas and provided them to defendant. Defendant has not asserted that either sets of subpoenas are defective or that he has not been able to obtain valid service of process over his alleged witnesses. In his motion, defendant does not show how he has been prejudiced.

## Legal Argument

Federal Rule of Criminal Procedure 42(a) provides that any "person who commits criminal contempt may be punished for that contempt after prosecution on notice." Federal Rule of Criminal Procedure 42(a)(1) provides that this notice may be given "in an order to show cause, or in an arrest order." The rules only require that the court provide the defendant notice of the charges against him, not that a new criminal case be docketed.

In this case, the United States filed a motion to show cause for criminal contempt, which the court granted and set for trial. Because the criminal contempt charges arise out of the civil case and concern whether or not defendant willfully violated the Second Amended Injunction in civil case no. CV 03 - 7016 DDP, this case remains docketed as a civil case. This is not unusual in criminal contempt cases where the United States has asserted that the defendant has violated an injunction entered in a civil case.[5]

Even though this is docketed as a civil case, defendant is facing criminal charges and criminal penalties, including potential incarceration. Because criminal contempt is "a crime in the ordinary sense," the Supreme Court has stressed that constitutional protections for criminal defendants "apply in

---

[4] Defendant's Motion at 3.

[5] See United States v. Sonibare, Civil No. 06-497 (DWF/SRN), 2008 WL 3166241 (D. Minn. Aug. 4, 2008)

4541441.1

nonsummary criminal contempt prosecutions just as they do in other criminal prosecutions."[6] Thus, defendant Mattatall is entitled to the appropriate constitutional protections afforded other criminal defendants, including the right to counsel and the right tp call witnesses on his behalf. It was in this context that government counsel informed defendant in its April 20, 2009, letter, that in its view defendant's criminal contempt proceeding was governed by the Federal Rules of Criminal Procedure. See Defendant's Motion, Ex. B.

Defendant has been provided both civil and criminal trial subpoenas, and has been advised by his advisory counsel how to obtain service of process over his alleged witnesses. There has been no fraud or misrepresentation by the government or the court.

Therefore, while this case remains docketed as a civil case, defendant has been afforded the appropriate due process protections in a criminal matter necessary to his defense. There is simply no basis for defendant Mattatall's assertion that the government and the court have engaged in "fraud" because the "proceedings are classified as civil."[7] Defendant's motion should be denied.

DATED: August 17, 2009.

                                             THOMAS P. O'BRIEN
                                             United States Attorney

                                             /S/

                                             ROBERT F. CONTE
                                             Assistant United States Attorney

---

[6] See United States v. Dixon, 509 U.S. 688, 696, __ S.Ct. __ (1993). Further, defendant has not shown the kind of grossly shocking conduct necessary to justify the dismissal of the criminal contempt charges against. See United States v. Garza-Juarez, 992 F.2d 896, 904 (9th Cir. 1993).

[7] Docket No. 109 at 1.

4541441.1

**PROOF OF SERVICE BY MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **August 17, 2009**, I served

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTATALL'S MOTION TO DISMISS BASED ON FRAUD BY THE GOVERNMENT**

on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. Date of mailing: **August 17, 2009**

Place of mailing: Los Angeles, California

**See attached list**

I declare under penalty of perjury under the laws of the United States of America that the foregoing if true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **August 17, 2009**, Los Angeles, California.

_____/s/_____
**Barbara Le**

**RE: UNITED STATES OF AMERICA V. JAMES A. MATTATALL**

**CASE NO.: CV 03-7016 DDP (PJWx)**

<u>**Service List**</u>

James A. Mattatall
1880 W. Carson St., #F-349
Torrance, CA 90503