1  THOMAS P. O'BRIEN
   United States Attorney
2  SANDRA BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   ROBERT CONTE
4  Assistant United States Attorney
   Federal Building, Room 7211
5  300 North Los Angeles Street
   Los Angeles, California 90012
6  Telephone: (213) 894-6607/2454
   Facsimile:   (213) 894-0115
7  robert.conte@usdoj.gov

8  MICHAEL R. PAHL
   Mn. Bar. No. 0234539
9  Trial Attorney, Tax Division
   U.S. Department of Justice
10 Post Office Box 7238
   Ben Franklin Station
11 Washington, D.C. 20044
   Telephone: (202) 514-6488
12 Facsimile: (202) 514-6770
   michael.r.pahl@usdoj.gov
13 Attorney for the United States

14         IN THE UNITED STATES DISTRICT COURT FOR THE
              CENTRAL DISTRICT OF CALIFORNIA
15                    WESTERN DIVISION

16 United States,                      )
                                       )
17                                     )
              Plaintiff,               )
18                                     )
   v.                                  )    Case No.  CV03-07016
19                                     )       DDP (PJWx)
                                       )
20 James A. Mattatall,                 )    United States' Objections to
                                       )    Mattatall's Notice of Admitted
21                                     )    Facts
              Defendant.               )
22                                     )    Criminal Contempt
                                       )
23                                     )
                                       )
24                                     )
                                       )
25                                     )

26

27

28

4580720.1

**Introduction**

Mattatall has filed two additional frivolous pleadings [Dkt. Nos. 106 and 114], asserting that the Court should take judicial notice under FRE 201 that the United States has somehow "admitted" relevant facts in this criminal contempt case by failing to respond to Mattatall's requests for admissions.  Because there was no scheduling order in place permitting discovery when Mattatall served the requests and the requests sought frivolous "admissions" including whether "the judge in this case has received compensation in the past for handling or overseeing IRS cases,"[1] Mattatall's request should be denied.

**Facts**

On March 26, 2009, the United States moved for an order of arrest and to set a trial date for Mattatall's criminal contempt of court.[2]  Shortly thereafter, on April 10, 2009, Mattatall served the United States with requests for admissions. Mattatall served these requests even though there was no scheduling order in place or other judicial provision for the parties to conduct civil discovery in this case. Moreover, Mattatall's requests for admissions did not seek admissions regarding the United States' allegations that he had violated the Second Amended Injunction. Instead, Mattatall sought admissions covering typical tax-protestor issues such as whether the government can produce "a valid statute to be used in this case," whether the federal district court is in fact an administrative court, whether the judge in this case is an Article III judge, and whether IRS employees are paid by the U.S. government.[3]

Ten days after the requests were served, the United States notified Mattatall and his stand-by counsel that the United States would not respond to Mattatall's

---

[1]Dkt. No. 106, Request No. 7.

[2]Dkt. Nos. 77-80.

[3]Dkt. No. 106, Requests.

4580720.1

1  discovery because a final judgment had been entered and the case is now governed

2  by the Federal Rules of Criminal Procedure.[4]

3  　　On May 18, 2009, the Court held a hearing on the United States' motion for

4  an arrest order, which Mattatall attended.  At this hearing, the Court granted the

5  United States' motion, made a finding of probable cause of criminal contempt,

6  notified Mattatall of his right to counsel to defend himself against the criminal

7  contempt charges, permitted Mattatall and the government's counsel to discuss any

8  issues relating to trial preparation, and set trial on the criminal contempt charges

9  for September 15, 2009.[5]

10  　　Mattatall now asserts that the Court should take judicial notice of the

11  "deemed admissions."  For the reasons set forth below, Mattatall's request should

12  be rejected.

13  **Legal Argument**

14  　　It is undisputed that on April 10, 2009, when Mattatall served the United

15  States with requests for admission, there was no scheduling order in place

16  permitting the parties–including the United States–to conduct civil discovery.

17  Moreover, because this is a criminal contempt case, the United States informed

18  Mattatall that the only permissible discovery is that allowed under the Federal

19  Rules of Criminal Procedure.  Consistent with this representation, the United States

20  has prepared for trial under the Federal Rules of Criminal Procedure, and has not

21  taken depositions, served interrogatories, requests for admissions, or used any

22  other discovery device permitted under the Federal Rules of Civil Procedure.  The

23  United States has also provided to Mattatall substantial criminal discovery,

24  including over a thousand documents, numerous tapes, and other items required to

25  be disclosed in criminal cases.

26  _____

27  [4]Dkt. No. 109, Exhibit B.

28  [5]Dkt. No. 103.

4580720.1

In short, there was no court order permitting Mattatall to conduct discovery under the Federal Rules of Civil Procedure. Because Mattatall was not entitled to serve the United States with requests for admission, the United States reasonably declined to respond, and the Court should not deem the requests admitted.

Even if Mattatall was entitled to serve the United States with requests for admission, the requests did not seek information regarding a "nonprivileged matter that is relevant to any party's claim or defense"[6] and were not "reasonably calculated to lead to the discovery of admissible evidence."[7] Instead, the requests were frivolous tax-protestor discovery. Plainly, if discovery was permitted under Federal Rules of Civil Procedure, the United States would have sought a protective order and sanctions against Mattatall.

For these reasons, Mattatall's request that the Court deem the requests admitted should be rejected by the Court.

DATED: August 28, 2009.

THOMAS P. O'BRIEN
United States Attorney

s/Michael R. Pahl
MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6488

---

[6]Fed. R. Civ. P. 26(b)(1).

[7]*Id.*

4

4580720.1

**<u>PROOF OF SERVICE BY MAILING</u>**

I am over the age of 18 and not a party to the within action.  I am employed by the Office of the United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **<u>August 28, 2009</u>**, I served **United State' Objections to Mattatall's Notice of Admitted Facts** on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  Date of mailing: **<u>August 28, 2009</u>**

Place of mailing: Los Angeles, California.

**James A. Mattatall**
1880 West Carson Street #F-349
Torrance, CA 90503


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **<u>August 28, 2009</u>**, Los Angeles, California.


/s/_____
                    **Amanda Carrillo**