O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>JAMES A. MATTATALL,<br><br>        Defendant. | Case No. CV 03-07016 DDP (PJWx)<br><br>**ORDER DENYING MOTION TO DISMISS BASED ON FRAUD BY THE GOVERNMENT FILED BY DEFENDANT JAMES A. MATTATALL**<br><br>[Motion filed on August 11, 2009] |

    Defendant James A. Mattatall, appearing pro se, has filed a motion to dismiss the Government's case against him for criminal contempt. The United States has opposed the Motion. After reviewing the materials submitted by the parties, the Court denies the motion and adopts the following order.

**I.    BACKGROUND**

    **A.    Civil Case History**

    On April 6, 2004, the Court granted default judgment against the defendant, James Mattatall ("Mattatall"), a tax protester. The Plaintiff United States of America ("the Government") had filed a complaint requesting a permanent injunction barring Mattatall from

(a) acting as an income tax preparer; (b) organizing or selling abusive trust arrangements or other plans or arrangements that advise or encourage taxpayers to attempt to evade the assessment or collection of their correct federal taxes; (c) engaging in any activity subject to penalty under Internal Revenue Code §§ 6400, 6701, or 6694; and (d) engaging in other conduct that substantially interferes with the enforcement of the internal revenue laws.  In connection with the April 6, 2004 default judgment, the Court found that the Government's requested relief was appropriate, and granted the requested injunctive relief.

On August 17, 2004, the Court granted the Government's motion for an order finding Mattatall in contempt and issued a Second Amended Injunction ("SAI").  (Docket No. 36, Aug. 17, 2004.) The SAI barred Mattatall from "[f]urther acting as a return preparer or assisting in or directing the preparation of federal tax returns for any person or entity other than himself, or further appearing as a representative on behalf of any person or organization whose tax liabilities is under examination by the U.S."  (SAI at 5.)  The Court also granted a motion for civil contempt against Mattatall on April 29, 2005.

**B.   Criminal Contempt**

On March 26, 2009, the Government moved for an order of arrest and to set a trial date, alleging Mattatall committed criminal contempt of court by preparing federal tax returns for compensation and by representing a person before the Internal Revenue Service in violation of the SAI.  On May 18, 2009, upon finding probable cause of criminal contempt, the Court granted the Government's motion,

set a bench trial for September 15, 2009, and advised Mattatall of his right to counsel.

### C. Motion to Dismiss

On August 11, 2009, Mattatall filed this Motion to Dismiss, arguing that the Government and the Court have committed fraud because the "proceedings are classified as civil, yet the government is trying to convert them into criminal proceedings" in violation of due process and separation of powers. (Mot. 1:24-26; 4:26-5:22.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Criminal Procedure 42(a) sets forth three requirements for criminal contempt proceedings: (1)adequate notice, (2)appointment of a prosecutor, and (3)trial and disposition. Notice may be provided in open court, in an order to show cause, or in an arrest order. FED. R. CRIM. P. 42(a)(1). The notice must (1) apprise the accused of the time and place of the trial, (2)allow him or her a reasonable time to prepare a defense, and (3)state the essential facts constituting the criminal contempt. Id. 42(a)(1)(A)-(C). So long as the notice provided satisfies the requirements of Rule 42(a), the due process requirements for notice are satisfied as well. See, e.g., In re Troutt, 460 F.3d 887, 894 (7th Cir. 2006) (rejecting due process challenge to notice in criminal contempt proceedings where order to show cause satisfied Rule 42(a)).

///
///

**B.   Analysis**

In this case, the United States filed a motion to show cause for criminal contempt, which the Court granted and set for trial. Because the criminal contempt charges arise out of a civil case and concern whether or not the defendant willfully violated the SAI, this case remains docketed as a civil case.  The Court finds nothing in Rule 42(a) requiring that criminal contempt charges be docketed separately from the civil case from which they arise.  Nor has Mattatall suggested that the notice of criminal contempt otherwise violates the requirements of Rule 42(a)(1)(A)-(C) or due process.

Mattatall also asserts that separation of powers has been violated because the Court has not complied with Federal Rules of Civil Procedure 52(a) and 54(b).  The Court finds that neither rule applies to the criminal contempt charges against Mattatall and that his argument concerning separation of powers is without merit.[1]

**III. CONCLUSION**

Therefore, the Court denies the Motion to Dismiss.
IT IS SO ORDERED.

Dated: September 3, 2009

DEAN D. PREGERSON
United States District Judge

---

[1] Mattatall has, in conjunction with this motion, filed two documents entitled "Notice of Admitted Facts."  (Docket Nos. 106 & 114.)  Mattatall has apparently propounded Requests for Admission in relation to the criminal contempt case and asks the Court to deem them admitted in light of the Government's refusal to respond. Requests for admission are civil, rather than criminal, discovery tools, and the Court therefore declines to deem them admitted.