1  GEORGE S. CARDONA
   Acting United States Attorney
2  SANDRA BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   ROBERT CONTE
4  Assistant United States Attorney
   Federal Building, Room 7211
5  300 North Los Angeles Street
   Los Angeles, California 90012
6  Telephone: (213) 894-6607/2454
   Facsimile:  (213) 894-0115
7  robert.conte@usdoj.gov

8  MICHAEL R. PAHL
   Mn. Bar. No. 0234539
9  Trial Attorney, Tax Division
   U.S. Department of Justice
10 Post Office Box 7238
   Ben Franklin Station
11 Washington, D.C. 20044
   Telephone: (202) 514-6488
12 Facsimile:  (202) 514-6770
   michael.r.pahl@usdoj.gov
13 Attorney for the United States

14        IN THE UNITED STATES DISTRICT COURT FOR THE
              CENTRAL DISTRICT OF CALIFORNIA
15                  WESTERN DIVISION

16 United States,                        )
                                         )
17                                       )
              Plaintiff,                 )
18                                       )
   v.                                    )   Case No.  CV03-07016
19                                       )      DDP (PJWx)
                                         )
20 James A. Mattatall,                   )   Motion To Quash Criminal
                                         )   Trial Subpoenas
21                                       )
              Defendant.                 )
22                                       )
                                         )   Criminal Contempt
23                                       )
                                         )   Hearing: September 14,  2009
24                                       )   10:00 a.m.
                                         )   Courtroom: No. 3, 2nd Floor
25                                       )
                                         )   Judge Dean D. Pregerson
26
27
28
                                                        4533336.1

PLEASE TAKE NOTICE that, if ordered by the court, on September 14, 2009, at 10:00 a.m., in Courtroom 3 of the U.S. Courthouse, 312 N. Spring Street, Los Angeles, California, the government will and hereby does move to quash criminal trial subpoenas served on government counsel in this case. <u>The government has filed an ex parte application to hear this motion on shortened notice so that the court can decide this matter before trial, now scheduled for September 15, 2009</u>. This motion is supported by the memorandum of law filed herewith.

Defendant is representing himself.

Introduction

On August 28, 2009, defendant (or his agent) hand delivered four criminal trial subpoenas to the Tax Division of the United States Attorney's Office, Los Angeles, California. (Copies of the subpoenas are attached hereto.) Defendant's criminal trial subpoenas are addressed to the government's trial counsel in this case, Department of Justice, Trial Attorney, Michael Pahl, and Assistant United States Attorney, Robert Conte. They are also addressed to Chief, Tax of the Division, Sandra Brown, and former United States Attorney, Thomas O'Brien (collectively referred to herein as "government counsel" or "the witnesses"). The subpoenas call for the testimony of government counsel and call for government counsel to produce documents and other materials in advance of trial at defendant's residential address. Each subpoena requests the same records and information. Because the subpoenas are unreasonable and do not seek relevant information, the court should quash defendant's trial subpoenas to government counsel. <u>See</u> Rule 17(c)(2), Federal Rules of Criminal Procedure.

Memorandum of Law

The court has scheduled a criminal contempt trial in this matter for September 15, 2009. Because defendant is on trial for criminal contempt, the

4533336.1

1  government is of the view that defendant's trial subpoenas should be governed by

2  Rule 17 of the Federal Rules of Criminal Procedure .

3  Service

4  Rule 17(d) of the Federal Rules of Criminal Procedure provides that a party

5  must deliver the subpoena to the witness.  In this case, the subpoenas were

6  delivered to office staff of the United States Attorney's Office.  No arrangements

7  were made for the office staff to accept service for the individual witnesses.  Nor

8  did the individual witnesses waive personal service.  Therefore, service of the

9  subpoenas is defective, and on that basis, they are not enforceable.  Also, no

10  witness fees were tendered, making the subpoenas improper.  See Tedder v. Odel,

11  890 F.2d 210, 211-12 (9th Cir. 1989).

