1 James Arnold: Mattatall
1880 West Carson Street, #F-349
2 Torrance, California
(310) 530-6306
3

```
FILED
CLERK, U.S. DISTRICT COURT
SEP - 8 2009
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY
```

4

5

6 UNITED STATES DISTRICT COURT

7 FOR THE CENTRAL DISTRICT OF CALIFORNIA

8 WESTERN DIVISION

9

10 UNITED STATES OF AMERICA

© 2009

11    Plaintiff

C.A. No. CV03-07016 DDP (PJWx)

12 v.

**Done by Affidavit**

13 JAMES A. MATTATALL

**Verified**

14    Defendant

Hearing Date:
15 Monday, September 14, 2009, 10:00 AM
Courtroom: 3, Second Floor
16 Judge D. Pregerson

17

18 <u>**MOTION TO DISMISS DUE TO CHALLENGE FOR LACK OF TERRITORIAL JURISDICTION AND DEMAND FOR A HEARING**</u>
19

20 Monday, September 14, 2009, 10:00 AM

21 AFFIDAVIT OF James Arnold: Mattatall

22      Comes now Defendant, James A. Mattatall, pro per, and hereby moves the court

23 to dismiss this case for lack of territorial jurisdiction and moves for a hearing on the

24 matter within 10 days after the 21 day response period required for the government

25 according to local rules, prior to trial.

26      Defendant requests the court to take mandatory judicial notice of the law and

27 statutes which prove this claim pursuant to F.R.E. 201.

28

```
RECEIVED
BUT NOT FILED
SEP - 8 2009
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
```

### A. Introduction

This memorandum will be construed to comply with provisions necessary to establish presumed fact (Rules 301 and 302, Federal Rules of Evidence, and attending State rules), should interested parties fail to rebut any given allegation of fact, or matter of law, addressed herein. This position will be construed constructive notice and as adequate to meet all requirements of judicial notice, thus preserving fundamental Law. The matters addressed herein, if not rebutted, will be construed to have general application. This memorandum addresses jurisdiction of United States District Courts ("USDC") and related agencies of the United States (federal government).

Generally speaking, territorial bounds for United States judicial authority are applicable with respect to both civil and criminal matters, with diversity of citizenship being the only exception in civil matters. This expansion of United States judicial authority does not extend to criminal matters, except as specified by Thomas Jefferson in "The Kentucky Resolutions." The U.S. Supreme Court has repeatedly prescribed the limits of federal criminal jurisdiction: "[Federal] legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears [in the legislation] ...." See, e.g. Caha v. United States, 152 U.S. 211, 215 (1894), 14 S.Ct. 513; American Banana Company v. United Fruit Company, 213 U.S. 347 (1909), 357, 29 S.Ct. 511; United States v. Bowman, 260 U.S. 94 (1922), 97, 93, 43 S.Ct. 39; Blackmer v. United States, 284 U.S. 421 (1932), 437, 52 S.Ct. 252; Foley Bros. v. Filardo, 336 U.S. 281 (1949), 285, 69 S.Ct. 575; United States v. Spelar, 338 U.S. 217, 222 (1949), 70 S.Ct. 10; and United States v. First National City Bank, 321 F.2d 14, 23 (2nd Cir. 1963). That the federal courts are courts of limited jurisdiction is a fundamental premised on our American constitutional system. "The limits on federal jurisdiction whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 57 L.Ed.2d 274, 98 S.Ct. 2396 (1978).

**B. The United States District Courts are Legislative Courts**

The **United States District Courts** ("USDC") are *legislative* courts typically proceeding in *legislative* mode. See American Insurance v. 356 Bales of Cotton, 1 Pet. 511, 7 L.Ed. 242 (1828) (C.J. Marshall's seminal ruling); and Balzac v. Porto Rico, 258 U.S. 298, 312 (1922) (The USDC is not a true United States court *established under Article III*.) See 28 U.S.C. §§ 88, 91, 132, 152, 171, 251, 458, 461, 1367. (1)

*Legislative* courts are not required to exercise the Article III guarantees required of *constitutional* courts. See Keller v. Potomac Electric Power Co., 261 U.S. 428 (1923); Federal Trade Commission v. Klesner, 274 U.S. 145 (1927); Swift v. United States, 276 U.S. 311 (1928); Ex parte Bakelite Corporation, 279 U.S. 438 (1929); Federal Radio Commission v. General Electric Co., 281 U.S. 464 (1930); Claiborne-Annapolis Ferry Co. v. United States, 285 U.S. 382 (1932); O'Donoghue v. United States, 289 U.S. 516 (1933); Glidden Co. v. Zdanok, 370 U.S. 530 (1962); Northern Pipeline Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); 49 Stat. 1921[1].

