O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 03-07016 DDP (PJWx) |
| Plaintiff, | ) | **ORDER GRANTING GOVERNMENT'S MOTION TO QUASH CRIMINAL TRIAL SUBPOENAS** |
| v. | ) | |
| JAMES A. MATTATALL, | ) | [Motion filed on September 4, 2009] |
| Defendant. | ) | |

Defendant James A. Mattatall ("Defendant"), a tax protester, has been charged with criminal contempt for willfully violating the Second Amended Injunction (SAI) entered against him on August 17, 2004. The SAI prohibits Defendant from preparing federal income tax returns for other persons and from representing other persons before the Internal Revenue Service (IRS), among other things. Defendant's trial date is set for September 15, 2009.

On August 28, 2009, approximately seventeen days before Defendant's trial date, Defendant hand delivered four identical subpoenas to Government counsel. (Mot. 2:11-13.) Many of Defendant's requests for information have already been satisfied by the Government, which has produced over 2100 pages of discovery relating to the charges against Defendant, as well as the audio

records of Defendant it intends to rely on at trial.  (Mot. 4:10-17.)

In addition, Defendant's requests seek such items as: (1) "all records proving that Public Law 80-722" was passed by Congress, (request no. 6); (2) "[a]ll records in all government agencies pertaining to the Defendant including . . . the CIA, the FBI, the NSA, the President's Office," (request no. 10); (3) "[c]ertified copies of all records which show that the federal courts and federal judges are registered with Dun & Bradstreet as corporations for profit," (request no. 19); and (4) "[c]ertification that the federal district courts are Constitutional courts, not administrative courts, and that federal district court judges are Article III judges," (request no. 20).

In order to prevail on a motion to quash, Defendant must show that his subpoenas seek information that (1) is evidentiary and relevant; (2) cannot otherwise be procured by exercise of due diligence; (3) is necessary to properly prepare for trial; and (4) is sought in good faith and not part of a general "fishing expedition."  See United States v. Nixon, 418 U.S. 683, 699-700 (1973).

To the extent that Defendant's subpoenas seek information pertaining to the charges against him, Defendant has failed to show that the information has not otherwise been obtained through discovery.  To the extent that Defendant's subpoenas seek information pertaining to the legitimacy of Article III judges, CIA records, the passage of public laws, and other plainly frivolous matters, the Court finds that they are (1) not relevant, (2) not necessary for trial preparation, and (3) not sought in good faith.

2

Defendant complains that the Government has not given him adequate time to respond to its motion. (See Opp 1:22-24.) Defendant requests that the Court postpone his trial pending resolution on the Government's motion. (Id. 2:1-3.) However, Defendant has placed himself in the position in which he now finds himself by serving the Government with plainly frivolous subpoenas at the eleventh hour. Because Defendant has not set forth any facts justifying a continuance, the Court denies his request.

For the foregoing reasons, the Court grants the Government's Motion to Quash Criminal Trial Subpoenas and denies Defendant's request for a continuance of the trial date.

IT IS SO ORDERED.

Dated: September 10, 2009

DEAN D. PREGERSON
United States District Judge