GEORGE S. CARDONA
Acting United States Attorney
SANDRA BROWN
Assistant United States Attorney
Chief, Tax Division
ROBERT CONTE
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-6607/2454
Facsimile:   (213) 894-0115
robert.conte@usdoj.gov

MICHAEL R. PAHL
Mn. Bar. No. 0234539
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6488
Facsimile: (202) 514-6770
michael.r.pahl@usdoj.gov
Attorney for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| United States,<br><br>        Plaintiff,<br><br>v.<br><br>James A. Mattatall,<br><br>        Defendant. | Case No.  CV03-07016<br>    DDP (PJWx)<br><br>United States' Memorandum of Points and Authorities in Opposition to Mattatall's Motion for Enlargement of Time to File a Motion for Judgment of Acquittal or for a New Trial<br><br>Hearing: October 19, 2009<br>10:00 a.m.<br>Courtroom: No. 3, 2nd Floor<br><br>Judge Dean D. Pregerson |

4667747.1

**Introduction**

Because the issues in this criminal contempt case are not complex and because Mattatall has not demonstrated why a certified transcript is needed for his Rule 29 and Rule 33 motions, this Court should deny Mattatall's motion for enlargement of time to file a motion for judgment of acquittal or for a new trial.

**Facts**

On September 15, 2009, this Court held a one-day trial and entered a judgment of conviction, finding Mattatall guilty of criminal contempt.[1]  At trial, the government called six of Mattatall's customers, all of whom testified that Mattatall prepared their federal tax returns.  The government also called two IRS employees before whom Mattatall had appeared and represented customers.  The government also called an IRS special agent to testify regarding Mattatall's return preparation.

The government also moved into evidence certified copies of federal tax returns containing Mattatall's name, address, social security number, and other identifying information, as well as documents relating to Mattatall's representation of customers before the IRS.  In addition, the government moved into evidence and published to the Court a CD-Rom recording of Mattatall's representation of a customer before the IRS.  Defendant received copies of all the government's exhibits.

At the close of the evidence, the Court made extensive findings on the record that the government's witnesses were credible and that Mattatall had continually and repeatedly violated the Second Amendment Injunction by preparing federal tax returns and representing persons before the IRS, and that Mattatall concealed his role by failing to sign certain returns he prepared and using a false name before the IRS.

On September 22, 2009, within the seven-day period required under Fed. R.

---

[1]Docket No. 142.

4667747.1

of Crim. P. Rules 29 and 33, Mattatall filed a motion for extension of time to file a judgment of acquittal or for a new trial.[2]  Without providing any argument as to why a transcript of the proceedings is needed, Mattatall asserts that he is "waiting on certified transcripts of the trial proceedings so that he may properly file his motion."[3]  Because this case is not complex and because Mattatall has made no showing that obtaining certified transcripts will aid him in meeting his high burden for a judgment of acquittal or for a new trial, Mattatall's motion should be denied.

## Legal Argument

As summarized above, this case is not complex.  The government presented overwhelming evidence that Mattatall repeatedly violated the Second Amended Injunction by continuing to prepare federal tax returns and by representing persons before the IRS.  Mattatall's defense was primarily legal, and limited to what the Court characterized in its extensive findings on the record as "word games" relating to Mattatall's claim that he was a "consultant," not a "tax preparer," and "counsel," not a "representative," for persons appearing before the IRS.

Mattatall now seeks an enlargement of time to file a motion for judgment of acquittal and for a new trial, asserting that he must have "certified transcripts of the trial proceedings so that he may properly file his motion."[4]  As noted above, Mattatall's defense was primarily legal, involving his interpretation of the Internal Revenue Code and other terms for which a transcript of the proceedings is not needed.  Moreover, Mattatall has not set forth in his present motion any fact or argument that even suggests he can satisfy his high burden of obtaining a judgment of acquittal or new trial.  Further, he has not shown how any portion of the

---

[2]Docket No. 144.

[3]*Id.* at 1.