12  Production Demand

13  Defendant's subpoenas command that the witnesses produce records and

14  information 10 days in advance of trial and at defendant's residential address.

15  Rule 17(c)(1), however, does not permit defendant to make these demands.  Rule

16  17(c)(1) requires that subpoenaed documents be produced in court before trial.

17  Defendant has not sought leave of the court to allow for production 10 days in

18  advance of trial at defendant's residential address.  Defendant's subpoenas for

19  records, therefore, are defective and should be quashed.

20  Subpoenas Seek Irrelevant Information

21  In order to prevail on a motion to quash, defendant must show that his

22  subpoenas seek information that 1) is evidentiary and relevant; 2) cannot be

23  otherwise be procured by exercise of due diligence; 3) is necessary to properly

24  preparing for trial; and 4) is sought in good faith and not part of a general "fishing

25  expedition".  See United States v. Scaduto, 1995 WL 130511 (S.D.N.Y. 1995);

26  United States v. Nixon, 418 U.S. 683, 699-700, ___ S.Ct. ___, (1973) .

27  Here defendant cannot show that his subpoenas seek relevant testimony

28

4533336.1

from the witnesses or that they were issued to the witnesses in good faith. The subpoenaed witnesses do not have any information (based on personal knowledge) that is relevant to the issues before the court. The witnesses are government lawyers assigned to prosecute this case. In particular, Sandra Brown and Thomas O'Brien have no role in this matter other than as supervisors. Ms. Brown and Mr. O'Brien have likely been subpoenaed simply because their names appear on the government's pleadings. Therefore, the court should quash the subpoenas in that they seek testimony of the government counsel witnesses with no relevant information.

To the extent that defendant's subpoenas seek records or information that the government intends to use at trial or that is otherwise discoverable under Rule 16 of the Federal Rules of Criminal Procedure, the government has already produced that information to defendant as part of its discovery obligations in this case. Indeed, the government has produced to defendant over 2100 pages of discovery related to the charges against him, and has produced copies of all audio records of defendant it intends to rely on a trial or sentencing. <u>See</u> defendant's subpoena request number 3.

Though defendant is entitled to obtain information and records relevant to his defense, he is not entitled to subpoena frivolous or irrelevant materials. <u>See</u> defendant's request number 6, seeking "all records proving that Public Law 80-772" was passed by Congress. Defendant's requests numbers 6, 12 through 27, and 29 through 32 are frivolous and irrelevant on their face, and accordingly, these requests should be quashed on their face.[1] <u>See</u> defendant's request number 29, seeking agreements between the IRS and the IMF.

---

[1]Defendant's requests relating to "registered names, Public Law 80-772, birth certificates of agents, payroll records of the assigned Judge, and bonuses paid to prosecutors" are patently frivolous.

4

Defendant's requests numbers 1, 2, 4, and 5 are unrelated to the criminal contempt matter now before the court.  This case has been brought by the government pursuant to Rule 42 of the Federal Rules of Criminal Procedure.  No criminal complaint has been filed against defendant, and the charges have been brought by the United States.

Defendant's requests 7 through 10 are impermissibly over broad and amount to an impermissible "fishing expedition."  The government's case against defendant in this matter is narrow.  It relates to his willful violation of the court's Second Amended Injunction against him.  Whether the defendant is the subject of other investigations, or whether the government has in its possession other information not relevant to these proceedings is not subject to discovery by trial subpoena in this case.  See Nixon, 418 U.S. at 699-700.  Requests 7 through 10 therefore should be quashed.  Further, the breath of defendant's requests necessarily includes records and information subject to claims of privilege by the government and not discoverable by trial subpoena.