All guarantees of the U.S. Constitution were expressly extended into the District of Columbia in 1871, and into all federal Territories in 1873. See 16 Stat. 419, 426, Sec. 34; 18 Stat. 325, 333, Sec. 1891, respectively. Compare Downes v. Bidwell, 182 U.S. 244, 380 (1901) (paraphrasing the Harvard Law Review: the Constitution of the United States, as such, does not extend beyond the limits of the States which are united by and under it); and Hooven & Allison v. Evatt, 324 U.S. 652 (1945) (the guarantees [*sic*] of the Constitution extend into the federal zone only as Congress has made those guarantees applicable)[1].

**C. The Territorial Jurisdiction**

The territorial jurisdiction of federal magistrates is demonstrated by way of **two statutes**, concurrent with jurisdiction of United States District Courts within the several

---

[1] Defendant requests the court to take mandatory judicial notice pursuant to FRE 201 of the Statutes and Authorities referenced herein.

1  States.
2      **The First**, Title 18 of the United States Code, the Code of Criminal Procedure, at
3  Section 7, in particular section 7(3) (U.S.C., 1979 edition) states:
4      *The term "special maritime and territorial jurisdiction of the United*
5      *States", as used in this title [18 U.S.C. 1 et seq.], includes:*
6      *(3) Any lands reserved or acquired for the use of the United States, and*
7      *under the exclusive or concurrent jurisdiction thereof, or any place*
8      *purchased or otherwise acquired by the United States by consent of the*
9      *legislature of the State in which the same shall be, for the erection of a*
10     *fort, magazine, arsenal, dockyard, or other needful building.*
11 **The Second**, The Buck Act, at 4 U.S.C. 110 (1995 Lawyer's Cooperative CD-ROM
12 edition) states:
13     *110. Same; definitions*
14     *As used in sections 105-109 of this title -- ...*
15     *(d) The term "State" includes any Territory or possession of the United*
16     *States.*
17     *(e) The term "Federal area" means any lands or premises held or*
18     *acquired by or for the use of the United States or any department,*
19     *establishment, or agency of the United States; and any Federal area, or*
20     *any part thereof,* **which is located within the exterior boundaries of any**
21     **State, shall be deemed to be a Federal area located within such State**.
22     [emphasis added]
23     Definition of the term "State" as included in the above cite, and as used in both
24 the United States Code and in the codes of the various States, is essential to
25 understanding that most statutes in the United States Code presume application in federal
26 "States" such as the District of Columbia, Puerto Rico, etc., and not within the several
27 States which are parties to the U.S. Constitution. The distinction in 18 U.S.C. 7(3) is
28 subtle, but becomes clearer when read very carefully: special territorial jurisdiction,

where the United States Code of Criminal Procedure is applicable, embraces: (1) "Any **lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction**," (2) "or **any place purchased or otherwise acquired** by the United States by consent of the legislature of the State in which the same shall be, **for the erection of a fort, magazine, arsenal, dockyard, or other needful building.**"

In the first instance, the United States (federal government) has exclusive or concurrent jurisdiction over any land acquired for any purpose; whereas, in the second instance, the United States (federal government) has jurisdiction only over lands which are acquired **for a constitutional purpose**, as specified in Article I, after the land has been ceded to the United States by the State Legislature. In the District of Columbia, Puerto Rico, the Virgin Islands and other United States (federal government) possessions classified as "States" in federal municipal law, Congress has unrestricted and exclusive legislative jurisdiction, pursuant to Article IV, so purchase of land for United States (federal government) use automatically comes under Congress' legislative jurisdiction, with or without consent of the State Legislative body. In the second instance, legislatures of the several States must cede jurisdiction over acquired property to the United States (federal government) before any judicial authority can be exercised.