[4]*Id.* at 1.

4667747.1

transcript might assist him in making his arguments.  For these reasons, Mattatall's
motion should be denied.

Rule 29(a) requires this court to grant a motion for judgment of acquittal "if
the evidence is insufficient to sustain a conviction."[5] On a motion for judgment of
acquittal under Rule 29, courts must view the evidence in the light most favorable
to the Government, deciding whether a rational jury could have found the
defendant guilty beyond a reasonable doubt.[6]  Otherwise stated, a "Rule 29
judgment of acquittal is a substantive determination that the prosecution has failed
to carry its burden."[7]

Here, viewing the evidence in a light most favorable to the Government,
there is overwhelming evidence that Mattatall violated the Second Amended
Injunction.  Mattatall has not shown how obtaining a certified transcript, thus
delaying resolution of this case, is necessary for him to effectively argue that the
government failed to carry its burden or that the evidence was insufficient to
support a finding of guilt for Rule 29 purposes.

Nor has Mattatall explained why he needs a certified transcript to meet his
heavy burden of moving for a new trial under Fed. R. Crim. P. Rule 33.  A motion
for a new trial "should be granted only in exceptional cases in which the evidence

---

[5]Fed. R. Crim. P. 29(a).

[6]See *United States v. Hazeem*, 679 F.2d 770, 772 (9th Cir.). *Accord Jackson v. Virginia*,
443 U.S. 307, 319 (1979)("when deciding a motion based on alleged insufficiency of the
evidence, the relevant question is whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt"); *United States v. Disla*, 805 F.2d 1340, 1348 (9th Cir.1986) ("A
conviction is supported by the evidence if, viewing the evidence in the light most favorable to
the government and drawing all reasonable inferences, there was relevant evidence from which
the jury could reasonably have found the defendant guilty beyond a reasonable doubt"); *United
States v. Cusino*, 694 F.2d 185, 187 (9th Cir.1982).

[7]*Smith v. Massachusetts*, 543 U.S. 462, 466 (2005).

4667747.1

preponderates heavily against the verdict."[8]  As noted above, the evidence against Mattatall clearly supports the verdict, and he has not demonstrated how obtaining the transcript will enable him to show otherwise.

### Conclusion

Mattatall has not set forth any facts or argument establishing that he needs a certified transcript to prepare his Rule 29 and Rule 33 motions.  For this reason, Mattatall's motion should be denied.

DATED: September 25, 2009.

GEORGE S. CARDONA
Acting United States Attorney

s/Michael R. Pahl
MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6488

---

[8]*United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir.1984).

4667747.1

1

**PROOF OF SERVICE BY MAILING**

2    I am over the age of 18 and not a party to the within action.  I
3  am employed by the Office of the United States Attorney, Central
4  District of California.  My business address is 300 North Los Angeles
5  Street, Suite 7211, Los Angeles, California 90012.

6    On **September 25, 2009**, I served **Memorandum of Points and**
7  **Authorities in Opposition to Mattatall's Motion** on each person or
8  entity name below by enclosing a copy in an envelope addressed as
9  shown below and placing the envelope for collection and mailing on the
10 date and at the place shown below following our ordinary office
11 practices.  I am readily familiar with the practice of this office for
12 collection and processing correspondence for mailing.  On the same day
13 that correspondence is placed for collection and mailing, it is
14 deposited in the ordinary course of business with the United States
15 Postal Service in a sealed envelope with postage fully prepaid.  Date
16 of mailing: **September 25, 2009**

17    Place of mailing: Los Angeles, California.

18 **James A. Mattatall**
19 1880 West Carson Street #F-349
   Torrance, CA 90503
20

21
22 I declare under penalty of perjury under the laws of the United States
23 of America that the foregoing is true and correct.

24    I declare that I am employed in the office of a member of the bar
25 of this court at whose direction the service was made.

26    Executed on: **September 25, 2009**, Los Angeles, California.

27

28
                                    /s/
                                 **Amanda Carrillo**