Defendant's request number 11 relates to alleged informants used in this case.  The government, however, has not used any informants in developing its charges against defendant, and therefore, it has no information related to this request.  The government intends to call at trial only former tax return preparation clients of defendant's and several government agents who have had interactions with defendant in relation to the prohibitions contained in the Second Amended Injunction.  To the extent the government is in possession of materials that bear on the credibility or reliability of these witnesses, these materials have been disclosed to defendant.

///

4533336.1

1

2          Subpoenas Do Not Comply With Touhy Regulations

3          When seeking the testimony of Department of Justice employees in a matter

4    in which the government is a party, the party issuing trial subpoenas must comply

5    with the Department of Justice's Touhy regulations at Title 28 of the Code of

6    Federal Regulations, Section 16.23.  If the issuing party does not comply with the

7    Department's Touhy regulations, the subpoenas must be quashed.  See United

8    States v. Luitgarden, 2008 WL 2610465 (M.D. Fla. 2008)(subpoenas to

9    government counsel quashed in criminal case because they did not comply with

10   Touhy regulations); see also, United States v. Wallace, 32 F.3d 921, 922 (5th Cir.

11   1994)(Touhy regulations held to be valid and mandatory, even in a criminal case).

12         Defendant has not complied with the Touhy regulations.  Specifically, he

13   has not complied with Section 16.23(c) of the regulations which provides that if

14   oral testimony is sought, an affidavit or statement of the party issuing the

15   subpoena summarizing the testimony sought must be furnished to the government

16   counsel handling the matter.  28 C.F.R. § 16.23(c), Title 28.  Defendant has not

17   complied with this provision, and on this basis too, his subpoenas should be

18   quashed.

19                                    Conclusion

20         For the reasons stated herein, the court should quash defendant's criminal

21   trial subpoenas referred to herein.

22

23         DATED: September 4, 2009.

24

25                              GEORGE S. CARDONA
                               Acting United States Attorney
26
                                    /S/
27
                               ROBERT F. CONTE
28                             Assistant United States Attorney

                                                              4533336.1

**From:**  UNITED STATES OF AMERICA
                    Plaintiff
                            v.
            JAMES A. MATTATALL
                    Defendant


**To:**    **ROBERT CONTE**
            **Assistant United States Attorney**

James A. Mattatall
1880 West Carson Street, #F-349
Torrance, CA 90710
(310) 530-6306

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 03-7016-DDP |
| v. | | |
| JAMES A. MATTATALL | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO: ROBERT CONTE, Assistant United States Attorney

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: United States District Court, 312 N. Spring Street, Los Angeles, CA 90012 , Courtroom: 3 (Pregerson)

Date: September 15, 2009 , Time: 9:00 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Provide All documents/papers/records identified in attached ADDENDUM TO SUBPOENA FOR RECORDS at least 10 days before trial to Defendant at Defendant's address.



_Terry Nafisi_
Terry Nafisi, Clerk of Court

August 24, 2009
Date

James Arnold: Mattatall
1880 West Carson Street, #F-349
Torrance, California
(310) 530-6306

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     Plaintiff<br><br>v.<br><br>JAMES A. MATTATALL<br><br>     Defendant | C.A. No. CV03-07016 DDP (PJWx) |

## ADDENDUM TO SUBPOENA FOR RECORDS

Please provide originals of all documents and all records related to this case, including but not limited to the following:

1. A certification of the charges.

2. The criminal complaint, including the affidavit to the criminal complaint by an actual fact witness.

3. All audio files used as evidence in this case, including a chain of custody of the documents and the transcribers notes, address, and information.

4. The real party/ies in interest, including all names and contact information.

5. The registered agent/s for the real party/ies in interest, including all names and contact information.

6. All records proving that Public Law 80-772 (Title 18 of the criminal code) was passed by the House of Representatives in the 80th Congress.

7. All books and records in the Plaintiff/s possession related to Defendant.

8.  A fully decoded master file and AMDISA file pertaining to the Defendant.

9.  All classified documents in all agencies of the government pertaining to the Defendant, including but not limited to the National Security Agency and the IRS.