The Buck Act definition of "State" refers to the federal "States":

The term "State" includes any Territory or possession of the United States.

A similar definition of the term is located in Rule 54 of the Federal Rules of Criminal Procedure:

> *"State" includes District of Columbia, Puerto Rico, territory and insular possession.*

Jurisdiction of United States District Courts, being limited to federal "States" and to federal enclaves within the several States, is further reinforced by another Rule 54 application:

> *"Act of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an*

1     *insular possession.*

2     The distinction between federal "States" and the several [Union] States is
3 clarified in the jurisdiction and venue statute (territorial jurisdiction) governing conduct
4 of federal courts. According to The United States Government Manual for 1995/96, at
5 page 75, this statute is 18 U.S.C. 3231 (1979 edition, U.S.C.):

6     *3231. District courts*

7     *The district courts of the United States shall have original jurisdiction,*
8     *exclusive of the courts of the States, of all offenses against the laws of the*
9     *United States.*

10     *Nothing in this title [18 U.S.C. 1 et seq.] shall be held to take away or*
11     *impair the jurisdiction of the courts of the several States under the laws*
12     *thereof.*

13     The first paragraph mentions the "**district courts of the United States**"
14 ("DCUS") but fails to mention the **United States District Courts** ("USDC"). Inclusio
15 unius est exclusio alterius. They are not one and the same.

16     **Proof of the distinction between the federal "States" and the several [Union]**
17 States is found in the legislative history for 18 U.S.C. 3241, again using the 1979 edition
18 of the United States Code ("U.S.C."), to wit:

19     *3241. Jurisdiction of offenses under certain sections*

20     *The* **United States District Court** *for the Canal Zone and the* **District**
21     **Court of the Virgin Islands** *shall have jurisdiction of offenses under the*
22     *laws of the United States, not locally inapplicable, concurrently within the*
23     **territorial jurisdiction** *of such courts, and jurisdiction,* **concurrently**
24     **with the district courts of the United States,** *of offenses against the laws*
25     *of the United States committed upon the high seas. (emphasis added)*

26     At various times, other territorial courts were included in this statute. The district
27 court of the Philippines was removed in 1946 when the island nation became an
28 independent commonwealth; then "Act July 7, 1958 deleted 'District Court for the

Territory of Alaska'...." In other words, up until the point at which Alaska was admitted to the Union, that Territory was considered a federal "State." Once admitted to the Union, Alaskan courts no longer qualified as courts of the United States. State courts, because of Tenth and Eleventh Amendments and the Separation of Powers Doctrine, could not legitimately exercise any federal authority. The Canal Zone district court has been removed from this statute since the 1979 U.S.C. edition was published, so the **District Court of the Virgin Islands is the only remaining federal "State" court that exercises concurrent jurisdiction with District Courts of the United States ("DCUS") under 18 U.S.C. 3241.**

We turn now to the "special territorial" jurisdiction found at 18 U.S.C. 7(3) by way of examining the evolution of what are today known as "federal magistrate judges", formerly known as "federal magistrates", and before that, as "national park commissioners". The first selection comes from historic and amendment notes following 28 U.S.C. 631, which provides for appointment and tenure of federal magistrate judges (1995 Lawyer's Cooperative CD-ROM edition of U.S.C.):

> *1979. Act Oct. 10, 1979, in subsec. (a), substituted*
>
> *"Where the conference deems it desirable, a magistrate may be designated to serve in one or more districts adjoining the district for which he is appointed. Such a designation shall be made by the concurrence of a majority of the judges of each of the district courts involved and shall specify the duties to be performed by the magistrate in the adjoining district or districts." for "Where an area under the administration of the National Park Service, or the United States Fish and Wildlife Service, or any other Federal agency, extends into two or more judicial districts and it is deemed desirable by the conference that the territorial jurisdiction of a magistrate's appointment include the entirety of such area, the appointment or reappointment shall be made by the concurrence of a majority of all judges of the district courts of the judicial*