10. All records in all government agencies pertaining to the Defendant, including but not limited to the IRS, the Department of Justice, the CIA, the FBI, the NSA, the President's Office, the DEA, Homeland Security, INTERPOL, Secretary of State, Secretary of Treasury, SEC, Comptroller of Currency and FINCEN.

11. All records in all government agencies related to informants in this case, including any payment arrangements, payment promises, and payments made to said informants.

12. All records related to payments to prosecutors and government attorneys in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

13. All records related to payments to judge/s in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

14. All records of financial instruments, compensation, and benefits received by the court in IRS cases when convictions were obtained in civil and criminal cases for the last 5 years.

15. All cash box funds and receipts held for informants by the government for the last 5 years.

16. The names on the birth certificates of all IRS agents in this case.

17. All records showing that the United States of America has statutory authority to represent the IRS.

18. A certified copy of the statute used by the government in this case.

19. Certified copies of all records which show that the federal courts and federal judges are registered with Dun & Bradstreet as corporations for profit.

Page 2 of 3

20. Certification that the federal district courts are Constitutional courts, not administrative courts, and that federal district court judges are Article III judges, not administrative judges.

21. All records showing that Title 26 and the Internal Revenue Code are not separate and distinct legal basis.

22. A certified government organization chart which shows a listing for the IRS.

23. Certified copies of records of pay from the United States government to IRS employees.

24. Records from Financial Management Services showing taxes collected by that agency for the last 2 years.

25. Certified copies of all records of the incorporation of the United States.

26. Certified copies of pay stubs and W2 forms for the prosecutor and the judge in this case for the last 2 years.

27. Certified originals of oaths of office of all IRS and/or ATF officers, the US attorneys, and the Judge in this case.

28. Originals of all affidavits filed in this case by IRS agents.

29. Certified copies of all agreements between the IRS and the International Monetary Fund.

30. Certified copies of all records which establish that the IRS is an agent of the Government of the United States and not of the [federal] United States of America.

31. Verify or certify the distinction between the "United States" and "United States of America" as it applies in this case pursuant to 18 USC section 1001.

32. All evidence that the IRS has standing to sue for a criminal contempt of court.

James A. Mattatall
1880 West Carson Street, #F-349
Torrance, CA 90710
(310) 530-6306

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | | CASE NUMBER |
| v. | PLAINTIFF | 03-7016-DDP |
| JAMES A. MATTATALL | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO: MICHAEL R. PAHL, Trial Attorney, Tax Division

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: United States District Court, 312 N. Spring Street, Los Angeles, CA 90012 , Courtroom: 3 (Pregerson)

Date: September 15, 2009 , Time: 9:00 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Provide All documents/papers/records identified in attached ADDENDUM TO SUBPOENA FOR RECORDS at least 10 days before trial to Defendant at Defendant's address.



_Terry Nafisi_
Terry Nafisi, Clerk of Court

August 24, 2009
Date

James Arnold: Mattatall
1880 West Carson Street, #F-349
Torrance, California
(310) 530-6306

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff <br><br> v. <br><br> JAMES A. MATTATALL <br><br> Defendant | C.A. No. CV03-07016 DDP (PJWx) |

## ADDENDUM TO SUBPOENA FOR RECORDS

Please provide originals of all documents and all records related to this case, including but not limited to the following:

1. A certification of the charges.

2. The criminal complaint, including the affidavit to the criminal complaint by an actual fact witness.

3. All audio files used as evidence in this case, including a chain of custody of the documents and the transcribers notes, address, and information.

4. The real party/ies in interest, including all names and contact information.

5. The registered agent/s for the real party/ies in interest, including all names and contact information.

6. All records proving that Public Law 80-772 (Title 18 of the criminal code) was passed by the House of Representatives in the 80th Congress.