> *districts involved, and where there is no such concurrence by the concurrence of the chief judges of such district courts."; in subsec. (b), in the introductory matter, inserted "reappointed to", in para. (1), inserted ", and has been for at least 5 years,", in cl. (A), inserted "or", in cl. (B), deleted "or" following "Islands;" deleted cl. © which read: "in an area under the administration of the National Park Service, the United States Fish and Wildlife Service, or any other Federal agency that extends into two or more States, a member in good standing of the bar of the highest court of one of those States;"' in para. (4), substituted "; and" for a period and added para. (5), redesignated subsecs. (f)ü(j) as subsecs. (g)ü(k) respectively; and added new subsec. (f).*
>
> *[emphasis added]*

Common Law supports the evidence, herein:

    Powers and duties were coextensive with limits of judicial district in which he was appointed. United States v. Harden, 10 F 802 (D.C. N.C., 1881); United States v. Stern, 177 F 479 (D.C. Pa. 1910).

    Purpose of Federal Magistrates Act, 28 U.S.C. 631 et seq., was to provide method to relieve judges of some of their non-Article III functions. United States v. First National Bank of Rush, 576 F.2d 852 (10th Cir., 1978), 78-1 USTC 9462, 42 AFTR 2d 78-5049.

    Purpose of Federal Magistrates Act (28 U.S.C. 631-638) is to remove from workload of United States District Courts matters which are more desirably performed by lower tier of judicial officers. United States v. Richardson, 57 FRD 196 (D.C. N.Y., 1972).

    Evolution of the federal magistrate judge demonstrates that he is merely a national park commissioner, who is a bar-licensed attorney, and his territorial jurisdiction is concurrent with jurisdiction of the United States District Court ("USDC") where he serves as previously demonstrated via 18 U.S.C. 7(3) and 4 U.S.C. 110(d) & (e). In the

federal "States", United States District Court venue and jurisdiction may extend to national parks and other lands retained by the United States, but in the several States which are parties to the U.S. Constitution, United States territorial authority may be exercised only on federal enclaves, i.e. lands ceded to the United States by legislatures of the several States, "for the erection of a fort, magazine, arsenal, dockyard, or other needful building" (1979 edition, U.S.C.). There is, and was, no constitutional authority for Congress to retain land for the United States, as was the case in Oklahoma, Colorado, Nevada, Alaska, etc., in States admitted to the Union subsequent to the Civil War. Nevada appears to be leading the charge on this issue, namely, the right of the United States (federal government) to retain land in the several States other than for constitutional purposes; and it is clear, by distinctly separate authorities pertaining to federal "States" and to the several States in 18 U.S.C. 7(3) & 3231 and 4 U.S.C. 1001(d) & (e), that application of judicial authority in the United States Code of Criminal Procedure limits jurisdiction to federal enclaves which have been ceded by legislatures of the several States for constitutional purposes only.

### D. Conclusion

Based on all the above references, this court lacks territorial jurisdiction and must dismiss this action with prejudice.

### E. Prayer

Wherefore, Premises Considered, Defendant moves this court to:

a. Order a Hearing on this motion according to local rules, prior to trial
a. Dismiss this case with prejudice for lack of jurisdiction
b. Grant such other and further relief as the court deems just and proper

Respectfully submitted this 8th day of September, 2009.

_____
James Arnold: Mattatall

## CERTIFICATION UNDER PENALTY OF PERJURY

I, James Arnold: Mattatall, certify on this the 8th day of September, 2009, pursuant to 28 USC § 1746 that the foregoing is true and correct.

_____
James Arnold: Mattatall

## VERIFICATION

I certify the foregoing is true and correct under the penalty of perjury pursuant to 28 USC § 1746, that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.

_____
James Arnold: Mattatall

## CERTIFICATE OF SERVICE

On this 8th day of September, 2009, a true and correct copy of this Motion, **MOTION TO DISMISS DUE TO CHALLENGE FOR LACK OF TERRITORIAL JURISDICTION AND DEMAND FOR A HEARING,** was sent to the opposing attorneys of record by first class mail, postage prepaid or better.

*James Arnold: Mattatall*

THOMAS P. O'BRIEN
United States Attorney
SANDRA BROWN
Assistant United States Attorney
ROBERT CONTE
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles California 90012

Certified Mail Number: <u>7009 0960 0001 1154 0924</u>

MICHAEL R. PAHL
Mn. Bar. No. 0234539
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044

Certified Mail Number: <u>7009 0960 0001 1154 0931</u>