7. All books and records in the Plaintiff/s possession related to Defendant.

Page 1 of 3

8. A fully decoded master file and AMDISA file pertaining to the Defendant.

9. All classified documents in all agencies of the government pertaining to the Defendant, including but not limited to the National Security Agency and the IRS.

10. All records in all government agencies pertaining to the Defendant, including but not limited to the IRS, the Department of Justice, the CIA, the FBI, the NSA, the President's Office, the DEA, Homeland Security, INTERPOL, Secretary of State, Secretary of Treasury, SEC, Comptroller of Currency and FINCEN.

11. All records in all government agencies related to informants in this case, including any payment arrangements, payment promises, and payments made to said informants.

12. All records related to payments to prosecutors and government attorneys in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

13. All records related to payments to judge/s in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

14. All records of financial instruments, compensation, and benefits received by the court in IRS cases when convictions were obtained in civil and criminal cases for the last 5 years.

15. All cash box funds and receipts held for informants by the government for the last 5 years.

16. The names on the birth certificates of all IRS agents in this case.

17. All records showing that the United States of America has statutory authority to represent the IRS.

18. A certified copy of the statute used by the government in this case.

19. Certified copies of all records which show that the federal courts and federal judges are registered with Dun & Bradstreet as corporations for profit.

20. Certification that the federal district courts are Constitutional courts, not administrative courts, and that federal district court judges are Article III judges, not administrative judges.

21. All records showing that Title 26 and the Internal Revenue Code are not separate and distinct legal basis.

22. A certified government organization chart which shows a listing for the IRS.

23. Certified copies of records of pay from the United States government to IRS employees.

24. Records from Financial Management Services showing taxes collected by that agency for the last 2 years.

25. Certified copies of all records of the incorporation of the United States.

26. Certified copies of pay stubs and W2 forms for the prosecutor and the judge in this case for the last 2 years.

27. Certified originals of oaths of office of all IRS and/or ATF officers, the US attorneys, and the Judge in this case.

28. Originals of all affidavits filed in this case by IRS agents.

29. Certified copies of all agreements between the IRS and the International Monetary Fund.

30. Certified copies of all records which establish that the IRS is an agent of the Government of the United States and not of the [federal] United States of America.

31. Verify or certify the distinction between the "United States" and "United States of America" as it applies in this case pursuant to 18 USC section 1001.

32. All evidence that the IRS has standing to sue for a criminal contempt of court.

Page 3 of 3

**From:**   UNITED STATES OF AMERICA
                     Plaintiff
                          v.
           JAMES A. MATTATALL
                     Defendant


**To:**    **SANDRA BROWN**
           **Assistant United States Attorney**

James A. Mattatall
1880 West Carson Street, #F-349
Torrance, CA  90710
(310) 530-6306

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 03-7016-DDP |
| v. | | |
| JAMES A. MATTATALL | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO: SANDRA BROWN, Assistant United States Attorney

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: United States District Court, 312 N. Spring Street, Los Angeles, CA  90012 , Courtroom: 3 (Pregerson)

Date: September 15, 2009 , Time: 9:00 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Provide All documents/papers/records identified in attached ADDENDUM TO SUBPOENA FOR RECORDS at least 10 days before trial to Defendant at Defendant's address.



_Terry Nafisi_
Terry Nafisi, Clerk of Court

August 24, 2009
Date

James Arnold: Mattatall
1880 West Carson Street, #F-349
Torrance, California
(310) 530-6306

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | C.A. No. CV03-07016 DDP (PJWx) |
|      Plaintiff | |
| v. | |
| JAMES A. MATTATALL | |
|     Defendant | |

## ADDENDUM TO SUBPOENA FOR RECORDS

Please provide originals of all documents and all records related to this case, including but not limited to the following:

1. A certification of the charges.

2. The criminal complaint, including the affidavit to the criminal complaint by an actual fact witness.

3. All audio files used as evidence in this case, including a chain of custody of the documents and the transcribers notes, address, and information.

4. The real party/ies in interest, including all names and contact information.

5. The registered agent/s for the real party/ies in interest, including all names and contact information.

6. All records proving that Public Law 80-772 (Title 18 of the criminal code) was passed by the House of Representatives in the 80th Congress.

7. All books and records in the Plaintiff/s possession related to Defendant.

8.   A fully decoded master file and AMDISA file pertaining to the Defendant.

9.   All classified documents in all agencies of the government pertaining to the Defendant, including but not limited to the National Security Agency and the IRS.

10.   All records in all government agencies pertaining to the Defendant, including but not limited to the IRS, the Department of Justice, the CIA, the FBI, the NSA, the President's Office, the DEA, Homeland Security, INTERPOL, Secretary of State, Secretary of Treasury, SEC, Comptroller of Currency and FINCEN.

11.   All records in all government agencies related to informants in this case, including any payment arrangements, payment promises, and payments made to said informants.

12.   All records related to payments to prosecutors and government attorneys in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

13.   All records related to payments to judge/s in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

14.   All records of financial instruments, compensation, and benefits received by the court in IRS cases when convictions were obtained in civil and criminal cases for the last 5 years.

15.   All cash box funds and receipts held for informants by the government for the last 5 years.

16.   The names on the birth certificates of all IRS agents in this case.

17.   All records showing that the United States of America has statutory authority to represent the IRS.

18.   A certified copy of the statute used by the government in this case.

19.   Certified copies of all records which show that the federal courts and federal judges are registered with Dun & Bradstreet as corporations for profit.

1    20.  Certification that the federal district courts are Constitutional courts, not
2         administrative courts, and that federal district court judges are Article III judges, not
3         administrative judges.

4    21.   All records showing that Title 26 and the Internal Revenue Code are not separate
5         and distinct legal basis.

6    22.  A certified government organization chart which shows a listing for the IRS.

7    23.  Certified copies of records of pay from the United States government to IRS
8         employees.

9    24.  Records from Financial Management Services showing taxes collected by that
10        agency for the last 2 years.

11   25.  Certified copies of all records of the incorporation of the United States.

12   26.  Certified copies of pay stubs and W2 forms for the prosecutor and the judge in this
13        case for the last 2 years.

14   27.  Certified originals of oaths of office of all IRS and/or ATF officers, the US
15        attorneys, and the Judge in this case.

16   28.  Originals of all affidavits filed in this case by IRS agents.

17   29.  Certified copies of all agreements between the IRS and the International Monetary
18        Fund.

19   30.  Certified copies of all records which establish that the IRS is an agent of the
20        Government of the United States and not of the [federal] United States of America.

21   31.  Verify or certify the distinction between the "United States" and "United States of
22        America" as it applies in this case pursuant to 18 USC section 1001.

23   32.  All evidence that the IRS has standing to sue for a criminal contempt of court.

24

25

26

27

28

Page 3 of 3

**From:**    UNITED STATES OF AMERICA
                    Plaintiff
                        v.
            JAMES A. MATTATALL
                    Defendant

**To:**     **THOMAS P. O'BRIEN**
            **United States Attorney**

James A. Mattatall
1880 West Carson Street, #F-349
Torrance, CA 90710
(310) 530-6306

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | PLAINTIFF | CASE NUMBER |
| v. | | 03-7016-DDP |
| JAMES A. MATTATALL | | |
| | DEFENDANT(S). | **SUBPOENA IN A CRIMINAL CASE** |

TO: THOMAS P. O'BRIEN, United States Attorney

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: United States District Court, 312 N. Spring Street, Los Angeles, CA 90012 , Courtroom: 3 (Pregerson)

Date: September 15, 2009 , Time: 9:00 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Provide All documents/papers/records identified in attached ADDENDUM TO SUBPOENA FOR RECORDS at least 10 days before trial to Defendant at Defendant's address.



*Terry Nafisi*

Terry Nafisi, Clerk of Court

August 24, 2009

Date

James Arnold: Mattatall
1880 West Carson Street, #F-349
Torrance, California
(310) 530-6306

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     Plaintiff<br><br>v.<br><br>JAMES A. MATTATALL<br><br>     Defendant | C.A. No. CV03-07016 DDP (PJWx) |

## ADDENDUM TO SUBPOENA FOR RECORDS

Please provide originals of all documents and all records related to this case, including but not limited to the following:

1. A certification of the charges.

2. The criminal complaint, including the affidavit to the criminal complaint by an actual fact witness.

3. All audio files used as evidence in this case, including a chain of custody of the documents and the transcribers notes, address, and information.

4. The real party/ies in interest, including all names and contact information.

5. The registered agent/s for the real party/ies in interest, including all names and contact information.

6. All records proving that Public Law 80-772 (Title 18 of the criminal code) was passed by the House of Representatives in the 80th Congress.

7. All books and records in the Plaintiff/s possession related to Defendant.

8. A fully decoded master file and AMDISA file pertaining to the Defendant.

9. All classified documents in all agencies of the government pertaining to the Defendant, including but not limited to the National Security Agency and the IRS.

10. All records in all government agencies pertaining to the Defendant, including but not limited to the IRS, the Department of Justice, the CIA, the FBI, the NSA, the President's Office, the DEA, Homeland Security, INTERPOL, Secretary of State, Secretary of Treasury, SEC, Comptroller of Currency and FINCEN.

11. All records in all government agencies related to informants in this case, including any payment arrangements, payment promises, and payments made to said informants.

12. All records related to payments to prosecutors and government attorneys in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

13. All records related to payments to judge/s in this case which were made in addition to their regular compensation for IRS cases in the last 5 years.

14. All records of financial instruments, compensation, and benefits received by the court in IRS cases when convictions were obtained in civil and criminal cases for the last 5 years.

15. All cash box funds and receipts held for informants by the government for the last 5 years.

16. The names on the birth certificates of all IRS agents in this case.

17. All records showing that the United States of America has statutory authority to represent the IRS.

18. A certified copy of the statute used by the government in this case.

19. Certified copies of all records which show that the federal courts and federal judges are registered with Dun & Bradstreet as corporations for profit.

20. Certification that the federal district courts are Constitutional courts, not administrative courts, and that federal district court judges are Article III judges, not administrative judges.

21. All records showing that Title 26 and the Internal Revenue Code are not separate and distinct legal basis.

22. A certified government organization chart which shows a listing for the IRS.

23. Certified copies of records of pay from the United States government to IRS employees.

24. Records from Financial Management Services showing taxes collected by that agency for the last 2 years.

25. Certified copies of all records of the incorporation of the United States.

26. Certified copies of pay stubs and W2 forms for the prosecutor and the judge in this case for the last 2 years.

27. Certified originals of oaths of office of all IRS and/or ATF officers, the US attorneys, and the Judge in this case.

28. Originals of all affidavits filed in this case by IRS agents.

29. Certified copies of all agreements between the IRS and the International Monetary Fund.

30. Certified copies of all records which establish that the IRS is an agent of the Government of the United States and not of the [federal] United States of America.

31. Verify or certify the distinction between the "United States" and "United States of America" as it applies in this case pursuant to 18 USC section 1001.

32. All evidence that the IRS has standing to sue for a criminal contempt of court.

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action.  I am employed by the Office of the United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **September 4, 2009**, I served **Motion to Quash Criminal Trial Suboenas** on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  Date of mailing: **September 4, 2009**

Place of mailing: Los Angeles, California.

**James A. Mattatall**
1880 West Carson Street #F-349
Torrance, CA 90503


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **September 4, 2009**, Los Angeles, California.

/s/ _____
**Amanda Carrillo**